UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X   Case No. 1:25-cv-03127-PKC-LKE
LOUIS GACHELIN and
DEBORAH ABRAHAMS,

                             Plaintiffs,                       **ANSWER**

       -against-

KAVULICH & ASSOCIATES, P.C.,
GARY KAVULICH,
RENAISSANCE EQUITY HOLDINGS LLC D,
HASHEM HUSSEIN, and
A & F PROCESS SERVICE, INC. d/b/a
ALLIED PROCESS SERVICE,

                             Defendants.
--------------------------------------------------------------------X

       Kavulich & Associates, P.C., and Gary Kavulich (the "defendants" or "answering defendants"), by their attorneys, answers Louis Gachelin's and Deborah Abraham's (the "plaintiffs") complaint (the "Complaint") as follows:

## COMPLAINT AND JURY DEMAND

       Defendants acknowledge plaintiffs' claims pursuant to the Fair Debt Collection Practice Act 1692, 15 U.S.C. §1692 *et. sec.*, New York General Business Law §349 and New York Judiciary Law §487, but deny violations of any named statutes as alleged in the Complaint.

## SUMMARY OF CLAIMS

       The summary of claims contained in the Complaint is inaccurate, exaggerated, and unsubstantiated conjecture as it pertains to the answering defendants. Defendants acted appropriately, reasonable under the circumstances and in accordance with applicable law, in its efforts to collect the alleged debt from the plaintiffs.

## JURISDICTION AND VENUE

1.     Defendants admit the allegations contained in paragraph 1 of the Complaint.

2.     Defendants admit the allegations contained in paragraph 2 of the Complaint.

3.  Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.  Defendants admit the allegations contained in paragraph 4 of the Complaint.

## THE PARTIES

5.  Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 5 of the Complaint.

6.  Defendants admit the allegations contained in paragraph 6 of the Complaint.

7.  Defendants admit the allegations contained in paragraph 7 of the Complaint.

8.  Defendants admit the allegations contained in paragraph 8 of the Complaint to the extent that Renaissance was the plaintiff in the collection lawsuit commenced against Mr. Gachelin and Ms. Abrahams.

9.  Defendants admit the allegations contained in paragraph 9 of the Complaint.

10.  Defendants admit the allegations contained in paragraph 10 of the Complaint.

11.  Defendants admit that they collect rental arrears but otherwise deny the allegations contained in paragraph 11 of the Complaint.

12.  Defendants admit that Kavulich is an individual residing in the State of New York, admit that Kavulich is the principal of the P.C. but otherwise deny the allegations contained in paragraph 12 of the Complaint.

13.  Defendants admit representing landlords but otherwise deny the allegations contained in paragraph 13 of the Complaint.

14.  Defendants admit that they are debt collectors but otherwise deny the allegations contained in paragraph 14 of the Complaint.

15.  Defendants admit that they were acting as agents of the landlord with respect to the claim against the plaintiffs but otherwise deny the allegations contained in paragraph 15 of the Complaint.

16.    Defendants admit that defendant Hussein allegedly served Mr. Gachelin and Ms. Abrahams in 2023, but otherwise deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 16 of the Complaint.

17.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 17 of the Complaint.

## STATEMENT OF FACTS

18.    Defendants admit the allegations contained in paragraph 18 of the Complaint.

19.    Defendants admit the allegations contained in paragraph 19 of the Complaint.

20.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 20 of the Complaint.

21.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 21 of the Complaint.

22.    Defendants do not challenge the authenticity of Exhibit "A" but have no personal knowledge concerning that document.

23.    Defendants do not challenge the authenticity of Exhibit "A" but have no personal knowledge concerning that document.

24.    Defendants admit that the answering defendants filed the complaint referenced as Exhibit "B" in Kings County Civil Court on June 27, 2023, but otherwise deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 24 of the Complaint.

25.    Defendants admit that the collection lawsuit alleged that Mr. Gachelin and Ms. Abrahams owed $23,940.39 and that Mr. Gachelin and Ms. Abrahams stayed in possession of the unit beyond the expiration of their lease, but otherwise deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendants deny that the Kavulich defendants used a false affidavit of service to seek to enter a default judgment against the plaintiffs and otherwise deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 26 the Complaint.

27.     Defendants do not challenge the authenticity of Exhibit "C" but have no personal knowledge concerning that document.

28.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 28 of the Complaint.

29.     Defendants admit that Kavulich filed a motion for a default judgment on Renaissance's behalf on June 4, 2024, but otherwise deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 29 of the Complaint.

30.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny any assertion that the Kavulich defendants attempted to pressure Mr. Gachelin and Ms. Abrahams into "signing some papers", and otherwise deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 33 of the Complaint.

34.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 35 of the Complaint.

36.    Defendants admit that the collection lawsuit was discontinued with prejudice via the order dated January 21, 2025 ("discontinued on consent"), but otherwise deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 36 of the Complaint.

37.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 37 of the Complaint.

38.    Defendants admit that Kavulich represents the Renaissance-entities on a number of collection lawsuits, but otherwise deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 38 of the Complaint.

