

Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, NY 10038
(347) 682-5075
allen@allenschwartzlaw.com

**VIA ECF**                                                                          August 27, 2025

Honorable Pamela K. Chen
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
   **Re:** *Gachelin et al v. Kavulich & Associates, P.C. et al*, **1:25-cv-03127-PKC-LKE**

Dear Judge Chen:

   I am counsel to Defendant Renaissance Equity Holdings LLC D ("**Renaissance**"). I write pursuant to Individual Rule 3(A) regarding Renaissance's motion pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9 seeking to dismiss Plaintiffs' two claims against Renaissance. ECF 1.[1] Plaintiffs Louis Galechin and Laura Abraham ("**Plaintiffs**") allege that they were tenants at a real property owned by Renaissance located in Brooklyn, New York and that they vacated the premises pursuant to a stipulation in which Renaissance waived all claims against them for arrears. *Id.* at ¶¶ 18-23. Plaintiffs claim that Renaissance used the law firm of Kavulich & Kavulich P.C. and its principal, Gary Kavulich ("**Kavulich**") to handle all but 8 of its 181 collection suits filed in 2023, including the suit at issue. *Id.* at ¶ 38. Kavulich, Plaintiffs allege, filed a lawsuit seeking to collect the arrears despite the contractual release and waiver. *Id.* at ¶¶ 24-25. Though Plaintiffs do not allege that Kavulich otherwise improperly attempted to collect Renaissance's debts (or that Renaissance otherwise ever improperly attempted to collect a debt), they allege that Kavulich, a licensed attorney, has a history of improperly collecting debt reflected in various judicial decisions, and that Kavulich used a process server with an alleged history of fraudulent service. *Id.* at ¶¶ 50-99. After Kavulich filed a lawsuit for the released arrears in Kings County Civil Court, (ECF 1-2), he allegedly moved for a default judgment based on an improper service by the process server who Plaintiffs claim regularly engages in improper service. ECF 1 at ¶ 26. Plaintiffs were allegedly forced to travel to New York to defeat the default judgment motion and get the case dismissed, and in addition to these travel costs, they allegedly suffered emotional distress. *Id.* at ¶¶ 33, 36, 39-49.

   Plaintiffs do not plausibly allege a gross negligence claim against Renaissance, which requires Plaintiffs to plausibly allege that Renaissance owed them a duty, that it breached that duty, that they were injured and that Renaissances' conduct "evinces a reckless disregard for the rights of others or 'smacks of intentional wrongdoing." *Am. Tel. & Tel. Co. v. City of New York*, 83 F.3d 549, 556 (2nd Cir. 1996) (quotation omitted). "Gross negligence" arises "where there

---

[1] Plaintiffs bring two claims against Renaissance: allegedly violating GBL § 349 (count three) and for gross negligence (count four). Plaintiffs seek punitive damages against Renaissance.

where there is a reckless indifference to the safety of human life or an intentional failure to perform a manifest duty to the public . . . ." *Charter Oak Fire Ins. Co. v. Trio Realty Co.*, No. 99 Civ. 10827 (LAP), 2002 U.S. Dist. LEXIS 1442, *4 (S.D.N.Y. Jan. 31, 2002) (citation omitted).

The gravamen of Plaintiffs' claim against Renaissance is that it attempted to collect arrears that it had already released via contract—in other words, that it breached its contractual obligations. "[A] breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." *Henry v Capital One, N.A.*, No. 22-1088, 2023 U.S. App. LEXIS 15021, at *5 (2d Cir. June 16, 2023) (summary order) (quoting *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 389 (1987)); *See also Dormitory Auth. of the State of NY v Samson Constr. Co.*, 30 N.Y.3d 704, 711 (2018). "[T]he allegations that a breach of contract occurred as a result of gross negligence do[] not give rise to a duty independent of the contractual relationship." *Henry*, 2023 U.S. App. LEXIS 15021, at *5 (quoting *Abacus Fed. Sav. Bank v. ADT Sec. Servs., Inc.*, 18 N.Y.3d 675, 684-85 (2012)). Plaintiffs allege no independent legal duty at all, let alone one that would render a breach of a contract into a tort claim. "[A]t base, [Plaintiffs'][] gross negligence claim seeks to enforce a contractual bargain by other means." *Serengeti Express, LLC v JP Morgan Chase Bank, N.A.*, No. 19-cv-5487 (PKC), 2020 U.S. Dist. LEXIS 81151, at *9 (S.D.N.Y. May 7, 2020).[2]

Further, Plaintiffs allege that Renaissance acted intentionally which bars a gross negligence claim.[3] Alleged intentional conduct cannot support a negligence or gross negligence claim. *Onfroy v The Law Offs. of Geoffrey T. Mott, P.C.*, 751 F Supp. 3d 195, 205 (E.D.N.Y. 2024) (dismissing negligence and gross negligence claim against landlord who filed two lawsuits seeking to collect the same debt because the conduct was alleged to be intentional). And even if not alleged to be unintentional, none of the allegations as against Renaissance plausibly allege anything that would amount to gross negligence.

