# AHMAD KESHAVARZ
*Attorney at Law*

---

| 16 COURT ST., 26TH FLOOR<br>BROOKLYN, NY 11241-1026 | WWW.NEWYORKCONSUMERATTORNEY.COM<br>E-mail: ahmad@NewYorkConsumerAttorney.com | Telephone: (718) 522-7900<br>Fax: (877) 496-7809 |

September 3, 2025

**VIA ECF**
Judge Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Plaintiff's Opposition to Defendant Renaissance Equity Holdings LLC D's letter motion for pre-motion conference.
             *Gachelin et al. v. Kavulich and Associates, P.C. et al..,* Case 1:25-cv-03127-PKC-LKE

Dear Judge Chen:

    The undersigned represents Plaintiffs Louis Gachelin and Deborah Abrahams in the above-entitled action against alleging violations of the Fair Debt Collection Practices Act and various state law claims against debt collection law firm Kavulich and Associates, P.C., and a principal at the firm, Gary Kavulich, (collectively the "Attorney Defendants"), as well as against the process serving agency A & F Process Service, Inc. d/b/a Allied Process Service and a process server for the agency, Hashem Hussein; and state law claims based on the same nucleus of operative facts against Defendant Renaissance Equity Holdings LLC D ("Renaissance"). Plaintiffs write in opposition to Defendant Renaissance's letter motion for a pre-motion conference on a Motion to Dismiss.

    In its letter, Renaissance argues that Plaintiff fails to state claims for gross negligence and violation of New York General Business Law § 349. However, Plaintiffs adequately state each claim in their complaint, and each of Renaissance's arguments to the contrary is unavailing.

    **1.**  **Plaintiff states a claim for gross negligence.**

    First, Renaissance asserts that Plaintiffs' gross negligence claim fails to allege that Renaissance breached an independent legal duty, characterizing the 2022 settlement in landlord-tenant court as a mere contract and violation thereof as a simple breach of contract only redressable through a breach of contract claim. However, the 2022 settlement was so-ordered by Housing Court Judge Malikah Sherman. By violating the 2022 settlement, Renaissance violated a court order, breaching the legal duty of all litigants to comply with court orders.

    Second, Renaissance asserts that because Plaintiffs supposedly allege intentional misconduct, Plaintiffs' negligence claims must necessarily fail. As a preliminary matter, this misstates the content of Plaintiffs' complaint; Plaintiffs allege Defendants acted "willfully and/or knowingly," allowing for the possibility that Defendants' misconduct was willfully negligent but without specific knowledge. While Plaintiffs briefly state that Defendants' actions have "the **appearance** of intentional wrongdoing" (emphasis added), such an allegation is precisely the standard for gross negligence as articulated by the Court of Appeals under New York law: "[i]t is

1

conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing." *Colnaghi, U.S.A., Ltd. v. Jewelers Prot. Servs., Ltd.*, 81 N.Y.2d 821, 824, 611 N.E.2d 282, 284 (1993) (citing *Sommer v. Fed. Signal Corp.*, 79 N.Y.2d 540, 553, 593 N.E.2d 1365, 1370 (1992).) Even if intentional conduct categorically bars a negligence claim, Plaintiffs' claim does not rest on an allegation of intentional conduct.

Renaissance cites to a case, *Onfroy v. The Law Offices of Geoffrey T. Mott, P.C.*, 751 F.Supp.3d 195 (E.D.N.Y. 2024), in which a federal district court held that intentional conduct could not support a negligence or gross negligence claim under New York law, citing to a pair of Appellate Division cases and a Second Circuit case. However, caselaw from both the New York Court of Appeals and the Second Circuit conflicts with this proposition.

The Court of Appeals has repeatedly held that the appearance of intentional wrongdoing states a claim for gross negligence. *Colnaghi*, 81 N.Y.2d 821, 824; *Sommer*, 79 N.Y.2d 540, 553; *Kalisch-Jarcho, Inc. v. City of New York*, 58 N.Y.2d 377, 385, 448 N.E.2d 413, 416 (1983). Additionally, the Court of Appeals, citing *Colnaghi*, analogized the reckless disregard standard in another context to a finding of "general intentionality, not necessarily with intent to cause particular injury." *Campbell v. City of Elmira*, 84 N.Y.2d 505, 511, 644 N.E.2d 993, 996 (1994).

Separately, the Second Circuit case cited, *United Nat. Ins. Co. v. Tunnel, Inc.*, 988 F.2d 351 (2d Cir. 1993), only holds that *battery* and negligence are mutually exclusive. Plaintiffs do not allege actions analogous to battery; they allege a rental arrears collection scheme which is deliberately indifferent as to whether the rent sought is actually owed and as to whether the current and former tenants sued are properly served process, hardly comparable to a case in which a bouncer sent the plaintiff into a two-week coma with a fractured skull.

