

Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, NY 10038
(347) 682-5075
allen@allenschwartzlaw.com

**VIA ECF**  September 29, 2025

Honorable Lara K. Eshkenzai
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Gachelin et al v. Kavulich & Associates, P.C. et al*, 1:25-cv-03127-PKC-LKE

Dear Judge Eshkenzai:

I represent Defendant Renaissance Equity Holdings LLC D ("Renaissance"). Renaissance writes this letter motion to respectfully request that the Court stay discovery pending the resolution of its request for a pre-motion conference in advance of its forthcoming motion to dismiss (the "Pre-Motion Letter"). I was able to confer with Plaintiffs' counsel, who stated that they would oppose a stay, while Defendants Kavulich & Associates, P.C., Gary Kavulich and A & F Process Service, Inc. have informed me that they do not oppose a stay. Counsel made multiple attempts to meet and confer with Defendant Hashem Hussain regarding the requested stay in advance of filing this application, but did not receive any response.

Pursuant to Rule 26(c), the Court has the discretion to stay discovery for "good cause shown." Fed. R. Civ. P. 26(c); *Thomas v. New York City Dep't of Educ.*, 2010 U.S. Dist. LEXIS 95798, at *6 (E.D.N.Y. Sept. 14, 2010). A stay of discovery pending a motion to dismiss is appropriate "where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *Johnson v. N. Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotations and citations omitted). A stay of discovery is appropriate where a defendant has made a strong showing that the plaintiff's claims are unmeritorious, that discovery on the issues moved on would be burdensome, and the risk of unfair prejudice to, here, the Plaintiffs, are low. *See Chesney v. Valley Stream Union Free Sch. Dist. No. 24*¸ 236 F.R.D. 113, 115 (E.D.N.Y. 2006).

First, as detailed in the Pre-Motion Letter, Renaissance's proposed motion makes a strong showing for dismissal of the two-state law claims (gross negligence and N.Y. GBL § 349(a)) against it as a matter of law. *See generally* ECF No. 18. Notably, underpinning Plaintiffs' allegations against Renaissance is an alleged contract in which Renaissance purportedly agreed to release all of its for claims for arrears in exchange for Plaintiffs vacating the premises owned by Renaissance. ECF No. 1 at ¶¶ 18-23. Renaissance allegedly sued for the arrears in breach of

the release. ECF 1 *at* ¶¶ 24-25. Plaintiffs' "gross negligence claim [improperly] seeks to enforce a contractual bargain by other means." *Serengeti Express, LLC v JP Morgan Chase Bank, N.A., No. 19-cv-5487 (PKC),* 2020 U.S. Dist. LEXIS 81151, at *9 (S.D.N.Y. May 7, 2020). Further, with respect to their N.Y. GBL § 349(a) claim, "[c]ourts have rejected tenants' attempts to bring Section 349 claims against their landlords arising out of private and unique landlord-tenant transactions." *Finch v Slochowsky & Slochowsky, LLP,* No. 19-CV-6273 (RPK), 2020 U.S. Dist. LEXIS 181698, at *17 (E.D.N.Y. Sep. 30, 2020).

Second, if not stayed pending the motion to dismiss, discovery in this matter will likely require disproportionate burdens on Renaissance, including potentially extensive discovery into medical histories, and the expenditure of significant resources that are highly likely to impose an unnecessary and disproportionate burden on Renaissance. *See Buffalo Emergency Assocs., LLP v. Unitedhealth Grp., Inc.*, 2020 U.S. Dist. LEXIS 104828, at *3 (W.D.N.Y. June 16, 2020) (granting defendants' motion to stay when they have filed "a comprehensive motion to dismiss that, at the very least, may shape the number and nature of the claims going forward in a manner that could significantly impact the breath of discovery."). The Federal Rules of Civil Procedure, and specifically Rule 26(b)(1), make the requirement of proportionality explicit.

Third, a stay of discovery will also not unfairly prejudice Plaintiffs. The case is at an early stage, and one party was recently granted an extension of his time to answer until October 31, 2025. The stay sought here will necessarily be of limited duration and will not unfairly prejudice Plaintiffs. "[T]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay." *O'Sullivan v. Deutsche Bank AG*, 2018 U.S. Dist. LEXIS 70418, at *30 (S.D.N.Y. Apr. 26, 2018) (citation omitted). Here, at worst, Plaintiffs' case will be briefly delayed while the Court decides Renaissance's forthcoming motion to dismiss. *See HAHA Glob., Inc. v. Barclays*, 2020 U.S. Dist. LEXIS 29637, at *3 (S.D.N.Y. Feb. 20, 2020) (staying discovery and noting that a stay "would not unfairly prejudice Plaintiff as the motions to dismiss already have been filed and, thus, any stay would last briefly."). Indeed, granting this request will likely reduce the costs of litigation for all parties and conserve judicial resources.

Sincerely,<br>
/s/ Allen Schwartz, Esq.