# Kavulich & Associates, P.C.
Attorneys At Law
181 Westchester Avenue, Suite 301-B
Port Chester, NY 10573
<u>Tel</u>: (914) 355-2074   <u>Fax</u>: (914) 355-2078

October 22, 2025
**<u>VIA ECF</u>**

The Honorable Lara K. Eshkenazi
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    **Re:**    *Gachelin et al v. Kavulich & Associates, P.C. et al,* 1:25-cv-03127-PKC-LKE

Dear Magistrate Judge Eshkenazi:

    I write this letter to obtain the Court's consent to represent myself and Kavulich & Associates, P.C., both of whom are named defendants in the above-referenced matter.

    The right to proceed *pro se* in civil actions in federal courts is guaranteed by 28 U.S.C. § 1654, which provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein. *Iannaccone v. Law*, 142 F.3d 553, 556 (2d Cir. 1998). This right "is a right of high standing, not simply a practice to be honored or dishonored by a court depending on its assessment of the desiderata of a particular case." *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983) (quoting *O'Reilly v. New York Times Co.*, 692 F.2d 863, 867 (2d Cir. 1982). To this end, two types of representation are allowed by this Court: "that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). Thus, "[a] litigant in federal court has a right to act as his or her own counsel." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990).

    Corporations, partnerships, associations, and other artificial legal entities with a separate legal existence can only act through agents. See*, e.g., Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983). Accordingly, courts have uniformly held that 28 U.S.C. § 1654's limitation on *pro se* representation precludes non-lawyers from appearing on behalf of those entities. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993); *Bartolini v. Town of Dryden*, 2025 U.S. Dist. LEXIS 98379 (N.D.N.Y.2025) ("Since laypersons are not permitted to represent anyone other than themselves, and corporations may not proceed *pro se*, corporations may only appear in federal court through licensed counsel") see *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2nd Cir. 2007) (a limited liability company may appear in federal court only through a licensed attorney).

I have been admitted to practice law in the State of New York since November 27, 1996 (Registration Number: 2895977). I am also admitted to practice law in this Court. For the past thirty (30) years, my law practice has focused primarily on the recovery of debts owed by individuals, corporations and other entities, with actions litigated in the civil courts of this state. I am currently in good standing and do not have a record of any disciplinary action. Plaintiffs, Louis Gachelin and Deborah Abraham seek relief from myself and my law firm, Kavulich & Associates, P.C., for alleged violations of the Fair Debt Collection Practices Act (the "FDCPA"), New York General Business Law (the "GBL"), New York Judiciary Law and for gross negligence. The FDCPA, GBL, NY Judiciary Law and the like govern my law practice and, as such, I am fully familiar with the application of same as it pertains to the facts as alleged herein. My law firm represented defendants Renaissance Equity Holdings LLC and used defendant A&F Process Service Inc. and Hashem Hussein as our law firm's process server in the underlying lawsuit commenced against the plaintiff, which concerned the recovery of an alleged debt. Accordingly, I am fully familiar with the plaintiffs, my co-defendants, the background of this matter and the nature of legal theories asserted by plaintiffs against all defendants named herein.

A corporation, such as Kavulich & Associates, P.C., because of its unique legal status, can only be represented by an attorney. *Sloley v. LeBow*, 2018 U.S. Dist. LEXIS 209375 (N.D.N.Y. 2018) report and recommendation adopted, 2018 U.S. Dist. LEXIS 184351 (N.D.N.Y. 2018); see also *Comprehensive Mfg. Assocs., LLC v. SupplyCore Inc.*, 2017 U.S. Dist. LEXIS 79762, 2017 WL 2693508 (N.D.N.Y. 2017), report and recommendation adopted, 2017 U.S. Dist. LEXIS 96305 (N.D.N.Y. 2017). ("While a corporation is a legal entity, it is also an artificial one, existing only in the contemplation of the law; it can do no act, except through its agents. Since a corporation can appear only through its agents, they must be acceptable to the court; attorneys at law, who have been admitted to practice, are officers of the court and subject to its control.") (quoting *Brandstein v. White Lamps*, 20 F. Supp. 369, 370 (S.D.N.Y. 1937)). At all times relevant herein, I was and am the managing member of Kavulich & Associates, P.C. I have been admitted to practice law in the State of New York for approximately thirty (30) years. I am also admitted to practice law in the Eastern District of New York. I am knowledgeable of the Court's policies and procedures and will not cause undue delay or prejudice the rights of any party appearing before this Court.

Rule 1.7 of the New York Rules of Professional Conduct provides: [A] lawyer shall not represent a client if a reasonable lawyer would conclude that either: (1) the representation will involve the lawyer in representing differing interest; or (2) there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests. *Carrington v. PHH Mortg. Corp*., 2025 U.S. Dist. LEXIS 182141 (E.D.N.Y. 2025); *Almukthar v. S & A Trading USA Inc.,* 642 F. Supp. 3d 318, 323 (N.D.N.Y. 2022). Moreover, "Courts in the Second Circuit disqualify attorneys 'only in essentially two kinds of cases: [i] where an attorney's conflict of interests ... undermines the court's confidence in the vigor of the attorney's representation of his client, or more commonly [ii] where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation.'" *Miehle-Kellogg v. Santanello*, 2025 U.S. Dist. LEXIS 182610 (E.D.N.Y. 2025) citing *Painter v. Pharms., LLC,* 2018 U.S. Dist. LEXIS 235197 (E.D.N.Y. 2018). The mere fact of joint representation does not raise the risk of trial taint when an attorney represents two or more clients who are similarly situated with regard to a lawsuit. *Bulkmatic Transp. Co. v. Pappas*, 2001 U.S. Dist. LEXIS 6066 (S.D.N.Y. 2001). In *Bottaro v. Hatton Associates*, 680 F.2d 895, 895 (2d Cir. 1982) and

*Theobald v. Botein, Hays, Sklar & Herzberg*, 465 F. Supp. 609, 610 (S.D.N.Y. 1979), a law firm was permitted to proceed as counsel where a member of the firm or the law firm itself was or would be a party to the litigation. In both cases, the law firm or law firm member and the firm's client were on the *same side* of the litigation. *Decker v. Nagel Rice LLC*, 716 F. Supp. 2d 228, 235 (S.D.N.Y. 2010).

Kavulich & Associates, P.C., and I do not have any differing interests in this matter. To the contrary, our interests are aligned, and our affirmative defenses are identical. My representation of Kavulich & Associates, P.C., will not be adversely affected by my own personal interests. For all purposes herein, Kavulich & Associates, P.C., and I are united in interest, will rely on the same evidence, and call the same witnesses at the time of a trial in this matter. Accordingly, dual representation of myself and my law firm will not create any inherent conflicts of interest or implicate any other ethical considerations under law. Based on the foregoing, it is my belief that I am competent to represent the interests of both myself and Kavulich & Associates, P.C, in this matter. Accordingly, I respectfully request that this Court grant the relief as requested herein and for such other and further relief as this Court may deem just and proper. We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Gary Kavulich*

cc:     Louis Gachelin & Deborah Abrahams (*via ECF*)
        Renaissance Equity Holdings LLC D
        Hashem Hussein
        A&F Process Service, Inc. d/b/a Allied Process Service