

Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, NY 10038
(347) 682-5075
allen@allenschwartzlaw.com

December 8, 2025

**VIA ECF**

Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:  *Gachelin et al v. Kavulich & Associates, P.C. et al*, 1:25-cv-03127-PKC-LKE

Dear Judge Chen:

  I am counsel to Defendant Renaissance Equity Holdings LLC D, Renaissance Equity Holdings LLC, Clipper Realty, Inc., Clipper Realty, L.P., and Clipper Equity LLC (the "**Landlord Defendants**") and respectfully write to ask that the Court proceed as scheduled with the pending motion to dismiss that was already served on behalf of Renaissance Equity Holdings LLC D pursuant to the Court's prior orders, (ECF 42) and that it apply the motion to the newly filed Amended Complaint. ECF 44. Further, the Landlord Defendants, who yesterday voluntarily appeared and waived service, (ECF 47), also respectfully ask that the Court deem the already served and pending motion to also be on behalf of the newly named Landlord Defendants. A copy of the already served and pending motion to dismiss is annexed hereto as **Exhibit 1**.

  The Amended Complaint makes essentially the same allegations that are the subject of the pending motion but adds affiliates of the original named Renaissance defendant, who are alleged to act as a single unit. A redlined copy of the Amended Complaint received from Plaintiffs last week is annexed hereto as **Exhibit 2**. "[A]fter a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Pettaway v Natl. Recovery Solutions, LLC*, 955 F.3d 299, 304 (2d Cir. 2020). Because the Landlord Defendants contend that the same grounds for dismissal apply to the Amended Complaint and to all of the Landlord Defendants, the Landlord Defendants respectfully submit that it would be far more efficient for the parties and the Court to proceed as scheduled with the already filed motion to dismiss and deem it, together with this letter, to also be on behalf of the newly named Landlord Defendants.[1]

---

[1] Further, a dismissal of the moving Renaissance defendant, in any case, would be subject to res judicata and collateral estoppel as against the affiliates. *Jorgensen v Sony/ATV Music Publ.*, 2012

In the alternative, to the extent the Court wishes some, or all, of the Landlord Defendants to file a new motion, the Landlord Defendants hereby respectfully ask that the Court consider this a letter for a pre-motion conference pursuant to Individual Rule 3(A) for a motion to dismiss Plaintiffs' two claims against the Landlord Defendants for the reasons detailed in the already served, and attached, motion to dismiss. *See* Ex. 1.

Sincerely,

/s/ Allen Schwartz, Esq.

---

U.S. Dist. LEXIS 71477, at *3-4 (E.D.N.Y. May 9, 2012) (affiliates are in privity for res judicata); *Flood v Just Energy Mktg. Corp.*, 904 F.3d 219, 236, n 11 (2d Cir. 2018).