# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT STREET, #2600
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

December 9, 2025

**VIA ECF**

Honorable Pamela K. Chen
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **Letter motion for extension of time (from December 12 to December 23) to serve opposition in response to Defendant Renaissance Equity Holdings LLC D's Motion to Dismiss [Dkt. No. 42] (notice of service).**
*Gachelin et al. v. Kavulich & Associates, P.C. et al.*, 1:25-cv-03127-PKC-LKE

Dear Judge Chen:

    The undersigned represents Plaintiffs in this action against Defendants Kavulich & Associates, P.C., a debt collection law firm, and its principal Gary Kavulich ("the Kavulich Defendants"); Renaissance Equity Holdings LLC D ("Renaissance"), a landlord which retained, directly or through a servicer, the Kavulich Defendants to collect rental arrears against consumers including the Plaintiffs for a debt that previously settled in Landlord Tenant Court; A & F Process Service Inc. d/b/a Allied Process Service ("Allied"), a process serving company which Plaintiffs allege submitted a false affidavit of service against Plaintiffs on behalf of the Kavulich Defendants and Renaissance; and Hashem Hussein, a licensed process server who executed the affidavit of service.

    Plaintiff requests a slightly modified to the existing briefing schedule of the motion of dismiss of Renaissance, with Plaintiff's opposing due on December 23 (instead of December 19) and the Reply of the Landlord Defendants being due January 6 (instead of December 26). This scheduling order would also apply if the application of the Landlord Defendants [Dkt. No. 48] is granted and the new defendants join the pending motion to dismiss of Renaissance.

    On November 19 Plaintiffs filed their First Amended Complaint [Dkt. No. 44] to add four new defendants integrally related to Renaissance, namely Clipper Equity LLC, Clipper Realty Inc., Clipper Realty L.P., and Renaissance Equity Holdings LLC, and to address some alleged defects in the initial complaint.

    On December 7, counsel for Renaissance noticed his appearance [Dkt.No. 47] for the newly-added defendants (collectively "the Landlord Defendants.") On December 8 the Landlord Defendants filed a Letter for Pre-motion conference [Dkt. No. 48] for the new Defendants to join the existing motion to dismiss on the *existing* briefing schedule.

    The original deadline to respond to the Motion to Dismiss is December 12, which was two weeks after Renaissance served its Motion to Dismiss. One extension of this deadline has

previously been requested and granted on consent, from November 17 to December 12. Plaintiffs request an extension from December 12 to December 19.

Plaintiffs request this extension because the undersigned has conferred at length with counsel for the Landlord Defendants about how the Landlord Defendants intended to proceed on their motion to dismiss in light of the additional parties added in the First Amended Complaint. Based on lengthy calls on November 25 and November 26 with opposing counsel the undersigned understood that the Landlord Defendants were considering whether to have Renaissance withdraw its motion to dismiss without prejudice and filing a new motion on behalf of all Landlord Defendants when they appeared, or have the new defendants, when they appeared, join the existing motion to dismiss of Renaissance in the case. I had held off on serving the new Defendants the amended complaint until opposing decided how he would like to proceed, and later sent a waiver of service. My belief was that, however the Landlord Defendants sought to proceed it would not be until after they were served or signed a waiver, so some time in January.

After not hearing back from opposing counsel as to this issue, on December 4 I emailed opposing counsel (attached as Exhibit A) that, "Following up on our prior conversation," I needed a definitive answer as to how they would like to proceed. The next day opposing counsel indicated he would discuss with his client and get back to me. Much to my surprise opposing counsel filed a notice of appearance on behalf of the new defendants and sought to have the new defendants joint the motion to dismiss with Renaissance on the same briefing schedule. At no point did opposing counsel even hint at this, so I felt a bit sandbagged.

I have reached out to opposing counsel on multiple occasions to inquire whether he consents or opposes this brief extension but he has not retuned my phone calls or replied to my emails. Therefore I cannot represent whether Landlord Defendants consent or oppose this application.

Respectfully,
/s/
Ahmad Keshavarz

# Exhibit A

**From:** Ahmad Keshavarz
**Sent:** Thursday, December 4, 2025 12:34 PM
**To:** Allen Schwartz (allen@allenschwartzlaw.com)
**Cc:** Kevin Gartland
**Subject:** FW: Gachelin - consent application to withdraw MTD without prejudice.

Allen,

Following up on our prior conversion, if you draft a letter application to withdraw the MTD without prejudice with consent for you to either file an amended or joint MTD upon appearance of new defendants?

We have been incurring attorney's fees in drafting an opposition to the current MTD, which is due next week.

Please let me know if you still want to proceed along these lines and if so please send a proposed joint letter ASAP so we do not have to continue to incur fees responding to the current MTD.

Will get back to you on protective order in a separate email.

Thanks.