

Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, NY 10038
(347) 682-5075
allen@allenschwartzlaw.com

December 9, 2025

**VIA ECF**

Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Gachelin et al v. Kavulich & Associates, P.C. et al*, 1:25-cv-03127-PKC-LKE

Dear Judge Chen:

I am counsel to Defendant Renaissance Equity Holdings LLC D ("**Renaissance**"), Renaissance Equity Holdings LLC, Clipper Realty, Inc., Clipper Realty, L.P., and Clipper Equity LLC ( together the "**Landlord Defendants**") and write regarding Plaintiffs' letter to the Court requesting an extension of time to oppose the currently pending motion to dismiss.

In October 2025, the Court set a briefing schedule for Renaissance's motion to dismiss that required Renaissance to file its moving papers by November 3, 2025. *See* Oct. 6, 2025 Docket Order. Renaissance timely served its moving papers. At Plaintiffs request, on November 7, 2025, Renaissance consented to, and the Court granted, a one-month extension to oppose the motion, until December 12, 2025, thus giving Plaintiffs' six weeks to oppose. *See* Nov. 7, 2025 Docket Order. On November 19, 2025, Plaintiffs amended their complaint, adding Renaissance affiliates, but did not interpose any new causes of action. ECF 44, 46.

When Renaissance had consented to the initial request for a one-month extension, the undersigned reiterated to Plaintiffs' counsel that Renaissance sought the expeditious resolution of its motion to dismiss. After the amendment, the undersigned did not make any commitments to Plaintiffs' counsel, though the undersigned indicated that the newly named Landlord Defendants, who had not appeared or accepted service, would most likely seek to have any motion to dismiss to be heard on behalf of all of them at the same time.

In his December 4, 2025 email, attached to his letter (ECF 50), Plaintiffs' counsel represented to the undersigned that he had been working on opposing the motion in anticipation of having to file opposition to the current motion to dismiss on the current schedule. *See* ECF 50, Ex. 1 ("**We have been incurring attorney's fees in drafting an opposition to the current MTD, which is due next week**") (emphasis added).

On Sunday, December 7, 2025, the Landlord Defendants voluntarily appeared and waived service, (ECF 47) and the next day, December 8, 2025, filed a letter requesting to join the already pending motion, as-is, to which Plaintiffs had represented it had been preparing opposition. ECF 48. Given Plaintiffs' representation that they had been working on their opposition, there could be no reason to believe that Plaintiffs would claim any prejudice by virtue of this request to proceed with the motion or apply the same moving papers they were already preparing opposition to and apply it to the newly named defendants.

Then, on December 9, 2025, after the Landlord Defendants appeared and made this request, Plaintiffs' counsel sent an email contending that it had not, in fact, been working on the motion to dismiss opposition and thus wanted another extension. A copy of this email is annexed hereto as **Exhibit 1** ("**I have been holding back on working on the MTD Opp while your client decided how to proceed.**") (emphasis added). I told counsel that I would confer with him the next day, today, about his request. *Id.* Plaintiffs' counsel did not wait to confer today and filed this letter application late last night.

To be sure, Renaissance believes in giving courtesies to opposing counsel and previously agreed to extend Plaintiffs' opposition deadline. Renaissance does not, however, believe a further extension is warranted under these circumstances. Plaintiffs have had the moving papers for several weeks, and this is a potentially dispositive motion that Renaissance would like to have heard as expeditiously as possible. Moreover, Plaintiffs' conflicting representations—were they preparing opposition and "incurring attorney's fees" as they represented on December 4 or were they "holding back on working on" it as they represented on December 9—leads Renaissance to question the purported basis for this request.

Sincerely,

/s/ Allen Schwartz, Esq.