UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LOUIS GACHELIN and DEBORAH ABRAMS,

        Plaintiffs                      Case No. 25-cv-03127-PKC-LKE

    -against-

KAVULICH & ASSOCIATES, P.C.,
GARY KAVULICH,
RENAISSANCE EQUITY HOLDINGS LLC D,
HASHEM HUSSAIN, , and A & F PROCESS
SERVICE, INC. d/b/a ALLIED PROCESS SERVICE

        Defendants
------------------------------------------------------------------X

## RENAISSANCE EQUITY HOLDINGS LLC D'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE COMPLAINT

**SCHWARTZ LAW PLLC**
Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, NY 10038
Tel: (347) 460-5379
allen@allenschwartzlaw.com

*Attorneys for Renaissance Equity Holdings LLC  D*

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

FACTUAL BACKGROUND ..................................................................................................1

ARGUMENT ...........................................................................................................................3

    I.    The Court should dismiss Plaintiffs' gross negligence claim because under New York law there is no cognizable claim for the grossly negligent breaching of a contract........................3

    II.    The Court should dismiss Plaintiffs' N.Y. GBL § 349(a) claim because the is claim predicated on a private contract dispute and landlord-tenant matter...........................................6

    III.    The Court should dismiss Plaintiffs' N.Y. GBL § 349(a) claim because it is precluded by N.Y. GBL § 601(8).................................................................................................................7

    IV.    The Court should dismiss Plaintiffs' claims in the interests of comity because it is for the state court to enforce its own orders .................................................................................8

    V.    The Court should dismiss, or strike, plaintiffs' claim for punitive damages because Plaintiff does not plead facts that warrant punitive damages against Renaissance .....................8

CONCLUSION .........................................................................................................................9

# TABLE OF AUTHORITIES

**CASES**

*Abacus Fed. Sav. Bank v. ADT Sec. Servs., Inc.*, 18 N.Y.3d 675 (2012) ..................................................................................................................................6

*Am. Tel. & Tel. Co. v. City of New York*, 83 F.3d 549 (2nd Cir. 1996) ..................................................................................................................................5

*Americu Credit Union v Cumis Ins. Socy.*, No. 6:06-CV-01348 (NPM-DEP), 2007 U.S. Dist. LEXIS 25523, at *7 (N.D.N.Y. Apr. 5, 2007) ..................................................................................................................................11

*Avnet, Inc. v Am. Motorists Ins. Co.*, 684 F Supp 814, 815 (S.D.N.Y. 1988) ..................................................................................................................................11

*Charter Oak Fire Ins. Co. v. Trio Realty Co.*, No. 99 Civ. 10827 (LAP), 2002 U.S. Dist. LEXIS 1442 (S.D.N.Y. Jan. 31, 2002) ..................................................................................................................................5

*City of NY v Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616 (2009) ..................................................................................................................................8

*CityR Group Holdings LLC v Foresite Realty Mgt., LLC*, No. 17-cv-7850 (RJS), 2019 U.S. Dist. LEXIS 55966 (S.D.N.Y. Mar. 29, 2019) ..................................................................................................................................6

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382 (1987) ..................................................................................................................................6

*Conboy v AT&T Corp.*, 241 F.3d 242 (2d Cir. 2001) ..................................................................................................................................9

*Cummins v Select Portfolio Servicing, Inc.*, No. 14-CV-5121 (MKB) (LB), 2016 U.S. Dist. LEXIS 124222 (E.D.N.Y. Sep. 13, 2016) ..................................................................................................................................6

*Doherty v Citibank (S.D.) N.A.*, 375 F. Supp. 2d 158 (E.D.N.Y. 2005) ..................................................................................................................................6

*Dormitory Auth. of the State of NY v Samson Constr. Co.*, 30 N.Y.3d 704 (2018) ..................................................................................................................................6

*Finch v Slochowsky & Slochowsky, LLP*, No. 19-CV-6273 (RPK), 2020 U.S. Dist. LEXIS 181698 (E.D.N.Y. Sep. 30, 2020). ..................................................................................................................................9

*Geller v Branic Intl. Realty Corp.*, 212 F.3d 734 (2d Cir. 2000). ..................................................................................................................................10

*Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625 (S.D.N.Y. 2008) ..................................................................................................................................8

