# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT STREET, #2600  
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

January 20, 2026

**VIA ECF**

Honorable Pamela K. Chen  
United States District Court,  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

> Re: Plaintiffs' letter motion for leave to file sur-reply in response to the arguments the Landlord Defendants raised for the first time in their Reply in Support of their Motion to Dismiss. (Dkt. 55, pp. 3-7)
> *Gachelin et al. v. Kavulich & Associates, P.C. et al.*, 1:25-cv-03127-PKC-LKE

Dear Judge Chen:

      The undersigned represents Plaintiffs in this action against Defendants Kavulich & Associates, P.C., a debt collection law firm, and its principal Gary Kavulich ("the Kavulich Defendants"); Renaissance Equity Holdings LLC D, a landlord which retained, directly or through a servicer, the Kavulich Defendants to collect rental arrears against consumers including the Plaintiffs for a debt that previously settled in Landlord Tenant Court, and the related entities Clipper Equity LLC, Clipper Realty Inc., Clipper Realty L.P., and Renaissance Equity Holdings LLC (together with Renaissance Equity Holdings LLC D, "the Landlord Defendants"); A & F Process Service Inc. d/b/a Allied Process Service ("Allied"), a process serving company which Plaintiffs allege submitted a false affidavit of service against Plaintiffs on behalf of the Kavulich Defendants and the Landlord Defendants; and Hashem Hussein, a licensed process server who executed the affidavit of service.

      On November 3, 2025, Renaissance Equity Holdings LLC D served a Motion to Dismiss on Plaintiffs through their counsel. (Dkt. 42) ("Landlord Mtn."). On November 19, 2025, Plaintiffs filed an Amended Complaint (Dkt. 44) adding the remaining Landlord Defendants as defendants and correcting certain pleading defects alleged in Renaissance Equity Holdings LLC D's Motion to Dismiss. On December 7, 2025, the Landlord Defendants moved to join Renaissance Equity Holdings LLC D's existing Motion to Dismiss. (Dkt. 48). On December 12, 2025, Plaintiffs served their Response in Opposition to the Motion to Dismiss on counsel for the Landlord Defendants. (Dkt. 52). On December 15, 2025, the Court granted the Landlord Defendants' motion to join the existing Motion to Dismiss. On December 26, 2025, the Landlord Defendants filed their Memorandum of Law In Support of Their Motion to Dismiss (Dkt. 54-1) ("Landlord Mtn."), Plaintiffs filed their Opposition (Dkt. 66) ("Pl. Opp."), and Landlord Defendants filed their Reply (Dkt. 55) ("Landlord Reply").

      This letter is to request permission to file a sur-reply limited to new arguments raised by the Landlord Defendants in their Reply, pp. 3-7.

In their moving papers, the Landlord Defendants made two arguments as to vicarious liability. (Landlord Mtn. pp. 4, 5). First, the Landlord Defendants challenged vicarious liability under theories of negligent hiring and supervision of Mr. Kavulich. *Id*. **Nowhere** in their moving papers did they raise the issue of liability for themselves or for Mr. Kavulich for the acts of the Process Server Defendants. Indeed, the Landlord Defendants do not *even mention* the Process Server Defendants in their Arguments section other than in a stray remark, and there only in the context of the negligent hiring and supervision claim against Kavulich. (*Id*., p. 6) ("Fourth, Plaintiffs do not plausibly allege that Renaissance, who are not attorneys, should have been aware of various prior rulings *against Kavulich* in judicial decisions or the process serving of subcontractors hired by Kavulich P.C.") (emphasis added).

Second, the Landlord Defendants argued that since it was not a debt collector it could not be vicariously liable under the FDCPA for the FDCPA violations of Kavulich. (*Id*., p. 5). ("Further, under the Fair Debt Collection Practices Act, "a creditor that is not itself a debt collector is not vicariously liable for the actions of a debt collector it has engaged to collect its debts."…. There is no allegation that Renaissance is itself a "debt collector" within the meaning of 15 U.S.C § 1692a.") (citations omitted).

In Opposition, Plaintiffs noted that they were not suing the Landlord Defendants under the FDCPA, but that does not mean they were not directly liable as a party to the collection lawsuit or vicariously for conduct of Kavulich operating under the course and scope of his agency. (Pl. Opp. p. 17, 18).

In Reply, Landlord Defendants note that Plaintiffs have clarified that they are not seeking to hold them liable "for negligent hiring and supervision of Kavulich." (Landlord Reply, p. 3). They also noted in Reply that, "Plaintiffs concede that they are not… [arguing] that the Landlord Defendants can be held liable under the FDCPA, including for vicarious liability, since they are not 'debt collectors.'" *Id. citing* Pl. Opp. p.17. As Landlord Defendants only argued in their moving papers that they were not vicariously liable under the FDCPA (Landlord Mtn. p. 5) Plaintiffs rebutted that arguments by noting that they were not bringing an FDCPA claim against them, but that does not mean they had no liability for the conduct of Kavulich, their agent. (Pl. Opp. p. 17, 18).

In Reply, for the first time, the Landlord Defendants use the fact that Plaintiffs were only rebutting their arguments as to FDCPA vicarious liability – the only argument Landlord Defendants made (other than negligent hiring and supervision) – that Plaintiffs were not rebutting an argument the Landlord Defendants never made: that they could not be liable "*under state law*." (Reply pp. 3-5, emphasis in the original in three different sections of the Reply.) The moving papers made no such distinction. The Court should not allow the Landlord Defendants to use this duplicitous argument to spend four of the ten pages of their Reply, citing to twelve cases, to make arguments they never made in their moving papers.

"Courts grant leave to file sur-replies when they address arguments raised for the first time in a reply brief." *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022). "Sur-replies are appropriate only in 'the exceptional through rare case' when a 'party demonstrates to the court that papers to which it seeks to file a reply raise new issues which are material to the disposition of the question before the Court.'" *Sec. & Exch. Comm'n v. Xia*, 2022 WL 2784871, at *1 (E.D.N.Y. July 15, 2022) (quoting *United States v. Int'l Bus. Machines Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975)).

The Landlord Defendants raised new issues in their Reply which are material to the disposition of the question before the Court.

Specifically, the Landlord Defendants essentially make a motion to dismiss on behalf of Kavulich, arguing that Kavulich cannot be liable for the misconduct of the Process Server Defendants. (Reply p. 4, 5). They made no such argument in their moving papers.

The Landlord Defendants then argue they cannot be held liable for the conduct of Kavulich generally because "Plaintiffs' allegations are wholly lacking in any allegation that the Landlord Defendants exercised control over Mr. Kavulich." (Reply p. 6). In their moving papers, the Landlord Defendants made no argument that they must exercise control over Kavulich in order to be liable for the misconduct of Kavulich. (Reply p. 6, 7).

Consequently, Plaintiffs seek leave to file a letter sur-reply of no more than three pages to respond to the issues Landlord Defendants raised for the first time in their Reply, pp. 3-7. Plaintiffs request fourteen days from the date the Court rules on this application to file the Sur-reply. In the alternative, Plaintiffs move for the court to strike or to disregard pp. 3-7 of the Reply. However, ultimately it would be beneficial to have the arguments addressed on the merits now as opposed to having the same arguments raised at summary judgment.

Respectfully,
/s/
Ahmad Keshavarz