# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT STREET, #2600  
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

January 20, 2026

**VIA ECF**

**Magistrate Judge Lara K. Eshkenazi**  
United States District Court,  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:    Plaintiffs' letter motion for entry of protective order.  
              *Gachelin et al. v. Kavulich & Associates, P.C. et al.*, 1:25-cv-03127-PKC-LKE

Dear Judge Eshkenazi:

      The undersigned represents Plaintiffs in this action against Defendants Kavulich & Associates, P.C., a debt collection law firm, and its principal Gary Kavulich ("the Kavulich Defendants"); Renaissance Equity Holdings LLC D ("Renaissance"), a landlord which retained, directly or through a servicer, the Kavulich Defendants to collect rental arrears against consumers including the Plaintiffs for a debt that previously settled in landlord-tenant court; A & F Process Service Inc. d/b/a Allied Process Service ("Allied"), a process serving company which Plaintiffs allege submitted a false affidavit of service against Plaintiffs on behalf of the Kavulich Defendants and Renaissance; and Hashem Hussein, a process server who executed the false affidavit of service. The complaint has been amended since its initial filing to add additional defendants, all of them entities related to Renaissance Equity Holdings LLC D: Renaissance Equity Holdings LLC, the umbrella LLC which owns and controls the various Renaissance Equity Holdings LLCs A-F; Clipper Realty, Inc., the publicly-traded parent company which controls, through ownership and a shared set of executive officers, subsidiaries spanning a massive New York real estate conglomerate including all of the Renaissance LLCs; Clipper Equity, LLC, the managing entity of the Clipper Realty conglomerate; and Clipper Realty, L.P., the operating partnership of the Clipper Realty conglomerate (collectively the "Landlord Defendants").

      Pursuant to Your Honor's Individual Practice Rule III(E), Plaintiffs write to explain changes to a proposed protective order from Your Honor's form protective order, and request the entry of a proposed protective order. **Exhibit A** is the Court's model protective order. **Exhibit B** is a redlined copy showing the proposed revisions. **Exhibit C** is a "clean" version of the proposed protective order, incorporating the proposed revisions, that Plaintiff requests be signed.

      Plaintiffs request the entry of a protective order to assist in expediting discovery in this matter.

      On November 5, 2025, Renaissance responded to discovery demands by making boilerplate objections to almost all requests, and then stated, that, subject to these objections, they "will undertake a reasonable search and produce non-privileged, responsive documents, if

1

any, that are within its possession, custody, or control, to the extent they are directly responsive to the allegations in the pleadings." Putting aside the improper qualifications, Renaissance has produced no documents.

On a November 25 call to confer with the undersigned, counsel for Renaissance indicated he would amend the discovery responses to withdraw all (or nearly all) their objections and qualifications and produce responsive documents, but that he required a protective order in order to produce *any* documents. That day, the undersigned provided a proposed protective order with redlined changes. Counsels for Plaintiffs and Renaissance agreed on the language except as to § 9(a) as to the challenging of material designated as confidential. The undersigned then sent an email as to the reason the language was important and asked opposing counsel to reconsider given the argument, but never heard back. Still having not received amended discovery answers or any documents, the undersigned simply agreed to the proposed revisions as to § 9(a) and asked for the agreement to be signed.

The proposed protective order includes the following revisions:

- Mass or indiscriminate confidentiality designations may lead to waiver (§ 2(h))
- In order to avoid the necessity of confidentiality objections during the deposition, such designations can only be made in reviewing the transcript. (§ 3(d))
- The timing of confidentiality designations is limited to the date of production. (§ 4)
- Plaintiffs had proposed alternative language as to § 9(a) to provide clear deadlines for seeking to retain confidentiality designations, but ultimately just accepted the revisions of the Landlord Defendants unchanged as to § 9(a).

For the above reasons, Plaintiffs request the entry of the Protective Order attached as Exhibit C. All Defendants except for the Landlord Defendants have authorized the undersigned to "/s/" their names to Exhibit C. Counsel for the Landlord Defendants has not signed Exhibit C but has stated, "I of course cannot object to a proposed protective order that I myself proposed, so your claim that I am refusing is entirely specious."


Respectfully,
/s/
Ahmad Keshavarz

Enclosures (as stated)