

Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, NY 10038
(347) 682-5075
allen@allenschwartzlaw.com

January 21, 2026

**VIA ECF**
Honorable Pamela K. Chen
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Gachelin et al v. Kavulich & Associates, P.C. et al*, 1:25-cv-03127-PKC-LKE

Dear Judge Chen:

    I am counsel to Renaissance Equity Holdings, LLC D ("Renaissance") and Clipper Equity LLC, Clipper Realty Inc., Clipper Realty L.P., and Renaissance Equity Holdings LLC (together with Renaissance, the "Landlord Defendants"). I write in opposition to Plaintiffs' belated request for leave to file sur-reply and reopen the briefing on the fully submitted motion to dismiss.

    As an initial matter, this motion was fully briefed and submitted on December 26, 2025. Plaintiffs inexplicably waited until January 20, 2026 to file this letter application seeking to reopen the briefing and request leave to file sur-reply. If this were anything more than a further gambit to delay the adjudication of the Landlord Defendants' motion to dismiss, Plaintiffs surely would not have waited nearly a month to make this request. *See also* ECF No. 51 (letter regarding Plaintiffs' multiple attempts to extend the briefing of this motion, including based on the conflicting assertions that he had both been working on opposition and not working on opposition). Plaintiffs submit no good cause for this delay.

    Moreover, Plaintiffs' objection that new arguments were raised in reply is not true. In opposition, Plaintiffs disclaimed their initial "negligent hiring theory" and pivoted to attempting to hold the Landlord Defendants liable under a general vicarious liability theory, not negligent hiring. ECF 56 at 17-18. They asserted that "even though the Landlord Defendants are not debt collectors, general principals of agency law hold litigants vicariously liable for the acts of their attorneys when the attorney's act within the scope of their authority . . ." *Id.* at 17. They also asserted that "[i]n the case at bar, Landlord Defendants are liable, as parties to the suit and vicariously liable, for inter alia, widespread sewer service in collecting on alleged rental arrears in civil court." *Id.* at 22. In reply to this argument made in opposition to the motion to dismiss, the Landlord Defendants argued that under New York state law, Plaintiffs had not pleaded any facts that would warrant holding the Landlord Defendants vicariously liable for the actions of a process server hired by their counsel, especially because under state law the attorney himself

cannot be held liable to third parties for the actions of the process server he hired unless it is plausibly alleged that the attorney "deliberately hired a disreputable server." ECF No. 55 at 4 (quoting *Mangano v Mantell*, 2009 NY Slip Op 33061[U], *13 (N.Y. Co. 2009)). Moreover, even had they asserted that Mr. Kavulich deliberately hired a disreputable process server, those allegations are implausible considering that there were no alleged complaints against the process server at the time, nor any publicly available records of his alleged services. *Id.* at 5. Moreover, the Landlord Defendants argued that even if the attorney could be held liable, this was a claim that the attorney committed an abuse of process, for which vicarious liability does not attach. *Id.* at 5. And there were no cognizable allegations that the Landlord Defendants exercised actual control over Mr. Kavulich. *Id.* at 6-7.

      As detailed above, had Plaintiffs believed that these were truly new arguments, and not merely arguments responsive to their opposition, they would not have waited nearly a month to seek leave for sur-reply. Moreover, allowing Plaintiffs to further delay in briefing this motion prejudices the Landlord Defendants, as this is a potentially case dispositive motion. Accordingly, the Landlord Defendants respectfully request that the Court deny Plaintiffs' belated request.

                                      Sincerely,
                                      /s/ Allen Schwartz, Esq.