

Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, NY 10038
(347) 682-5075
allen@allenschwartzlaw.com

January 21, 2025

**VIA ECF**
Honorable Lara K. Eshkenazi
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re:  *Gachelin et al v. Kavulich & Associates, P.C. et al*, 1:25-cv-03127-PKC-LKE

Dear Judge Eshkenazi:

 I am counsel to Renaissance Equity Holdings, LLC D ("Renaissance") and Clipper Equity LLC, Clipper Realty Inc., Clipper Realty L.P., and Renaissance Equity Holdings LLC (together with Renaissance, the "Landlord Defendants"). I write to request the Court's assistance in the Landlord Defendants' effort to settle this action, including the scheduling of a settlement conference, and to renew the Landlord Defendants request for a stay of discovery pending the resolution of the Landlord Defendants' motion to dismiss and/or a settlement conference.

 First, regarding settlement, Plaintiffs have rebuffed the Landlord Defendants' attempts to discuss settlement, neither responding to the Landlord Defendants' settlement offers, making any settlement demands themselves, or otherwise engaging in settlement discussions despite the Landlord Defendants' repeated outreach. Moreover, after being rebuffed in early December 2025, to resolve this action against the Landlord Defendants, on December 8, 2025, the Landlord Defendants served an offer of judgment for a total of $72,000.00 exclusive of reasonable attorney's fees incurred as of that date, which would have been determined by the Court had it been accepted by Plaintiffs.

 Since Plaintiffs' have repeatedly stated to the Court that they are seeking garden variety emotional distress damages, to settle the action the offer of judgment was predicated on offering the highest end of the range awarded for such damages. *Zepeda v Halftime Bar & Grill Corp.*, No. 22-CV-02355 (JMA) (SIL), 2023 U.S. Dist. LEXIS 8650, at *4-5 (E.D.N.Y. Jan. 18, 2023) (damages for garden variety emotional distress range from $5000 to $35,000). In addition, Plaintiffs' counsel has represented to the undersigned that the total damages otherwise allegedly incurred, such as travel expenses, total less than $2000. Plaintiffs' counsel has not provided a breakdown of these damages, or documentation, despite repeated demands and requests, both in Plaintiffs' initial disclosures and later, in their responses to discovery demands. The Landlord

Defendants have been repeatedly seeking to meet and confer to resolve this discovery dispute but made the offer of judgement in reliance on counsel's verbal representations.

Thus, the $72,000.00 offer of judgement represented $35,000 for each Plaintiff plus $1000 for each Plaintiff. The Landlord Defendants made this offer of judgment, not because they believe that they are liable to the Plaintiffs (they absolutely contest any liability and believe this action should be dismissed, as they seek in the pending motion to dismiss), but because they have estimated that the costs and expenses of litigating this matter will likely be greater than the damages that Plaintiffs would likely be able to recover against them if they were to prevail. The offer of judgment expired and was not responded to.

Given this situation and given the Landlord Defendants' desire to avoid incurring further unnecessary litigation expenses despite their repeated good faith attempts to resolve the claims against them, the Landlord Defendants respectfully request the Court's assistance and the scheduling of a settlement conference.

<u>Second</u>, the Landlord Defendants also renew their request for a stay of discovery. The burdens and expenses of discovery, in light of the settlement offers that have been made by the Landlord Defendants whose purpose is to obviate the need for wasteful and unnecessary litigation expenditures, as well as the Landlord Defendants' pending motion to dismiss, support staying discovery in this matter pending a settlement conference and/or the resolution of the Landlord Defendants' motion to dismiss. While Plaintiffs' counsel may perceive a benefit from incurring attorney's fees, the Landlord Defendants should not be forced to incur wasteful and unnecessary legal fees while their motion to dismiss is pending and after repeated attempts to settle this matter on what are indisputably good faith proposed terms.[1]

Sincerely,
/s/ Allen Schwartz, Esq.

---

[1] As a further aside, Plaintiffs' counsel recitation of events in his letter with respect to the protective order is misleading and false. On November 25, 2025 and November 26, 2025, Plaintiffs and the Landlord Defendants exchanged draft proposals and discussions of those proposals (the other parties did not comment). During this time, the Landlord Defendants also made a settlement offer. On December 4, 2025, Plaintiffs' counsel inquired about withdrawing the pending motion to dismiss, wherein he also wrote, "will get back to you on protective order in a separate email." The next time that Plaintiffs' counsel responded regarding the protective order was nearly a month later on December 26, 2025, in which counsel said that it was ok with the draft I had proposed. I inquired whether the other parties also consented. The other parties signed off on December 30, 2025. Plaintiffs' counsel then waited until yesterday to file the proposed protective order.