UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LOUIS GACHELIN and DEBORAH ABRAHAMS,

                      Plaintiffs,

   -against-

KAVULICH & ASSOCIATES, P.C.,
GARY KAVULICH,
RENAISSANCE EQUITY HOLDINGS LLC D,
HASHEM HUSSEIN, and
A & F PROCESS SERVICE, INC. d/b/a
ALLIED PROCESS SERVICE,

                      Defendants.
------------------------------------------------------------x

Case No. 1:25-CV-3127

## PLAINTIFF'S ORIGINAL RULE 26(a)(1) DISCLOSURES

    Plaintiff serves the above referenced discovery instrument to the above referenced parties by and through said party's counsel as indicated in the certificate of service below.

Respectfully submitted,

---------------------------------------------
Ahmad Keshavarz
16 Court St, 26th Floor
Brooklyn, New York 11241
ahmad@newyorkconsumerattorney.com
347-308-4859
*Attorneys for Plaintiff*

1

## CERTIFICATE OF SERVICE

I, Ahmad Keshavarz, the attorney for the Plaintiffs, hereby certify that on this day I served the above referenced document to the parties listed below via email to:

    Defendants Kavulich & Associates, P.C. and Gary Kavulich
    By and through their attorneys of record
    Gary Kavulich
    gkavulich@kavulichandassociates.com

    A & F Process Service, Inc., d/b/a Allied Process Service
    By and through their attorneys of record
    Arthur Sanders
    asanders@bn-lawyers.com

    Defendant Renaissance Equity Holdings LLC D
    By and through their attorneys of record
    Allen Schwartz
    allen@allenschwartzlaw.com

    Defendant Hashem Hussein, *pro se*
    By email to hhussein1455@gmail.com

Date: November 5, 2025
      Brooklyn, NY
/s/
Ahmad Keshavarz

1. **The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

    a. Plaintiff, whose contact information is c/o The Law Office of Ahmad Keshavarz, 16 Court Street, 26th Floor, Brooklyn, NY 11241, phone: 347-308-4859. The subject of said person's discoverable information is disclosed in Plaintiff's operative Complaint.
    b. A corporate representative for each corporate defendant, and the corporate officers of the same.
    c. Each individual defendant in their personal capacity.
    d. The employees of Defendants involved in the debt collection activities against Plaintiff.
    e. The entities and persons whose names appear in the document production of any party or non-party in this matter, or in their disclosures of persons with knowledge of relevant facts.
    f. Those entities referenced in the insurance denial letter disclosed by Renaissance Equity Holdings LLC D, including National Real Estate Purchasing Group, dba MRMG, PO Box 308, Lufkin, TX 75902, and Clipper Realty, Attn: Trung Nguyen, 4611 12th Avenue - Suite 1L, Brooklyn, NY 11219.
    g. Beacon Computers, the GPS vendor for Hashem Hussein and Allied Process Service.
    h. Those persons identified in Hashem Hussein and Allied's records as having been allegedly served process by Hashem Hussein.
    i. Those persons identified in the Complaint as instances of facially impossible service carried out by Hashem Hussein on behalf of Allied Process Service.
    j. Friends and family members of Plaintiffs as to emotional distress, including, *inter alia*, Plaintiffs' daughter.

2. **A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

    a. Documents related to the underlying civil court collection lawsuit, *Renaissance Equity Holdings LLC D v. Louis Gachelin and Deborah Abrahams*, CV-010080-23/KI.
    b. Documents relating to the preceding landlord-tenant collection lawsuit, *Renaissance Equity Holdings LLC D against Louis Gachelin*, LT-307764-20/KI, and any other preceding lawsuits filed by any Defendant against Plaintiff Louis Gachelin.
    c. Defendants' records of Plaintiff's rental history and/or rent charges and rent payments.
    d. Any correspondence between Plaintiff and Defendants.
    e. Any document produced by Defendants or by third parties in response to subpoenas.
    f. Other collection lawsuits filed by Defendants.

