UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LOUIS GACHELIN and DEBORAH ABRAMS

         *Plaintiff*             Case No. 25-cv-03127-PKC-LKE

         -against-

KAVULICH & ASSOCIATES, P.C., GARY KAVULICH,
RENAISSANCE EQUITY HOLDINGS LLC D,
HASHEM HUSSAIN, and A & F PROCESS SERVICE,
INC. d/b/a ALLIED PROCESS SERVICE

         *Defendants*
------------------------------------------------------------------------x

### DEFENDANT RENAISSANCE EQUITY HOLDINGS LLC D'S
### FIRST INTERROGATORIES TO PLAINTIFFS

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure (the "Rules"), Defendant Renaissance Equity Holdings LLC D ("Renaissance") hereby requests that each of the Plaintiffs respond to these Interrogatories (the "Interrogatories") in writing to the offices of Schwartz Law PLLC, 150 Broadway, Suite 701, New York, New York 10038 within the time required by the Rules,

PLEASE TAKE FURTHER NOTICE that this is a continuing demand. Pursuant to the Rules, Plaintiffs are required to amend or supplement any response previously given to this demand promptly upon obtaining information that the previous response was incorrect or incomplete when made, or that the previous response, though current and complete when made, no longer is correct and complete.

## DEFINITIONS

1. Unless otherwise specifically indicated, the terms listed below are intended to have the following meanings in the text of these Document Requests, in the Definitions themselves and in the Instructions:

2. "Action" as used herein means this action captioned Gachelin et. al. v. Kavulich & Associates, P.C., et. al., Case No. 25-cv-03127-PKC-LKE (EDNY).

3. "Amended Complaint" means the Amended Complaint filed by Plaintiffs in the Action.

4. "Plaintiffs" means Louis Gachelin and Deborah Abrams, both individually and collectively.

5. The term "any" and "each" as used herein should be understood to include and encompass "all."

6. The term "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Document Requests all responses that might otherwise be construed to be outside of its scope.

7. The term "communication" as used herein means any interchange, oral or written, formal or informal, at any time or place, and under any circumstance, whereby information of any nature was transmitted, recorded, transferred and/or memorialized by any method, including but not limited to electronic mail, text message, or WhatsApp message.

8. The term "concerning" as used herein means, in whole or in part, directly or indirectly, relating to, referring to, describing, evidencing, reflecting, constituting, embodying, connected to, in connection with, comprising, regarding, identifying, stating, analyzing, or containing information concerning and/or in any way pertinent to the subject matter.

9. The term "document" as used herein shall have the broadest scope and meaning permissible under Rules and shall include, but not be limited to, writings of every kind and nature including, but not limited to, the originals (or any copies when originals are not available), or any non-identical copies or versions (whether different from the originals because of notes made on such copies or otherwise) of writings, or recordings or every kind and description, whether made by hand or by mechanical, electronic, microfilm, photographs, computer, smartphones, or other means, including, but not limited to, letters, "e-mails," text messages, Instant Messages or chats, Slack messages or chats, WhatsApp messages or chats, calculations, spreadsheets, computer files, notes, telegrams, correspondence, reports, proposals, memoranda, agreements, contracts, subcontracts, contract modifications, recordings, any memorialization of telephone conversations, meeting minutes, conference minutes, inter-office and intra-office communications, work papers, attendance records, work records, progress reports, photographs, photographic negatives, sketches, diagrams, computer printouts, ledger books or other accounting records, court pleadings, administrative filings, checks, drafts, statements, telexes, audio or video recordings, schedules, bar charts, logic diagrams, spreadsheets, network analysis, schedule updates, interoffice correspondence and memos, diaries, daily reports, statistics, receipts, returns, summaries, pamphlets, books, notations of any sort of conversations, bulletins, printed matter, teletypes, telefax, worksheets, studies, analyses, tabulations, comments, notices, manuals, instructions, recorded recollections, all drafts, alterations, modifications, changes and amendments of any of the foregoing, or any other written material of any nature whatsoever as well as all graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings, motion pictures), and any electronic, mechanical, electrical, magnetic, or computer records or representations of any kind (including, without

limitation, computer files, audio and video tapes, cassettes, discs, CD's, DVD's, drives, or recordings in computer memories) and any other written, recorded or reproduced material in the possession, custody, or control of, or in the constructive possession, custody, or control of Fairmont, its attorneys, consultants, agents, or representatives, regardless of the source of such documents.

