```
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LOUIS GACHELIN and
DEBORAH ABRAHAMS,                                              Case No. 1:25-cv-03127 (PKC) (LKE)

                                Plaintiffs,

   -against-

KAVULICH & ASSOCIATES, P.C.,
GARY KAVULICH,
RENAISSANCE EQUITY HOLDINGS LLC D,
RENAISSANCE EQUITY HOLDINGS LLC,
CLIPPER REALTY, L.P.,
CLIPPER EQUITY, LLC,
CLIPPER REALTY, INC.,
HASHEM HUSSEIN, and
A & F PROCESS SERVICE, INC. d/b/a
ALLIED PROCESS SERVICE

                                Defendants.
-----------------------------------------------------------x
```

**PLAINTIFFS' ORIGINAL ANSWERS TO THE FIRST SET OF DISCOVERY DEMANDS OF DEFENDANT RENAISSANCE EQUITY HOLDINGS LLC D**

Plaintiffs serve the above referenced discovery instrument to the above referenced parties by and through said party's counsel as indicated in the certificate of service below.

> Respectfully submitted,
> /s/
> Ahmad Keshavarz
> THE LAW OFFICES OF AHMAD KESHAVARZ
> 16 Court St., 26th Fl.
> Brooklyn, NY 11241-1026
> Phone: (718) 522-7900
> Fax: (877) 496-7809 (toll-free)
> Email: ahmad@NewYorkConsumerAttorney.com

**CERTIFICATE OF SERVICE**

I, Ahmad Keshavarz, the attorney for the Plaintiffs, hereby certify that on this day I served the above referenced document to the parties listed below via email to:

> Defendants Kavulich & Associates, P.C. and Gary Kavulich
> By and through their attorneys of record

1

Gary Kavulich
gkavulich@kavulichandassociates.com

A & F Process Service, Inc., d/b/a Allied Process Service
By and through their attorneys of record
Arthur Sanders
asanders@bn-lawyers.com

Defendants Renaissance Equity Holdings LLC D, Renaissance Equity Holdings LLC, Clipper Realty L.P., Clipper Equity, LLC, and Clipper Realty, Inc.
By and through their attorneys of record
Allen Schwartz
allen@allenschwartzlaw.com

Defendant Hashem Hussein, *pro se*
By email to hhussein1455@gmail.com

Date: December 29, 2025
      Brooklyn, NY
/s/
Ahmad Keshavarz
Plaintiff's Attorney

## PLAINTIFF'S ORIGINAL ANSWERS TO DOCUMENT DEMANDS[1]

1. All documents and communications that support or contradict Plaintiffs' claim that they suffered emotional distress as alleged in paragraphs 47-57 of the Amended Complaint.

**RESPONSE:** Plaintiffs will produce responsive documents under a separate cover.

2. All documents and communications that evidence the emotional distress alleged in paragraphs 47-57 of the Amended Complaint.

**RESPONSE:** Plaintiffs will produce responsive documents under a separate cover.

3. All documents and communications in which Plaintiffs discuss the lawsuit that was filed on behalf of Renaissance on June 6, 2023 in Kings County Civil Court that is referenced in paragraph 31 of the Amended Complaint.

**RESPONSE:** Plaintiffs will produce responsive documents under a separate cover other than those documents reflecting communications with counsel or their staff.

4. All documents and communications that evidence the damages allegedly suffered by Plaintiffs as a result of the conduct Plaintiffs allege in the Amended Complaint.

5. **RESPONSE:** Plaintiffs will produce responsive documents under a separate cover.

6. All documents and communications that Plaintiffs intend to rely upon at trial to support the claim that they suffered emotional distress as alleged in paragraphs 47-57 of the Amended Complaint.

**RESPONSE:** Plaintiffs will comply with the pre-trial order in this case as to trial exhibits.

7. All documents and communications evidencing Plaintiffs' expenses incurred in connection with traveling as referenced in paragraph 41 of the Amended Complaint.

**RESPONSE:** Plaintiffs will produce responsive documents under a separate cover.

8. All documents and communications showing that Plaintiffs "purchased tickets to fly from their home in Florida to New York to appear at the June 26 hearing" as alleged in paragraph 40 of the Amended Complaint.

**RESPONSE:** Plaintiffs will produce responsive documents under a separate cover.

9. All documents and communications showing that Plaintiffs purchased "airfare from Florida to New York and back" as alleged in paragraph 41 of the Amended Complaint,

---

[1] Plaintiffs reserve their rights to supplement or amend their discovery responses to all discovery demands pursuant to the Fed.R.Civ.P.

and the dates and amounts for any such purchase.

   **RESPONSE:**  Plaintiffs will produce responsive documents under a separate cover.

 10. All documents that support the claim in paragraph 40 of the Amended Complaint that Plaintiffs are "living on a fixed income" and that they "do not have much money."

