

Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, NY 10038
(347) 682-5075
allen@allenschwartzlaw.com

**VIA EMAIL**                                                                                             December 30, 2025

Ahmad Keshavarz, Esq.
The Law Office of Ahmad Keshavarz
16 Court Street, #2600
Brooklyn, NY 11241
Email: ahmad@newyorkconsumerattorney.com

**Re:  *Gachelin et al v. Kavulich & Associates, P.C. et al*, 1:25-cv-03127-PKC-LKE**

Dear Mr. Keshevarz:

  We represent Renaissance Equity Holdings LLC D ("Renaissance") and write in connection with the document demands and interrogatories Renaissance previously served upon Plaintiffs, and Plaintiffs initial disclosures. This letter is sent on behalf of Renaissance alone. The newly named defendants that appeared earlier this month that the undersigned represents intend to serve their own discovery demands shortly.

  As an initial matter, the interrogatory responses are unsworn and unsigned by your clients as required by the Federal Rules of Civil Procedure. *See* Fed R. Civ. P. 33. With respect to the first, second and third interrogatories, Plaintiffs merely refer to the initial disclosures, which are themselves deficient, because they, among other things, fail to provide a breakdown of the damages claimed by Plaintiffs, both alleged actual and emotional distress damages, or provide any supporting documentation. And whatever Plaintiffs' claim that they can avoid responding in the context of initial disclosures, does not apply in the context of interrogatories, which are a separate discovery device. Moreover, with respect to interrogatory number 2, Plaintiffs refer to the initial disclosures, when the question asked is by the interrogatory is entirely different and, by the nature of the questions, does not represent the scope of people with responsive information. With respect to interrogatory number 9, Plaintiffs likewise respond with a generic referral to the initial disclosures, in a question asking them to identify who they discussed their alleged emotional distress with. This is wholly unresponsive.

  The responses to requests numbers 5-7 interpose objections but those objections are unavailing since Plaintiffs expressly allege medical conditions in the Amended Complaint in

connection with their alleged emotional distress, placing their medical histories at issue. Plaintiffs' response to number 8 is wholly inadequate, pointing to a future pre-trial order as a response to what evidence it intends to rely upon in support its claim for emotional distress damages. Finally, Plaintiffs improperly object to the provision of their email addresses, which is directly relevant to document discovery.

The responses to the document demands are deficient, failing to address, and omitting, numerous demands at all, specifically demands 18-26.

Plaintiffs' objection to request number 10 as vague and overbroad is nonsensical as the demand quotes Plaintiffs' allegation that "are living on fixed income" and " do not have much money" and seeks all documents that support that allegation. Moreover, it is relevant because it is an allegation in the Amended Complaint which Plaintiffs rely upon. Similarly, numbers 11-12 seek basic information that would corroborate or contradict Plaintiffs' own allegation in the Amended Complaint that they "do not have much money." The discovery is proportional because it goes directly to the claims in their own pleading.

Number 13 seeks information regarding monies received from Renaissance in connection with prior settlements between them and Renaissance. Plaintiffs' objection that number 15 is vague and overbroad is again nonsensical because the request literally seeks the documents that support Plaintiffs' own specific allegation in the Amended Complaint and quotes the specific allegations. Plaintiffs cannot make allegations and then not produce the documents that support the allegation.

This is a non-exhaustive list of the deficiencies in the responses and made without waiver. Please cure these deficiencies by December 31, 2025 or provide a time to meet and confer on or before that day.

                Sincerely,

                /s/ Allen Schwartz, Esq.

cc: Defendant Gary Kavulich, Esq. and Kavulich & Associates, P.C.
(via email)
Arthur Sanders, Esq., counsel for Defendant A & F Process Service Inc.
(via email),
Hashem Hussein, Pro Se.
(via email)