# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT STREET, #2600  
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

February 5, 2026

**VIA ECF**

Magistrate Judge Lara K. Eshkenazi  
United States District Court, Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:    **Plaintiff's Letter Motion to Compel Discovery from Landlord Defendants**  
              *Gachelin et al. v. Kavulich & Associates, P.C. et al.*, 1:25-cv-03127-PKC-LKE

Dear Judge Eshkenazi:

      The undersigned represents Plaintiffs in this action against Defendants Kavulich & Associates, P.C., a debt collection law firm, and its principal Gary Kavulich ("the Kavulich Defendants"); Renaissance Equity Holdings LLC D ("Renaissance"), a landlord which retained, directly or through a servicer, the Kavulich Defendants to collect rental arrears against consumers including the Plaintiffs for a debt that previously settled in Landlord Tenant Court; A & F Process Service Inc. d/b/a Allied Process Service ("Allied"), a process serving company which Plaintiffs allege submitted a false affidavit of service against Plaintiffs on behalf of the Kavulich Defendants and Renaissance; and Hashem Hussein, a licensed process server who executed the affidavit of service. The complaint has been amended since its initial filing to add additional defendants, all of them entities related to Renaissance Equity Holdings LLC D: Renaissance Equity Holdings LLC, the umbrella LLC which owns and controls the various Renaissance Equity Holdings LLCs A-F; Clipper Realty, Inc., the publicly-traded parent company which controls, through ownership and a shared set of executive officers, subsidiaries spanning a massive New York real estate conglomerate including all of the Renaissance LLCs; Clipper Equity, LLC, the managing entity of the Clipper Realty conglomerate; and Clipper Realty, L.P., the operating partnership of the Clipper Realty conglomerate.

      On November 5, 2025, the Landlord Defendants (then consisting only of Renaissance Equity Holdings LLC D) answered Plaintiffs' first set of discovery demands, making boilerplate objections and producing no documents. Exhibit A (Landlord Defendants' Discovery Answers). On a November 25 call to confer, opposing counsel indicated he would be withdrawing the boilerplate objections and producing responsive documents, but that he required a protective order in order to produce *any* documents.

      After many weeks of negotiations, Plaintiffs filed a motion to enter to a protective order [Dkt. No. 58], which was granted the next day [Dkt. No. 59]. Rather than complying with their counsel's own statement that the Landlord Defendants would produce documents after the entry of a protective order, the Landlord Defendants filed, without consultation, a second motion to stay discovery.

      Plaintiffs now move to compel discovery. The Landlord Defendants agreed to withdraw

objections, but have not done so. The Landlord Defendants agreed to produce documents after entry of a protective order, but have instead once again moved to stay discovery and continue to refuse to produce any documents. Plaintiffs refrained from filing a motion to compel until after the resolution of the protective order to see what would actually be produced—and as nothing has been produced despite the entry of a protective order, Plaintiffs now reluctantly seek relief from the Court.

After unsuccessfully attempting to reach counsel for the Landlord Defendants to confer via phone on November 18 at 3:45 PM, November 19 at 9:41 AM, and November 24 at 4:55 PM, each time leaving a message requesting to speak regarding discovery, Plaintiffs' counsel met and conferred with counsel for the Landlord Defendants via phone for 20 minutes on November 26, 2025, and the parties were unable to resolve their disputes at this conference. Plaintiffs' counsel made a number of unreturned and unanswered calls on December 9, 2025, in further efforts to resolve these discovery dispute without court intervention. Plaintiffs' counsel further negotiated the language of a protective order, since entered by this Court, to expedite discovery, only for the Landlord Defendants to file a renewed motion for a stay of discovery. Plaintiffs therefore file this motion to compel the discovery of various documents from Renaissance, which has produced no responsive documents to date and only asserted boilerplate, unexplained, general objections. the Landlord Defendants have produced nothing but a wall of objections, with the exception of limited, incomplete documents regarding the Landlord Defendants' insurance coverage (RFPs #9-10) and a promise to produce a manual in the event that produced documents contain abbreviations or codes which a manual in Renaissance's possession would explain (RFP #12).