39.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 39 of the Complaint.

40.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 40 of the Complaint.

41.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 41 of the Complaint.

42.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 42 of the Complaint.

43.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 43 of the Complaint.

44.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 44 of the Complaint.

45.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 45 of the Complaint.

46.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 46 of the Complaint.

47.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 47 of the Complaint.

48.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 48 of the Complaint.

49.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 49 of the Complaint.

50.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 50 of the Complaint.

51.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 51 of the Complaint.

52.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 52 of the Complaint.

53.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 53 of the Complaint.

54.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 54 of the Complaint.

55.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 55 of the Complaint.

56.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 56 of the Complaint.

57.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 57 of the Complaint.

58.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 58 of the Complaint.

59.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 59 of the Complaint.

60.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 60 of the Complaint.

61.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 61 of the Complaint.

62.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 62 of the Complaint.

63.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 63 of the Complaint.

64.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 64 of the Complaint.

65.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 65 of the Complaint.

66.    Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.    Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.    Defendants admit being sued previously by other plaintiffs but otherwise deny the allegations contained in paragraph 68 of the Complaint.

69.    Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.    Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.    Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.    Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.    Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.    Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.    Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 76 of the Complaint.

77.    Defendants admit the allegations contained in paragraph 77 of the Complaint.

78.    Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.    Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.    Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.    Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.    Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.    Defendants acknowledge the authenticity of the citation contained in paragraph 83 of the Complaint.

84.    Defendants acknowledge the authenticity of the citation contained in paragraph 84 of the Complaint.

85.    Defendants admit the allegations contained in paragraph 85 of the Complaint.

86.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 86 of the Complaint.

87.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 87 of the Complaint.

88.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 88 of the Complaint.

89.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 89 of the Complaint.

90.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 90 of the Complaint.

91.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 91 of the Complaint.

92.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 92 of the Complaint.

93.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 93 of the Complaint.

94.     Defendants admit the allegations contained in paragraph 94 of the Complaint.

95.     Defendants acknowledge that a Court decision was rendered in the case cited in paragraph 95 of the Complaint, but respectfully refer the Court to the entire decision for its full holding.

96.     Defendants acknowledge that a Court decision was rendered in the case cited in paragraph 96 of the Complaint, but respectfully refer the Court to the entire decision for its full holding.

97.     Defendants acknowledge that a Court decision was rendered in the case cited in paragraph 97 of the Complaint, but respectfully refer the Court to the entire decision for its full holding.

98.     Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.     Defendants respectfully refer the Court to the actual Court decision referenced in paragraph 99 of the Complaint, for its exact wording.

100. Defendants deny plaintiffs' assertion that the Kavulich defendants attempted to coerce Mr. Gachelin and Ms. Abrahams into signing certain papers, and otherwise deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 100 of the Complaint.

101.  Defendants deny the allegations contained in paragraph 101 of the Complaint.

102.  Defendants deny the allegations contained in paragraph 102 of the Complaint.

103.  Defendants deny the allegations contained in paragraph 103 of the Complaint.

## CLAIMS
## FIRST COUNT

104.  Defendants repeat and reallege their previous admissions and denials contained in paragraphs 1 through 103 of the Complaint.

105.  Paragraph 105 of the Complaint contains no factual allegations directed against the answering defendants and does not require admissions or denials.

106.  Paragraph 106 of the Complaint contains no factual allegations directed against the answering defendants and does not require admissions or denials.

107.  Defendants admit the allegations contained in paragraph 107 of the Complaint.

108.  Defendants admit the allegations contained in paragraph 108 of the Complaint.

109.  Defendants admit the allegations contained in paragraph 109 of the Complaint.

110.  Defendants deny the allegations contained in paragraph 110 of the Complaint.

111.  Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.  Defendants deny the allegations contained in paragraph 112 of the Complaint.

113.  Defendants deny the allegations contained in paragraph 113 of the Complaint.

114.  Defendants deny the allegations contained in paragraph 114 of the Complaint.

115.  Defendants deny the allegations contained in paragraph 115 of the Complaint.

## SECOND COUNT

116.  Defendants repeat and reallege their previous admissions and denials contained in paragraphs 1 through 115 of the Complaint.

117.  Paragraph 117 of the Complaint contains no factual allegations directed against the answering defendants and does not require admissions or denials.

118.  Defendants deny the allegations contained in paragraph 118 of the Complaint.

119.  Defendants deny the allegations contained in paragraph 119 of the Complaint.

120.  Defendants deny the allegations contained in paragraph 120 of the Complaint.

121.  Defendants deny the allegations contained in paragraph 121 of the Complaint.

122.  Defendants deny the allegations contained in paragraph 122 of the Complaint.

123.  Defendants deny the allegations contained in paragraph 123 of the Complaint.

124.  Defendants deny the allegations contained in paragraph 124 of the Complaint.

125.  Defendants deny the allegations contained in paragraph 125 of the Complaint.

126.  Defendants deny the allegations contained in paragraph 126 of the Complaint.

127.  Defendants deny the allegations contained in paragraph 127 of the Complaint.

128.  Defendants deny the allegations contained in paragraph 128 of the Complaint.

### THIRD COUNT

129.   Defendants repeat and reallege their previous admissions and denials contained in paragraphs 1 through 128 of the Complaint.