---

[2] Further, "[t]o the extent that the Plaintiff is alleging that [Plaintiffs] violated the FDCPA due to an agency relationship with the Debt Collectors, a creditor that is not itself a debt collector is not vicariously liable for the actions of a debt collector it has engaged to collect its debts." *Doherty v Citibank (S.D.) N.A.*, 375 F. Supp. 2d 158, 162 (E.D.N.Y. 2005) (citations and quotations omitted). And to the extent that Plaintiffs allege that "given the public records of the systematic debt collection violations of Kavulich Defendants, the Landlord is liable for negligent hiring and supervision of Kavulich Defendants," (ECF 1 at 15), this does not support a claim. First, Plaintiffs do not actually assert a negligent hiring cause of action, which is an independent cause of action. *Lee v Albarran*, No. 7:23-cv-11215-NSR 2024 U.S. Dist. LEXIS 234944, at *6 (S.D.N.Y. Feb. 2, 2024). Second, Plaintiffs do not allege that Kavulich is Plaintiffs' employee or that he is subject to an exception that might allow a negligent hiring claim against an independent contractor. *Schiffer v Sunrise Removal, Inc.*, 62 A.D.3d 776, 778 (2d Dep't 2009). Third, Plaintiffs do not allege an independent duty owed by Renaissance beyond the contractual duty arising from the contract, i.e. the Stipulation. Fourth, Plaintiffs do not plausibly allege that Renaissance, who are not attorneys, should have been aware of various prior rulings against Kavulich in judicial decisions. Plaintiffs do not allege that Kavulich has ever been disciplined or censured by the bar for violating any ethics rules, or that Renaissance was aware of Kavulich's litigation history. They provide no factual or legal support for the proposition that Renaissance—and non-lawyers in general—must research legal decisions involving attorneys they hire before they hire them. Such a ruling would effectively mean that any client who hires an attorney previously found liable under the FDCPA would be negligently hiring that counsel, even if unaware of that history.

[3] *See e.g.*, ECF 1 at ¶ 66 ("Defendants, despite having waived their right to pursue any and all rental income arising from Ms. Gachelin's tenancy, filed the Collection Lawsuit against him in order to obtain a judgment or pressure him into a settlement.").

Plaintiffs' N.Y. GBL § 349(a) claim against Renaissance likewise fails because this is a "private landlord-tenant dispute[]" which does "not fall within the ambit of GBL § 349 . . ." *Nezry v Haven Ave. Owner LLC*, 28 Misc. 3d 1226[A], 1226A, 2010 NY Slip Op 51506[U], *10 (N.Y. Co. 2010).[4] "Private transactions not of a recurring nature or without ramifications for the general public do not fall within the purview of section 349." *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 636 (S.D.N.Y. 2008). "Courts have rejected tenants' attempts to bring Section 349 claims against their landlords arising out of private and unique landlord-tenant transactions." *Finch v Slochowsky & Slochowsky, LLP*, No. 19-CV-6273 (RPK), 2020 U.S. Dist. LEXIS 181698, at *17 (E.D.N.Y. Sep. 30, 2020). They have dismissed claims against landlords where there was no plausible allegation that "defendants are engaged in a pattern of misconduct involving other tenants." *Id.* "[T]he prosecution of an individual lawsuit — was not commercial activity directed at consumers generally, nor did it have any 'ramifications for the public at large.'" *Samms v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, 112 F. Supp. 3d 160, 167 (S.D.N.Y. 2015) (citations and quotations omitted); *Remler v Cona Elder Law, PLLC*, No. 21-CV-5176 (ARR) (LB), 2022 U.S. Dist. LEXIS 177660, at *20 (E.D.N.Y. Sep. 29, 2022). Nor do Plaintiffs allege that they were "misled by the allegedly false rent arrears and other charges claimed by defendants in the Housing Court proceedings," but instead they assert that Renaissance allegedly "misled the Housing Court" which is not a "consumer-oriented deception." *Lautman v 2800 Coyle St. Owners Corp.*, No. 13-CV-967 (ARR)(VVP), 2014 U.S. Dist. LEXIS 72703, at *26-27 (E.D.N.Y. May 23, 2014) (dismissing claim where plaintiff alleged that landlord attempted to collect un-owed rent in court).[5]

Even if the Court does not dismiss the two causes of action against Renaissance, the Court should dismiss any claim for punitive damages. There are no separate punitive damages available under the GBL. *Hobish v AXA Equit. Life Ins. Co.*, 2025 NY Slip Op 00183, *5 (2025). And as to statutory treble damages, Plaintiffs do not plausibly allege that Renaissance "willfully or knowingly violated this section." GBL § 349(h). Further, regarding the gross negligence claim, there are no factual allegations plausibly alleging "such a high degree of moral turpitude and wanton dishonesty [by Rennaisance] as to imply criminal indifference to civil obligations which is aimed at the public, generally." *Lavant v General Accident Ins. Co.*, 212 A.D.2d 450, 450 (1st Dep't 1995).

Sincerely,
/s/ Allen Schwartz, Esq.

---

[4] To state a GBL § 349 claim, a plaintiff must plausibly allege "(i) that the defendant engaged in consumer-oriented conduct, (ii) the defendant's conduct was materially misleading, and (iii) the plaintiff was injured as a result of the defendant's conduct." *Finch v Slochowsky & Slochowsky, LLP*, No. 19-CV-6273 (RPK), 2020 U.S. Dist. LEXIS 181698, at *16 (E.D.N.Y. Sep. 30, 2020).

[5] Additionally, a private right of action under N.Y. GBL § 349(a) is precluded here because N.Y. GBL § 601(8) already prohibits any "claim . . . to enforce a right with knowledge or reason to know the right does not exist." *Id.* "[P]laintiffs cannot thwart legislative intent by couching a Section 601 claim as a Section 349 claim." *Conboy v AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001). Further, the claim is duplicative of the alleged breach of contract because the alleged injury is the same as an injury arising from the alleged breach of the Stipulation. *Spagnola v Chubb Corp.*, 574 F.3d 64, 74 (2d Cir 2009).