2. **Plaintiff states a claim for violations of GBL 349.**

Renaissance also asserts that as a matter of law, GBL § 349 does not apply to disputes between landlord and tenants. The only New York state court case on which Defendants' GBL § 349 argument relies is *Nezry v. Haven Ave. Owner LLC*, 28 Misc. 3d 1226[A], 1226A, 2010 NY Slip Op 51506[U], *10, which in turn relies exclusively on *Aguaiza v. Vantage Properties, LLC*, 69 A.D.3d 422 (App. Div. 1st Dep't 2010) for its GBL § 349 holding. But *Aguaiza* is not controlling law, does not apply to the facts here, and was incorrectly decided.

The *Aguaiza* court's ruling was based on its finding that the allegations involved private disputes between tenants and their landlords and did not constitute consumer-oriented conduct aimed at consumers at large. *Id*. This misstates the consumer-oriented requirement. The relevant inquiry is not whether the conduct at issue involves two parties, but whether the activity has the *potential* to affect consumers more broadly.

Many consumer transactions are contracts in which an individual consumer is deceived by a seller or other contracting party, but the consumer's status as an individual does not mean GBL § 349 does not apply. *See e.g., Small v. Lorillard Tobacco Co.*, Inc. 94 N.Y.2d 43 at 55 (1999) (*citing Genseco v. Koch*). GBL § 349 is a consumer-protection statue, and consumers interact with the marketplace through individual contractual dealings. In fact, many cases at both the trial and appellate level run counter to or distinguish *Aguiaza* and apply GBL § 349 to landlord tenant disputes. *23 Realty Assoc. v. Teigman*, 213 AD2d 306, 308 (1st Dept 1995) ("An apartment dweller is today viewed, functionally, as a consumer of housing services—as much a consumer as the purchaser of any other goods or services").

In *Lozano v. Grunberg,* 195 A.D.2d 308 (App. Div. 1st Dept. 1993), the court reversed the Supreme Court's dismissal of the tenant's action challenging the landlord's repeated issuance of deceptive notices as a violation of GBL § 349.  In *Myerson v. Prime Realty Services, LLC,* 7 Misc.3d 911, 921 (Sup. Ct. NY Co. 2005), the court held that repeated false demands that tenants were required to disclose their Social Security numbers was a violation of GBL § 349 and was consumer-oriented because "defendants own and manage a substantial number of rent-regulated apartments, and use the challenged forms for all lease renewals, so that the dispute is not simply a private contract dispute and generally claims involving residential units are a type of claim recognized under the statute."

After citing *Nezry*, Renaissance proceeds to federal caselaw, quoting decisions which state that "ramifications for the general public" or plausible allegations that "defendants are engaged in a pattern of misconduct involving other tenants" are required to state a GBL § 349 claim in the landlord-tenant context. Renaissance specifically cites the July 6, 2015 order in the case *Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, which dismissed a plaintiff's GBL 349 claim for failing to allege sufficient consumer-oriented conduct—but overlooks the October 21, 2015 order in the same case which reinstated Plaintiff's claim after it was amended to allege a pattern of hundreds of baseless and wrongful collection suits. *Samms*, 2015 WL 6437493 (S.D.N.Y. 2015). Plaintiffs' complaint details nearly 100 instances of facially impossible claimed service of process in a three-day period in 2023 on behalf of Renaissance entities including Renaissance Equity Holdings LLC D, targeting tenants at the sprawling Flatbush Gardens complex which the various Renaissance entities own and control. Plaintiffs' Complaint at ¶ 57-60.

### 3. **Plaintiff's demand for punitive damages should not be dismissed.**

Renaissance finally argues that Plaintiffs' claim for punitive damages should be dismissed, citing a Court of Appeals case which held punitive damages unavailable in GBL § 349 actions. However, Plaintiffs' complaint does not seek punitive damages under GBL § 349, but only under the theory of gross negligence. Renaissance additionally claims Plaintiffs do not plausibly allege what they assert is required for punitive damages on a gross negligence claim: "such a high degree of moral turpitude and wanton dishonesty as to imply criminal indifference to civil obligations which is aimed at the public, generally." But Plaintiffs allege exactly that via their allegation of nearly 100 instances of facially fraudulent service on behalf of the Renaissance entities within a single three-day period, an allegation supported by the internal records of Defendants A & F Process Service, Inc. and Hashem Hussein.

Additionally, "a motion to dismiss is addressed to a 'claim'—not to a form of damages." *Amusement Indus., Inc. v. Stern*, 693 F.Supp.2d 301, 318 n.5 (S.D.N.Y. 2010). Because there is "no independent cause of action for punitive damages under New York law," Renaissance's Motion to Dismiss is "procedurally premature" with respect to the issue of punitive damages under Plaintiff's gross negligence claim. *Okyere v. Palisades Collection, LLC*, 961 F.Supp.2d 522, 536 (quoting *Innovative Networks, Inc. v. Satellite Airlines Ticketing Ctrs., Inc.*, 871 F.Supp. 709, 731-32 (S.D.N.Y. 1995)).

The undersigned thanks the Court for its consideration.

Sincerely,
/s/
Ahmad Keshavarz