*Henry v Capital One, N.A.*, No. 22-1088, 2023 U.S. App. LEXIS 15021 (2d Cir. June 16, 2023)..................................................................................................................................6

*Hobish v AXA Equit. Life Ins. Co.*, 2025 N.Y. Slip Op 00183 (2025) ..................................................................................................................................10

*Lautman v 2800 Coyle St. Owners Corp.*, No. 13-CV-967 (ARR)(VVP), 2014 U.S. Dist. LEXIS 72703 (E.D.N.Y. May 23, 2014) ............................................................................................. 9

*Lavanant v General Accident Ins. Co.*, 212 A.D.2d 450, 450 (1st Dep't 1995) ........................................................................................................................................ 11

*Lee v Albarran*, No. 7:23-cv-11215-NSR 2024 U.S. Dist. LEXIS 234944 (S.D.N.Y. Feb. 2, 2024) ........................................................................................................................ 7

*Nezry v Haven Ave. Owner LLC*, 28 Misc. 3d 1226[A], 1226A, 2010 NY Slip Op 51506[U] (N.Y. Co. 2010) ........................................................................................... 8

*Nick's Garage, Inc. v Progressive Cas. Ins. Co.*, 875 F3d 107 (2d Cir. 2017) ........................................................................................................................................ 9

*Onfroy v The Law Offs. of Geoffrey T. Mott, P.C.*, 751 F Supp. 3d 195 (E.D.N.Y. 2024) .................................................................................................................... 8

*Oswego Laborers' Local 214 Pension Fund v Mar. Midland Bank, N.A.*, 85 N.Y.2d 20 (1995) ........................................................................................................ 8

*Paragon Imaging Group Ltd. v Scandia realty LP*, 2013 NY Slip Op 33281[U] (N.Y. Co, Sup. Ct. 2013) ............................................................................................ 5

*R.C. Diocese of Rockville Ctr. v Gen. Reins. Corp.*, 2016 US Dist LEXIS 133724, at *17 (S.D.N.Y. Sep. 23, 2016) ......................................................................... 11

*Remler v Cona Elder Law, PLLC*, No. 21-CV-5176 (ARR) (LB), 2022 U.S. Dist. LEXIS 177660 (E.D.N.Y. Sep. 29, 2022) .............................................................. 9

*Robinson v Mitsubishi*, No. 23-cv-00385 (LJL), 2023 U.S. Dist. LEXIS 149997 (S.D.N.Y. Aug. 25, 2023) ................................................................................... 6

*Samms v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, 112 F. Supp. 3d 160 (S.D.N.Y. 2015) ..................................................... 9

*Scelsa v. City Univ. of NY*, 76 F.3d 37 (2d Cir. 1996) ........................................................................................................................................................... 10

*Schiffer v Sunrise Removal, Inc.*, 62 A.D.3d 776 (2d Dep't 2009) ........................................................................................................................................... 7

*Serengeti Express, LLC v JP Morgan Chase Bank, N.A.*, No. 19-cv-5487 (PKC), 2020 U.S. Dist. LEXIS 81151 (S.D.N.Y. May 7, 2020) .............................. 6

*Weiss v New York*, No. 22-2326-cv, 2024 U.S. App. LEXIS 13590 (2d Cir. June 5, 2024) ................................................................................................... 10

**STATUTES**

Fed. R. Civ. P. 12(b) ............................................................................................................................................................................................................. 3

Fed. R. Civ. P. 12(b)(6)


| | |
|---|---|
| Fed. R. Civ. P. 12(f) | 3, 6, 10 |
| Fed. R. Civ. P. 9 | 3, 10 |
| GBL § 349(a) | 3 |
| GBL § 349(h) | 3, 8 |
| N.Y. GBL § 601(8) | 10 |
| | 9 |

Defendant Renaissance Equity Holdings LLC D ("Renaissance"), by and through its undersigned counsel, submits the following memorandum of law in support of its motion seeking an order to dismissing Plaintiffs Louis Galechin and Laura Abram's ("Plaintiffs") complaint (ECF 1, Complaint) pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Civ. P. 9, including their claim for punitive damages, and to strike its claim for punitive damages pursuant to Fed. R. Civ. P. 12(f) and for such other and further relief the Court deems just and proper.