3. **A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

a. Statutory damages of up to $1,000 under the FDCPA. The factors to be considered in determining the amount of statutory damages include, among other relevant factors, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. Plaintiff does not know the dollar amount of these damages, and leaves its determination to the jury.

b. Economic, monetary damages and other actual damages including, *inter alia* transportation costs and lost time for travel back and forth from Port St. Lucie, Florida to Kings County Civil Court. This specifically includes round-trip airfare from Florida to New York and back to attend four court hearings.

c. Actual damages for emotional distress, anguish, embarrassment and humiliation. Plaintiff does not know the dollar value of these damages. These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages. *See, e.g. Williams v. Trader Publishing Co.*, 218 F.3d 481, 486 n. 4 (5th Cir. 2000) (f these damages. Ty damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)"); *Cresswell v. HCAL Corp.*, No. CV 04-388 BTM (RBB) (S.D. Cal. 2007) (these damages. Ty damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculat amenable to computation. . . . Thus, Plaintiff's failure to provide a computation of his emotional damages is excused and Plaintiff is permitted to seek such damages at trial."); *Morrison Knudsen Corp., v. Fireman'sFund Ins. Co.*, 175 F.3d 1221 (10th Cir. 1999); *Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997) (finding that no computation of compensatory damages attributable to mental anguish was required under Rule 26(a)(1)(C) because such damages would be determined by the trier of fact). *Williams v. Trader Publishing Co.*, 218 F.3d 481, 486 n. 4 (5th Cir. 2000) (ry damages attributable to mental anguish was required under Rule 26(a)(1)(C) because such damages would be determined by the trier of fact). e amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)");Court frequently deny motions to compel computations of emotional distress damages because emotional damages are difficult to quantify, and are generally considered to be a factual issue for the jury. *See, e.g. Maharaj v. California Bank & Trust*, 288 F.R.D. 458, 463 (E.D. Cal. 2013); *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639 (2011).

Mr. Gachelin and Ms. Abrahams experienced significant stress as a result of the civil court collection lawsuit. Upon realizing the suit was for the same rental arrears they had conclusively settled in housing court in 2022, Mr. Gachelin and Ms. Abrahams were dumbfounded. How were they going to pay a judgment for $23,940.39, and why were they being threatened with one since the debt was settled? Would their bank accounts be restrained and their savings seized if they lost in court? Mr. Gachelin and Ms. Abrahams could not sleep at night, worrying what they were going to do, how they were going to be able to fight this when they were ignored and spoken down to when they went to court. They worried about their financial future and felt frustrated by the absurdity and cruelty of the situation. The stress of the lawsuit also contributed to Mr. Gachelin's gaining twenty pounds.

Ms. Abrahams, who is diabetic, experienced blood sugar spikes and troughs as a result of the stress and the associated changes to her appetite. As a result of the stress, Ms. Abrahams was frequently tired and had little desire to eat, altering her eating habits significantly. In the opposite direction than her husband, Ms. Abrahams lost about twenty pounds due to the stress, changes in her appetite, and increased walking, which Ms. Abrahams does in response to stress. Due to the stress, Ms. Abrahams was crying on a weekly basis, and her emotional state was worsened because she did not want Mr. Gachelin to know how stressed she was. Mr. Gachelin and Ms. Abrahams also incurred significant costs defending themselves in the civil court collection lawsuit, including airfare for four trips from Florida to New York and back. They had to charge the flights on a credit card, which they are still trying to pay down, along with substantial interest. As a result of Defendants' repeated dismissals of Mr. Gachelin and Ms. Abrahams's assertions that the debt had already been settled—assertions which Mr. Gachelin and Ms. Abrahams flew up from Florida to make in person at their court appearances—Mr. Gachelin and Ms. Abrahams felt ignored, as if their words had no value. Whenever Mr. Gachelin and Ms. Abrahams asked why Defendants continued to force them to fly up from Florida to defend themselves despite the 2022 settlement, they were only met with boilerplate repetitions of the allegation that more was still owed—an allegation that Renaissance and the Kavulich Defendants actually knew was false or would have known to be false had they checked their own records *or* publicly available court records. Mr. Gachelin and Ms. Abrahams are retirees on fixed incomes, and the prospect of having to pay tens of thousands of dollars in a matter they had already settled in court previously was alarming to them. This prospect hung over their heads from when they learned of the suit in June 2024 to its final dismissal with prejudice in January 2025—causing six months of sustained fear and anxiety for Mr. Gachelin and Ms. Abrahams. Additionally, due to their financial circumstances, Mr. Gachelin and Ms. Abrahams had to put the airfare on their credit card, which they are still paying off.

    d. Exemplary and punitive damages in an amount to be determined by the jury. Among the factors to be considered by the jury are the following: the degree to which Defendants acted intentionally, maliciously, wantonly, or oppressively done; the degree to which Defendants' actions were prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member; the degree to which actions were done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person; and/or the degree to which Defendants' actions were done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person. The income, assets, and financial worth of Defendants are also a factor.

    e. Statutory damages and treble damages under GBL 349 capped at $1,000.

    f. Mandatory treble damages under Judiciary Law 487.

5

4. **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**
    a. Plaintiff has no such insurance policy.
    b. On information and belief, Defendants have such policies.