10. The terms "fact" or "facts" include either the singular or plural as the case may be and mean a thing along, something having actual existence, an actual occurrence or event, or any information presented as having objective reality. The word "evidence" shall include facts.

11. The term "including" as used herein means including but not limited to.

12. The term "person" or "persons" includes, without limitation, all natural persons or any governmental or regulatory agency or institution, corporation, firm, partnership, proprietorship, association, or any other organization or entity in which natural persons combine for business or other purposes.

13. The terms "relate to" or "relating to" as used herein mean all information or documentation which is relevant in any way to the subject matter, including, without limitation, all information or documentation which constitutes, records, reflects, summarizes, evaluates, comments upon, concerns, transmits, or discusses the subject matter of any of the Document Requests.

14. The term "representative" as used herein with regard to a person means and includes and shall include each and every present and former director, officer, partner (general, limited or otherwise), principal, executive, associate, employee, servant, agent, independent consultant, expert, and other person (including attorneys) acting or purporting to act on behalf or at the direction of, or in concert with such person or entity.

15. The terms "you," and "your" means the recipient of these Requests, and any their agents, representatives, employees, attorneys, consultants, or any person acting or purporting to act on behalf of or in concert with or who is subject to the direction or control of any of the foregoing.

16. Without limiting the foregoing, reference to any natural person shall include the person, his or her present and former agents, relatives, servants, employees, representatives, attorneys, assistants, partners, all persons or entities acting or purporting to act on behalf of or in concert with such person, and all persons or entities under or subject to the person's direction or control.

17. Without limiting the foregoing, reference to any entity other than a natural person includes the entity; each of its predecessors and successors; each of its present and former agents, servants, employees, representatives, attorneys, assistants, advisors, subsidiaries, affiliates, divisions, joint ventures, partners, officers, directors, trustees or administrators; all persons or entities acting or purporting to act on behalf of or in concert with the entity; and all persons or entities under or subject to the entity's direction or control.

18. Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common and ordinary sense.

## TIME-PERIOD

19. Unless otherwise specified in a specific Interrogatory, all information sought is for the time period from January 1, 2021 to the present.

## INTERROGATORIES

1. Identify and state any person who has, or may have, knowledge or information relevant to any of the claims asserted in the Amended Complaint.

5

2. Identify and state all persons who have or may have documents or communications responsive to Renaissance's First Request for Production of Damages.

3. State the total amount of each category of damages Plaintiffs allege they suffered, with a breakdown, including for compensatory damages and any alleged emotional damages.

4. Identify and state all the documents and evidence that supports each amount provided in response to Interrogatory No. 4.

5. Identify and state all documents that supports Plaintiffs' claim that they suffered emotional distress as alleged in the Amended Complaint.

6. Identify and state all medical or mental health professionals who have treated Plaintiffs in the past 5 years.

7. Identify and state each person or entity that possesses some or all of Plaintiffs' medical records.

8. Identify and state every prescription medication that Plaintiffs have taken during the past 5 years, the dosage and dosage schedule, and the name and address of the prescribing physician.

9. Identify and state all evidence that Plaintiffs intend to rely upon in support of their claim that they suffered emotional distress as alleged in the Amended Complaint.

10. Identify and state every person, other than their counsel, with whom Plaintiffs have discussed or referenced the emotional distress they allege they suffered in the Amended Complaint.

11. Identify all email addresses used by Plaintiffs.

Renaissance reserves the right to serve additional demands during discovery.

Dated: New York, New York
November 30, 2025

                                                 SCHWARTZ LAW PLLC
                                                 By:__/s/_____
                                                 Allen Schwartz, Esq.
                                                 150 Broadway, Suite 701
                                                 New York, New York
                                                 allen@allenschwartzlaw.com

                                                 *Counsel for Defendant Renaissance Equity Holdings D LLC*