   **RESPONSE:**  Objection, vague, overbroad.. Given its broad scope and vagueness the demand is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiffs stand on this objection.

 11. All documents evidencing the net worth for Gachelin, including but not limited to all of his monthly bank statements, brokerage statements and retirement account statements.

  **RESPONSE:**  Objection, overbroad. The demands are not relevant to any party's claim or defense. The demand is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiffs stand on this objection.

 12. All documents evidencing the net worth for Abrahams, including but not limited to all of her monthly bank statements, brokerage statements and retirement account statements.

  **RESPONSE:**  Objection, overbroad. The demands are not relevant to any party's claim or defense. The demand is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiffs stand on this objection.

 13. All documents relating to any monies Gachelin or Abrahams received in connection with any settlement between either of them and Renaissance.

  **RESPONSE:**  I do not even understand what this is asking. Please confer with counsel for clarification.

  As currently understood, as this case is about the collection of a debt not owed, the demands are not relevant to any party's claim or defense. The demand is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

 14. All documents and communications supporting the claim in paragraph 49 of the Amended Complaint that "the stress of the lawsuit also contributed to Mr. Gachelin's gaining

4

twenty pounds."

**RESPONSE:**  Plaintiffs will produce responsive documents under a separate cover.

15. All documents supporting the claim in paragraph 50 of the Amended Complaint that "Ms. Abrahams, who is diabetic, experienced blood sugar spikes and troughs as a result of the stress and the associated change of her appetite."

**RESPONSE:**  In this context, the term "all documents" is vague and overbroad. Subject to and without waiving the same, Plaintiffs will produce responsive documents under a separate cover.

16. All documents and communications supporting the claim in paragraph 50 of the Amended Complaint that "[a]s a result of the stress, Ms. Abrahams was frequently tired and had little desire to eat, altering her eating habits significantly."

**RESPONSE:**  Plaintiffs will produce responsive documents under a separate cover.

17. All documents and communications supporting the claim in paragraph 51 of the Amended Complaint that "Ms. Abrahams lost about twenty pounds due to the stress, changes in her appetite, and increased walking, which Ms. Abrahams does in response to the stress."

**RESPONSE:**  Plaintiffs will produce responsive documents under a separate cover.

## **INTERROGATORIES**

1. Identify and state any person who has, or may have, knowledge or information relevant to any of the claims asserted in the Amended Complaint.

**RESPONSE**: Please see the Initial Disclosures of Plaintiffs and any amendments thereto.

2. Identify and state all persons who have or may have documents or communications responsive to Renaissance's First Request for Production of Damages.

**RESPONSE:** Plaintiffs and Defendants; any person Plaintiffs have or will subpoena; persons listed in the document production of any party. See also the Initial Disclosures of Plaintiffs and any amendments thereto.

3. State the total amount of each category of damages Plaintiffs allege they suffered, with a breakdown, including for compensatory damages and any alleged emotional damages.

**RESPONSE**: Please see the Initial Disclosures of Plaintiffs and any amendments thereto.

4. Identify and state all the documents and evidence that supports each amount provided in response to Interrogatory No. 4.

**RESPONSE:** Plaintiffs will produce responsive documents under a separate cover.

5. Identify and state all medical or mental health professionals who have treated Plaintiffs in the past 5 years.

**RESPONSE**: **Objection**. Plaintiffs are seeking "garden variety" emotional distress damages. The demands are not relevant to any party's claim or defense. The demand is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Even if Plaintiffs were seeking medical damages, the scope of the request is overbroad as to seeking all medical providers of any type and any mental health professionals. The time period is also overbroad.

6. Identify and state each person or entity that possesses some or all of Plaintiffs' medical records.

**RESPONSE**: **Objection**. Plaintiffs do not plan to introduce medical records into evidence or seek damages for medical treatment.

7. Identify and state every prescription medication that Plaintiffs have taken during the past 5 years, the dosage and dosage schedule, and the name and address of the prescribing physician.

6

**RESPONSE**: **Objection**. Plaintiffs do not plan to introduce medical records into evidence or seek damages for medical treatment. Even if Plaintiffs did plan to introduce medical records, which they do not, an appropriate request would be narrowly tailored to be relevant to the allegations in the Amended Complaint, not an all-encompassing fishing expedition into Plaintiffs' medical history.

8. Identify and state all evidence that Plaintiffs intend to rely upon in support of their claim that they suffered emotional distress as alleged in the Amended Complaint.

**RESPONSE:** Plaintiffs will comply with the pre-trial order in this case.

9. Identify and state every person, other than their counsel, with whom Plaintiffs have discussed or referenced the emotional distress they allege they suffered in the Amended Complaint.

**RESPONSE**: Please see the Initial Disclosures of Plaintiffs and any amendments thereto.

10. Identify all email addresses used by Plaintiffs.

**RESPONSE**: Not relevant or proportional to the needs of the case. The undersigned is willing to confer with opposing counsel to discuss.