Many of the Landlord Defendants' objections are ridiculous on their face; the Landlord Defendants claim, for example, that the term "putative debt," which Plaintiffs specifically define in their requests as "the putative debt alleged in the state court case captioned *Renaissance Equity Holdings LLC D against Louis Gachelin and Deborah Abrahams*, CV-10080-23/KI in Kings County Civil Court," is "vague and ambiguous," and makes the same boilerplate objection to the remainder of RFP #1, likewise asserting that "documents regarding Plaintiffs" and "attempts to collect the debt" are also vague and ambiguous. Objections to requests on the grounds of insufficiently or ambiguously defined terms are routinely rejected where the objections claim an ambiguity in a term specifically defined in the discovery requests being objected to. *See e.g. Ghabra v. Palisades Collection, LLC*, 2022 WL 17489969 at *1 ("putative debt" not ambiguous where specifically defined in relation to a specific lawsuit identified by index number) (E.D.N.Y. 2022); *Bueno v. LR Credit 18, LLC*, 2017 WL 2712885 at *3 (documents related to plaintiff to be produced) (E.D.N.Y. 2017). Beyond this, Renaissance's objections to Plaintiffs' RFPs #1-6 are exactly the sort of vague, unelaborated, boilerplate objections which are invalid under Fed. R. Civ. P. 34(b)(2)(B) and 34(b)(2)(C); *see e.g. Ghabra* at *1 (court declines to consider insufficiently specific objections); *Fritz v. LVNV Funding, LLC*, 587 F.Supp.3d 1 at 5-6 (E.D.N.Y. 2022) (objection of vagueness is insufficient where unsupported by detailed affidavits or other specific evidence); *Grant v. Geller*, 2023 WL 2697739 at *3 (requiring defendants provide detailed affidavits supporting otherwise vague objections) (E.D.N.Y. 2023).

The Landlord Defendants further object on the grounds of privilege to nearly every Request for Production—but do not produce a privilege log as is required when a defendant withholds documents on the grounds of privilege. *Grant*, 2023 WL 2697739 at *6; *O'Connor v.*

2

*Gemini Asset Recoveries, Inc.*, 2009 WL 5102790 at *1 (E.D.N.Y. 2009); *Oglesby v. Alltran Financial LP*, 2020 WL 281338 at *2 (E.D.N.Y. 2020). The Landlord Defendants also fail to produce various classes of documents which are routinely produced in FDCPA cases as necessary to the accurate investigation and just resolution of the dispute, including account notes and other internal records regarding Plaintiffs (RFP #3); documents or information sufficient to identify every person involved in the collection of the debt (RFP #4); its retainer and/or collection agreements with its chosen collection firms (RFP #5); and policies and procedures regarding the collection and settlement of rental arrears (RFPs #6, 8).

Account notes and internal records regarding the plaintiff are routinely produced, including on motions to compel, in FDCPA cases: *see e.g. Oglesby*, 2020 WL 281338 at *3; *Gomez v. Inovision-Medclr Portfolio Group, LLC*, 2014 WL 4243169 at *1 (S.D.N.Y. 2014); *O'Connor*, 2009 WL 2697739 at *1-2. So too are documents or information identifying persons involved in the collection of the underlying debt. *See e.g. O'Connor* at *2; *Oglesby* at *2-3; *Gomez* at *1. Retainer and collection agreements are also routinely produced and compelled for production. *See e.g. Khan v. Midland Funding, LLC*, 956 F.Supp.2d 515, 516-17 (S.D.N.Y. 2013); *Gomez* at *1; *Oglesby* at *3; *Torres v. Toback, Bernstein & Reiss LLP*, 278 F.R.D. 321, 322-23 (E.D.N.Y. 2012). Policies and procedures, such as collection manuals, are likewise regularly produced. *See e.g. Oglesby* at *4; *O'Connor* at *2; *Khan* at 516-17; *Ghabra* at *2-4.