130.  Defendants deny the allegations contained in paragraph 130 of the Complaint.

131.  Defendants deny the allegations contained in paragraph 131 of the Complaint.

132.  Defendants deny the allegations contained in paragraph 132 of the Complaint.

133.  Defendants deny the allegations contained in paragraph 133 of the Complaint.

### FOURTH COUNT

134.  Defendants repeat and reallege their previous admissions and denials contained in paragraphs 1 through 133 of the Complaint.

135.   Paragraph 135 of the Complaint contains no factual allegations directed against the answering defendants and does not require admissions or denials.

136.   Paragraph 136 of the Complaint contains no factual allegations directed against the answering defendants and does not require admissions or denials.

137.   Defendants deny the allegations contained in paragraph 137 of the Complaint.

## FIFTH COUNT

138.   Paragraph 138 of the Complaint contains no factual allegations directed against the answering defendants and does not require admissions or denials.

139.   Paragraph 139 of the Complaint contains no factual allegations directed against the answering defendants and does not require admissions or denials.

140.   Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 140 of the Complaint.

141.   Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 141 of the Complaint.

## AFFIRMATIVE DEFENSES
## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

142.    The Complaint fails to state a claim which may be granted against the answering defendants for the following reasons: (1) The falsity of relevant allegations set forth in the Complaint; (2) The lack of materiality to any false, deceptive, or misleading representation or means employed by the answering defendants; and (3) The actions and/or statements made by the defendants, even if false, could not have deceived or mislead the plaintiffs or even the "least sophisticated consumer."

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

143.   Plaintiffs' claims are barred in whole or in part due to the passage of the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

144.  Plaintiffs have failed to mitigate their own damages; and all or a portion of any actual damages sustained by the plaintiffs were the result of their own culpable conduct.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

145.  To the extent that plaintiffs have suffered any injury or damages, they have not suffered any injury or damages attributable to any conduct on the part of the answering defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

146.  To the extent that a violation of any provision of 15 USC §1692 occurred, which violation is expressly denied, such violation was not intentional and resulted from a *bona fide* error notwithstanding reasonable procedures adopted to avoid any such error.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

147.  To the extent that a violation of any provision of 15 USC §1692 occurred, which violation is expressly denied, such violation was the result of acts of non-agents, or agents acting outside the scope of their authority.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

148.  Answering defendants lacked malice and/or the requisite intent to establish a claim for punitive damages. The Complaint fails to specify willful or wanton conduct on the part of the answering defendants and, therefore, plaintiffs' claims for punitive damages must fail.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

149.  Plaintiffs' recovery of any purported damages must be reduced under the doctrines of setoff and/or recoupment.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

150.  Answering defendants did not owe a duty of care to the plaintiffs, and no duty of care was breached.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

151.  Defendants are entitled to an allocation of fault by the trier of fact between them and any other defendant and/or non-parties whom the evidence indicates caused or contributed to cause the alleged occurrence(s) referenced by the plaintiffs in the Complaint.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

152.  Plaintiffs' claims are barred in whole or in part by the affirmative defenses of waiver, estoppel, and laches.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

153.  Defendants' reserve the right to assert any additional defenses and/or supplement and amend this answer upon the discovery of more definite facts as it relates to the claims asserted in the Complaint.

**WHEREFORE**, answering defendants respectfully request that this Court enter judgment herein dismissing plaintiffs' claims against them in their entirety, together with such other, further and different relief as this Court deems just and proper.

Dated:  Port Chester, NY 10573
August 5, 2025

/s/ Gary Kavulich
Kavulich & Associates, P.C.
By: Gary M. Kavulich, Esq.
181 Westchester Ave., Suite 301B
Port Chester, NY 10573
Tel: (914) 355-2074
Fax: (914) 355-2078
*Attorneys for Defendants Kavulich &*
*Associates P.C., and Gary Kavulich*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 5th day of August, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the same to all counsel of record.

*/s/ Gary M. Kavulich*
Gary M. Kavulich, Esq.

Case No. 1:25-cv-03127-PKC-LKE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LOUIS GACHELIN and
DEBORAH ABRAHAMS,

                                    Plaintiffs,

       -against-

KAVULICH & ASSOCIATES, P.C.,
GARY KAVULICH,
RENAISSANCE EQUITY HOLDINGS LLC D,
HASHEM HUSSEIN, and
A & F PROCESS SERVICE, INC. d/b/a
ALLIED PROCESS SERVICE,

                                    Defendants.

---

**ANSWER**

---

                                         /s/ Gary M. Kavulich
Print Name Beneath -                     Gary M. Kavulich, Esq.

---

Kavulich & Associates, P.C.
181 Westchester Ave., Suite 301B
Port Chester, NY 10573
Tel: (914) 355-2074
*Attorneys for Defendants Kavulich & Associates P.C.,*
*and Gary Kavulich*