## INTRODUCTION

Plaintiffs, former tenants at Renaissance's property, allege that they entered a settlement contract where Renaissance gave them a release of any arrears only to turn around and sue them for the released arrears. But instead of suing Renaissance for breaching the contract, or seeking to enforce the contract, they filed claims against Renaissance for gross negligence and for allegedly violating GBL § 349(a). The Court should dismiss their claims because under New York law, there is no claim for gross negligence for breach of contract. Further, GBL § 349(a) does not cover unique contract claims between parties or unique private landlord-tenant disputes. The claim here arises from a specific allegedly breached state court settlement agreement between Renaissance and Plaintiffs. Finally, the Court should dismiss or strike the punitive damages claim because Plaintiffs do not allege any wrongdoing by Renaissance rising to a level that would warrant the imposition of punitive damages.

## FACTUAL BACKGROUND

On June 4, 2025, Plaintiffs commenced this action against Renaissance, as well as Defendants Gary Kavulich, Kavulich & Associates, P.C. ("Kavulich P.C."), Hashem Hussein ("Hussein"), and A & F Process Service, Inc. ("Process Service, Inc."). ECF 1, Complaint.

1

Plaintiffs allege that they were tenants at a real property owned by Renaissance located in Brooklyn, New York and that they vacated the premises pursuant to a stipulation, also so ordered by the Kings County Civil Court, in which Renaissance waived all claims against them for arrears. *Id.* at ¶¶ 18-23; *see* ECF 1-1, Sept. 13, 2022 Stipulation.

Plaintiffs claim that Renaissance filed a lawsuit against them seeking to collect upon the arrears Renaissance had just released. *Id.* at ¶¶ 24-25; *see* ECF 1-2, June 9, 2023 Summons and Complaint (complaint seeking to collect unpaid rent and use and occupancy despite release).

According to Plaintiffs, Kavulich P.C. filed the suit on behalf of Renaissance, a law firm that handled all but 8 of Renaissance's 181 collection suits filed in 2023. *Id.* at ¶ 38. Plaintiffs allege that Kavulich P.C. used a process server with an alleged history of fraudulent service, including the alleged service on Plaintiffs. *Id.* at ¶¶ 50-99. According to Plaintiffs, Kavulich P.C. also has a history of improperly collecting debts reflected in various judicial decisions. *Id.*

In 2024, Kavulich P.C. filed a motion for a default judgment in state court against Plaintiffs. *Id.* at ¶ 26; *see* ECF 1-4. Plaintiffs were allegedly forced to travel to New York on multiple occasions to defeat the default judgment motion and get the case dismissed with prejudice, and in addition to these travel costs, they allegedly suffered emotional distress. *Id.* at ¶¶ 33, 36, 39-49.

Plaintiffs assert causes of action against Renaissance for gross negligence and for violations of N.Y. GBL § 349(a). ECF 1. In addition to compensatory damages, Plaintiffs seek to recover punitive damages and attorney's fees. *Id.*

# ARGUMENT

I. **The Court should dismiss Plaintiffs' gross negligence claim because under New York law there is no cognizable claim for the grossly negligent breaching of a contract**

Plaintiffs' gross negligence claim is a breach of contract claim improperly masquerading as a gross negligence claim and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). To plead gross negligence, Plaintiffs are required to plausibly allege that Renaissance owed them a duty, that it breached that duty, that they were injured and that Renaissance's conduct "evinces a reckless disregard for the rights of others or 'smacks of intentional wrongdoing." *Am. Tel. & Tel. Co. v. City of New York*, 83 F.3d 549, 556 (2nd Cir. 1996) (quotation omitted). "Gross negligence has also been defined as the degree of neglect arising where there is a reckless indifference to the safety of human life or an intentional failure to perform a manifest duty to the public . . . ." *Charter Oak Fire Ins. Co. v. Trio Realty Co.*, No. 99 Civ. 10827 (LAP), 2002 U.S. Dist. LEXIS 1442, *4 (S.D.N.Y. Jan. 31, 2002) (citation omitted).