The Landlord Defendants also make cursory, boilerplate objections to a number of categories of document plainly relevant to the alleged underlying debt and the state court collection lawsuit which forms the basis for this federal claim, including: documents which were the basis of the demand for the demand in the summons and complaint in the Lawsuit, the very lawsuit which forms the basis of this FDCPA claim (RFP #7), which would necessarily relate to the underlying debt alleged in the Lawsuit which forms the basis for this federal case; correspondence regarding the Lawsuit and the LT Settlement, both of which are terms specifically defined in Plaintiffs' discovery requests (RFP #15) and both of which relate to the validity or lack thereof of the underlying debt and Lawsuit; documents reflecting payments made by Plaintiffs since August 1, 2021 (RFP #17), which would go to establish any discrepancies or inaccuracies in Defendants' calculation of Plaintiffs' alleged debt; and contracts governing the relationships between Renaissance Equity Holdings LLC D and other Flatbush Gardens entities, including but not limited to Clipper Realty and the other Renaissance Equity Holdings LLCs (RFP #18), which are now even more relevant with Renaissance Equity Holdings LLC and three Clipper entities newly added as defendants.

Plaintiff moves to compel Landlord Defendants to fully answer interrogatory # 1 as to themselves ("Identify all persons who have knowledge of relevant facts, identify the issues upon which you believe they have knowledge.") Landlord Defendants disclose two individuals but do not "identify" them as per Local Rule 26.3(c)(3).[1] The Landlord Defendants disclose "Isabella Shim, employee of Renaissance and its affiliates" but does not identify the specific employer, especially as there are now five different entities that form the basis for Landlord Defendants. For which one is she an employee? Landlord Defendants disclose Elena Mountogianakis, former

---

[1] Local Rule 26.3(c)(3) "Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment."

3

employee of Renaissance and its affiliates. This does not disclose which of the Landlord Defendants (or some other entity) she was an employee for; does not disclose her current employer; and does not provide her present or last known address. The Landlord Defendants need to either provide the residential address of current employee Isabella Shim or indicate they will not require a subpoena for her testimony, only a notice.

Plaintiff moves to compel a full and complete answer to interrogatory # 10. ("Separately identify the owner and property management company of the unit and building in which Plaintiffs resided prior to the LT Settlement.") The answer was: "Defendant is the sole owner of the unit and building in which Plaintiffs resided prior to the LT Settlement. The building and unit is self-managed by Defendant."  This is obviously untrue given the evidence attached to the First Amended Complaint.

Plaintiff moves to compel the answer to interrogatory # 11. ("Identify any and all persons and entities who act on your behalf to collect rental arrears, including but not limited to sending collection notices and forwarding accounts to law firms for collection litigation.")  Landlord Defendants object. This is goes to the relationship of the various Landlord Defendants, and perhaps other related entities.

Plaintiff moves to compel the answer to interrogatory # 12. ("Identify any other corporate entities involved in your ownership and management of the Flatbush Gardens complex.") Landlord Defendants object.  This is goes to the relationship of the various Landlord Defendants, and perhaps other related entities.

Plaintiff moves to compel the answer to interrogatory # 13. ("Provide an accounting of what you claim is owed by Plaintiffs, from the filing of the 2020 LT suit bearing the index number LT-307764-20/KI to the present.")  Landlord Defendants make a nonsensical objection.[2] Oddly, Landlord Defendants propound a similar discovery demand. Thw Landlord Defendants sued Plaintiffs' for rent. The calculation of that amount is not unreasonable. To say it may be in the court file is non-responsive and, moreover, all that information is not true. Further, if the Landlord Defendants claim Plaintiffs owe any amount of money after the signature of the Stipulation settling any claim for rent, they need to disclose that. The answer should be zero of the signature of on the Stipulation but if not they need to explain.