The gravamen of Plaintiffs' claim against Renaissance is that it attempted to collect monies that it had already released via contract—in other words, that it breached contractual obligations it owed under the Stipulation. "A so-ordered stipulation signed in writing by the parties is treated as an independent contract and subject to the usual rules of contract interpretation." *Paragon Imaging Group Ltd. v Scandia realty LP*, 2013 NY Slip Op 33281[U], *19 (N.Y. Co, Sup. Ct. 2013) (citations omitted). "[T]he allegations that a breach of contract occurred as a result of gross negligence do[] not give rise to a duty independent of the contractual relationship." *Henry v Capital One, N.A.*, No. 22-1088, 2023 U.S. App. LEXIS 15021, at *5 (2d Cir. June 16, 2023) (summary order) (quoting *Abacus Fed. Sav. Bank v. ADT Sec. Servs., Inc.*, 18 N.Y.3d 675, 684-85 (2012). Thus, "a breach of contract is not to be

3

considered a tort unless a legal duty independent of the contract itself has been violated." *Henry,* 2023 U.S. App. LEXIS 15021, at *5 (quoting *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 389 (1987); *See also Dormitory Auth. of the State of NY v Samson Constr. Co.*, 30 N.Y.3d 704, 711 (2018). Plaintiffs' "gross negligence claim [improperly] seeks to enforce a contractual bargain by other means." *Serengeti Express, LLC v JP Morgan Chase Bank, N.A., No. 19-cv-5487 (PKC),* 2020 U.S. Dist. LEXIS 81151, at *9 (S.D.N.Y. May 7, 2020).

The Stipulation, furthermore, was signed by Plaintiff Gachelin, not Plaintiff Abrams. ECF 1-1, Sept. 13, 2022 Stipulation. To the extent Plaintiff Abrams claims, as she does in the Complaint, that she is an intended beneficiary of the Stipulation as a co-tenant, and thus that her rights under the Stipulation were violated as the arrears were also released as against her, she has the same remedy as Plaintiff Gachelin: a breach of contract claim. *CityR Group Holdings LLC v Foresite Realty Mgt., LLC*, No. 17-cv-7850 (RJS), 2019 U.S. Dist. LEXIS 55966, at *11 (S.D.N.Y. Mar. 29, 2019). And to the extent she might claim that she was not an intended beneficiary of the Stipulation, Renaissance had the right to sue her for unpaid use and occupancy.

Plaintiffs' allegation that "given the public records of the systematic debt collection violations of Kavulich Defendants, the Landlord is liable for negligent hiring and supervision of Kavulich Defendants," (ECF 1 at ¶ 15), does not support a gross negligence claim. First, Plaintiffs do not assert a negligent hiring cause of action, which is an independent cause of action. *Lee v Albarran*, No. 7:23-cv-11215-NSR, 2024 U.S. Dist. LEXIS 234944, at *6 (S.D.N.Y. Feb. 2, 2024). Second, even if they had, Plaintiffs do not allege that Kavulich P.C. is Renaissance's employee or that it is subject to an exception that might allow a negligent hiring claim against an independent contractor. *Schiffer v Sunrise Removal, Inc.*, 62 A.D.3d 776, 778

4

(2d Dep't 2009). Third, Plaintiffs do not allege an independent duty owed by Renaissance beyond the contractual duty arising from the contract, i.e. the Stipulation. Fourth, Plaintiffs do not plausibly allege that Renaissance, who are not attorneys, should have been aware of various prior rulings against Kavulich in judicial decisions or the process serving of subcontractors hired by Kavulich P.C. Plaintiffs do not allege that Kavulich has ever been disciplined or censured by the bar for violating any ethics rules. They do not allege that Renaissance was aware of the judicial precedents involving Kavulich. And they provide no factual or legal support for the proposition that Renaissance—and laypersons in general—must research and digest legal decisions involving attorneys they hire before they hire them. Such a ruling would also effectively mean that any client who hires an attorney previously found liable under the FDCPA *per se* negligently hires that counsel.