On December 26, 2025 Plaintiff served discovery demands on the new Landlord Defendants. They were the same demands with an additional request for production # 18: (Any contracts governing the relationship between Renaissance Equity Holdings LLC D and other Flatbush Gardens entities, including but not limited to Clipper Realty and the other Renaissance Equity Holdings LLCs.).  It would appear RFP # 18 would just be a subcategory of existing RFP # 6 ("Any contracts or agreements that govern the collection of the putative debt.") In any event, for simplicity, the motion to compel the Landlord Defendants in fact applies to all Landlord Defendants, even if only originally propounded on Renaissance Equity Holdings LLC D. However, the discovery demands against the new landlord defendants included requests for admission, which have been deemed by operation of rule.

---

[2] Plaintiff [sic] objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard interrogatory requests. Defendant further objects because the interrogatory seeks irrelevant information and because 2020 LT suit itself provides the amount sought in unpaid rent and use and occupancy.

For the reasons stated above, Plaintiffs hereby move for an order that:

1. Compel the Landlord Defendants to fully answer Requests for Production # 1-8, 11, 13-18, and provide responsive documents.

2. Compel the Landlord Defendants to fully answer Interrogatories 1, 10, 11, 12, 13.

3. Compel the Landlord Defendants to fully answer, from the December 26, 2025 discovery demands, request for production # 18 ("Any contracts governing the relationship between Renaissance Equity Holdings LLC D and other Flatbush Gardens entities, including but not limited to Clipper Realty and the other Renaissance Equity Holdings LLCs.")

4. To the degree the motion to compel is granted, the Landlord Defendants are to produce fully responsive documents and interrogatory answers within 7 days;

5. The requests for admission of the December 26, 2025 discovery demands have been deemed by operation of law and Plaintiff would oppose an application to vacate the admissions.

Respectfully,
/s/
Ahmad Keshavarz

## Certificate of Conference

I met and conferred with Allen Schwartz, counsel for Landlord Defendants, in good faith to avoid the necessity of obtaining the relief requested in this application without court action, but those attempts failed.

I spoke with Mr. Schwartz on November 6, 2025 and indicated I believed all of the responses contained boilerplate objections. I indicated that there was almost nothing to discuss because there was nothing but the same boilerplate objections, over and over again. And, more to the point, I wanted to know when they would produce documents.

After called Mr. Schwartz to confer via phone regarding discovery on November 18 at 3:45 PM, November 19 at 9:41 AM, and November 24 at 4:55 PM, each time leaving a message requesting to speak regarding discovery, and did not receive a return call. I had also sent a number of emails asking for a return call to discuss the discovery issues and indicated if he would not get back to me then I would be forced to file a motion to compel.

I conferred with Mr. Schwartz via phone for 20 minutes on November 26, 2025. We discussed Plaintiff's concerns about the non-responsiveness of the answers of the Landlord Defendants, in particular the boiler plate discovery answers and the failure to produce any documents whatsoever. We were unable to resolve the dispute during the call.

Plaintiffs' counsel made a number of unreturned and unanswered calls on December 9, 2025, in further efforts to resolve this discovery disputes without court intervention.

Counsel for the Landlord Defendants indicated he would produce documents once a Protective order was in place. I worked on language for the protective order. I obtained the signatures of all of the Defendants except counsel for the Landlord Defendants. On January 20, I filed [Dkt. No. 59] a motion t enter protective order, which the Court granted on January 21. I had withheld filing a motion to compel up until that point because Mr. Schwartz represented to me he would produce documents when the protective order. Rather than produce documents,

5

Landlord Defendants filed a Motion to Stay discovery on January 21.

Dated: February 5, 2026
Brooklyn, NY
/s/
Ahmad Keshavarz