Further, under the Fair Debt Collection Practices Act, "a creditor that is not itself a debt collector is not vicariously liable for the actions of a debt collector it has engaged to collect its debts." *Doherty v Citibank (S.D.) N.A.*, 375 F. Supp. 2d 158, 162 (E.D.N.Y. 2005) (citations and quotations omitted); *See also Cummins v Select Portfolio Servicing, Inc.*, No. 14-CV-5121 (MKB) (LB), 2016 U.S. Dist. LEXIS 124222, at *14 (E.D.N.Y. Sep. 13, 2016); *Robinson v Mitsubishi*, No. 23-cv-00385 (LJL), 2023 U.S. Dist. LEXIS 149997, at *10 (S.D.N.Y. Aug. 25, 2023). There is no allegation that Renaissance is itself a "debt collector" within the meaning of 15 U.S.C § 1692a. Indeed, it is, as Plaintiffs cannot but concede, a landlord collecting its own debts. *Cousins v Duane St. Assoc.*, 7 F App'x 85, 88 (2d Cir. 2001) (landlord suing to collect its own debts is not a debt-collector).

Finally, Plaintiffs allege that "Defendants, despite having waived their right to pursue any and all rental income arising from Ms. Gachelin's tenancy, filed the Collection Lawsuit against

5

him in order to obtain a judgment or pressure him into a settlement." ECF 1 at ¶ 66. This is the type of alleged intentional conduct that cannot support a negligence or gross negligence claim. *Onfroy v The Law Offs. of Geoffrey T. Mott, P.C.*, 751 F Supp. 3d 195, 205 (E.D.N.Y. 2024) (dismissing negligence and gross negligence claim against landlord who filed two lawsuits seeking to collect the same debt because the conduct was alleged to be intentional). And even if not alleged to be intentional, and not otherwise barred, none of the allegations as against Renaissance plausibly allege anything more than ordinary negligence.

## II. The Court should dismiss Plaintiffs' N.Y. GBL § 349(a) claim because the is claim predicated on a private contract dispute and landlord-tenant matter

The Court should also dismiss Plaintiffs' N.Y. GBL § 349(a) claim under Fed. R. Civ. 12(b)(6). GBL § 349 makes unlawful "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." *Id.* "'To state a claim for a GBL § 349 violation, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *City of NY v Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 621 (2009). "Private transactions not of a recurring nature or without ramifications for the general public do not fall within the purview of section 349." *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 636 (S.D.N.Y. 2008).

This is the paradigmatic "private contract dispute" that falls outside of the ambit of the statute because Plaintiffs effectively allege that Renaissance breached its private contract with them. *Oswego Laborers' Local 214 Pension Fund v Mar. Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995) ("Private contract disputes, unique to the parties . . . [do] not fall within the ambit of the statute.").

This is also a "private landlord-tenant dispute[]" which does "not fall within the ambit of GBL § 349 . . ." *Nezry v Haven Ave. Owner LLC*, 28 Misc. 3d 1226[A], 1226A, 2010 NY Slip Op 51506[U], *10 (N.Y. Co. 2010). "Courts have rejected tenants' attempts to bring Section 349 claims against their landlords arising out of private and unique landlord-tenant transactions." *Finch v Slochowsky & Slochowsky, LLP*, No. 19-CV-6273 (RPK), 2020 U.S. Dist. LEXIS 181698, at *17 (E.D.N.Y. Sep. 30, 2020). "[T]he prosecution of an individual lawsuit — was not commercial activity directed at consumers generally, nor did it have any 'ramifications for the public at large.'" *Samms v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, 112 F. Supp. 3d 160, 167 (S.D.N.Y. 2015) (citations and quotations omitted); *Remler v Cona Elder Law, PLLC*, No. 21-CV-5176 (ARR) (LB), 2022 U.S. Dist. LEXIS 177660, at *20 (E.D.N.Y. Sep. 29, 2022). Nor do Plaintiffs allege that they were "misled by the allegedly false rent arrears and other charges claimed by defendants in the Housing Court proceedings," but instead they assert that Renaissance allegedly "misled the Housing Court" which is not a "consumer-oriented deception." *Lautman v 2800 Coyle St. Owners Corp.*, No. 13-CV-967 (ARR)(VVP), 2014 U.S. Dist. LEXIS 72703, at *26-27 (E.D.N.Y. May 23, 2014) (dismissing claim where plaintiff alleged that landlord attempted to collect un-owed rent in court).

### III. The Court should dismiss Plaintiffs' N.Y. GBL § 349(a) claim because it is precluded by N.Y. GBL § 601(8)

Additionally, a private right of action under N.Y. GBL § 349(a) is precluded here because N.Y. GBL § 601(8), for which there is no private right of action, already covers any "claim . . . to enforce a right with knowledge or reason to know the right does not exist." *Id.* "[P]laintiffs cannot thwart legislative intent by couching a Section 601 claim as a Section 349 claim." *Conboy v AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001). Further, Renaissance's alleged conduct here was "not inherently deceptive" and thus would not "qualify as a violation

7

of § 349 (unless on the theory that they constituted violations of § 601).") *Nick's Garage, Inc. v Progressive Cas. Ins. Co.*, 875 F3d 107, 127 (2d Cir. 2017) (citations and quotations omitted). Plaintiffs cannot circumvent "§ 601's prohibition of a private claim by characterizing the violation of § 601 as a deceptive act in violation of § 349." *Id.* (citations and quotations omitted).

**IV.  The Court should dismiss Plaintiffs' claims in the interests of comity because it is for the state court to enforce its own orders**

The fact that Stipulation was also so ordered by the state court further warrants dismissal under principles of comity, since these "civil proceedings . . . implicate a state's interest in enforcing the orders and judgments of its courts." *Weiss v New York*, No. 22-2326-cv, 2024 U.S. App. LEXIS 13590, at *3 (2d Cir. June 5, 2024). While a court that so-orders a settlement "is not, strictly speaking, a party to a contract . . . it does accept some obligations[,] [t]he clearest" of which "is a duty to enforce the stipulation that it has approved." *Geller v Branic Intl. Realty Corp.*, 212 F.3d 734, 737 (2d Cir. 2000). The "[e]nforcement of a settlement agreement is for the state courts." *Scelsa v. City Univ. of NY*, 76 F.3d 37, 40 (2d Cir. 1996). Since Plaintiffs allege that Renaissance sued them in breach of the Stipulation, the appropriate forum for them to seek redress against Renaissance is in the state court.

**V.  The Court should dismiss, or strike, plaintiffs' claim for punitive damages because Plaintiff does not plead facts that warrant punitive damages against Renaissance**

Even if the Court does not dismiss the two causes of action against Renaissance, the Court should dismiss any claim for punitive damages pursuant to Fed. R. Civ. P. 12(b)(6) or strike it pursuant to Fed. R. Civ. P. 12(f).

First, there are no separate punitive damages available under the GBL. *Hobish v AXA Equit. Life Ins. Co.*, 2025 N.Y. Slip Op 00183, *5 (2025). And with respect to treble damages,

8

Plaintiffs do not plausibly allege that Renaissance "willfully or knowingly violated this section." GBL § 349(h).

Second, regarding the gross negligence claim, there are no factual allegations plausibly alleging "such a high degree of moral turpitude and wanton dishonesty [by Renaissance] as to imply criminal indifference to civil obligations which is aimed at the public, generally." *Lavanant v General Accident Ins. Co.*, 212 A.D.2d 450, 450 (1st Dep't 1995). And a defendant may seek the independent dismissal of a claim for punitive damages. *See, e.g.*, *Americu Credit Union v Cumis Ins. Socy.*, No. 6:06-CV-01348 (NPM-DEP), 2007 U.S. Dist. LEXIS 25523, at *7 (N.D.N.Y. Apr. 5, 2007) (dismissing claim for punitive damages); *Avnet, Inc. v Am. Motorists Ins. Co.*, 684 F Supp 814, 815 (S.D.N.Y. 1988) (same); *R.C. Diocese of Rockville Ctr. v Gen. Reins. Corp.*, 2016 U.S. Dist. LEXIS 133724, at *17 (S.D.N.Y. Sep. 23, 2016) (same).

## CONCLUSION

For the foregoing reasons, the Court should dismiss the action and grant such other and further relief the Court deems just and proper.

Dated: November 3, 2025          SCHWARTZ LAW PLLC
      New York, New York

                                            /s/_____
                                            Allen Schwartz
                                            150 Broadway, Suite 701
                                            New York, NY 10038
                                            Tel: (347) 460-5379
                                            allen@allenschwartzlaw.com
                                            *Attorneys for Renaissance Equity Holdings LLC D*

## LOCAL RULE 7.1 STATEMENT

The annexed memorandum of law contains less than 8750 words and complies with applicable word limits. I relied on Microsoft Word to ascertain the word count.

/s/_____
Allen Schwartz