UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LOUIS GACHELIN and
DEBORAH ABRAHAMS,

     Case No. 1:25-cv-03127 (PKC) (LKE)

                 Plaintiffs,

  -against-

KAVULICH & ASSOCIATES, P.C.,
GARY KAVULICH,
RENAISSANCE EQUITY HOLDINGS LLC D,
HASHEM HUSSEIN, and
A & F PROCESS SERVICE, INC., d/b/a
ALLIED PROCESS SERVICE,

                Defendants.
------------------------------------------------------------x

## PLAINTIFFS' FIRST SET OF DISCOVERY DEMANDS TO DEFENDANTS

    Plaintiff serves the above referenced discovery instrument to the above referenced parties by and through said party's counsel as indicated in the certificate of service below.

                 Respectfully submitted,
                 /s/
                 Ahmad Keshavarz
                 THE LAW OFFICES OF AHMAD KESHAVARZ
                 16 Court St., 26th Fl.
                 Brooklyn, NY 11241-1026
                 Phone: (718) 522-7900
                 Fax: (877) 496-7809 (toll-free)
                 Email: ahmad@NewYorkConsumerAttorney.com

## CERTIFICATE OF SERVICE

I, Ahmad Keshavarz, the attorney for the Plaintiffs, hereby certify that on this day I served the above referenced document to the parties listed below via email to:

    Defendants Kavulich & Associates, P.C. and Gary Kavulich
    By and through their attorneys of record
    Gary Kavulich
    gkavulich@kavulichandassociates.com

    A & F Process Service, Inc., d/b/a Allied Process Service
    By and through their attorneys of record

      Arthur Sanders
      asanders@bn-lawyers.com

      Defendant Renaissance Equity Holdings LLC D
      By and through their attorneys of record
      Allen Schwartz
      allen@allenschwartzlaw.com

      Defendant Hashem Hussein, *pro se*
      By email to hhussein1455@gmail.com

Date: October 6, 2025
      Brooklyn, NY

/s/
Ahmad Keshavarz
Plaintiff's Attorney

## DEFINITIONS AND INSTRUCTIONS

Plaintiff incorporates by reference the uniform discovery definitions of Local Rule 26.3. In addition to the uniform discovery definitions of Local Rule 26.3, following terms shall have the following meanings:

1. "**Plaintiffs**" means the Plaintiffs in this federal lawsuit, Louis Gachelin and Deborah Abrahams.

2. "**Defendants**" means the defendants in this federal lawsuit: Kavulich & Associates P.C., Gary Kavulich, Renaissance Equity Holdings LLC D, Hashem Hussein, and A & F Process Service, Inc. d/b/a Allied Process Service.

3. "**Attorney Defendants**" means Kavulich & Associates, P.C., Gary Kavulich, and all their agents, successors, predecessors, divisions, subsidiaries, present and former officers, and all other persons acting on behalf of Kavulich & Associates, P.C., or Gary Kavulich in his capacity as counsel for the Landlord Defendants.

4. "**Landlord Defendants**" means Renaissance Equity Holdings LLC D and all its agents, successors, predecessors, divisions, subsidiaries, present and former officers, and all other persons acting on behalf of Renaissance Equity Holdings LLC D or its agents, successors, predecessors, divisions, subsidiaries, and present and former officers.

5. "**Process Server Defendants**" means Hashem Hussein, A & F Process Service, Inc. d/b/a Allied Process Service, and all their agents, successors, predecessors, divisions, subsidiaries, present and former officers, and all other persons acting on behalf of A & F Process Service, Inc. d/b/a Allied Process Service.

6. "**You**" or "**Your**" means "Defendants', their successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.

7. "**Possession, custody, or control**" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.[1]

8. The term "**person**" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

9. The term "**Putative Debt**" means the putative debt alleged in the state court case captioned *Renaissance Equity Holdings LLC D against Louis Gachelin and Deborah Abrahams,* CV-10080-23/KI in Kings County Civil Court.

10. The term "the **Lawsuit**" means the state court case captioned *Renaissance Equity Holdings LLC D against Louis Gachelin and Deborah Abrahams,* CV-10080-23/KI in Kings County

---

[1] Please note that "the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'" *MTB Bank v. Federal Armored Express*, 93 Civ. 5594 (LBS), 1998 WL 43125 at * 4 (S.D.N.Y. Feb. 2, 1998) ("Under Fed.R.Civ.P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'"). *See also Polanco v. NCO Portfolio Management, Inc.*, 2013 WL 3733391at * 2 (S.D.N.Y. July 15, 2013) ("To the extent that [the debt collection law firm] Harris, by virtue of its representation of Defendant [NCO in the state court collection lawsuit], is holding documents that are relevant, responsive to Plaintiff's document requests to Defendant [in this FDCPA action], and not subject to a claim of privilege or work product, Defendant shall, no later than three weeks from the date of this Order, produce those documents to Plaintiff, as such documents are within Defendant's "control" for purposes of the discovery rules.").

    Civil Court.

11. The term "**Rent Ledger**" means a document the same or substantially similar to pages 45-49 of the document attached as **Exhibit D** to the Original Complaint in this action.

12. The term "**LT Settlement**" means the stipulation of settlement, NYSCEF Doc. No. 14 in the action LT-307764-20/KI, so-ordered on October 21, 2022.

13. When referring to a person, to "**identify**" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

14. To "**identify**," when referring to documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

15. When a document production demand asks for "documents sufficient to demonstrate…," you may use an affidavit to respond to the demand if you wish.

16. These requests are continuing in nature. If any responsive documents come into your possession, custody or control after the service of your responses hereto, said additional documents shall be delivered to the undersigned expeditiously thereafter.

17. If a requested document no longer exists, state the reasons for the document's unavailability or nonexistence. If the requested document is no longer in your possession, identify the location of the document and from whom the document could be obtained.

18. Produce all documents in their original files as they are kept in the usual course of business. If any document produced has been removed from its original location, indicate such on the document produced, or produce a separate index noting the location in which the document was found.

19. Unless otherwise requested in a specific demand, **the Relevant Time Period for the requests is January 1, 2020 to the present**.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**PLEASE NOTE**: If the documents sought exist in an electronic form (e.g., a database of dates and locations of putative service of process) please produce those documents in its native electronic format. Please produce a privilege log if you are asserting any attorney-client privilege, attorney work-product privilege, or assertion of confidentiality that complies with Local Rule 26.2(a) and (b).

Please produce all of the following documents in your possession, custody, or control:

1. Documents regarding Plaintiff, the putative debt, or attempts to collect the putative debt.
2. The recordings of telephone calls with Plaintiff or any person regarding Plaintiff, the putative, or attempts to collect the putative debt.
3. Your account notes, screen shots, and any other documentation regarding Plaintiff, the putative debt, or attempts to collect the putative debt.
4. Documents sufficient to demonstrate the identity of every person who was involved in attempts to collect the debt.
5. Any contracts or agreements that govern the collection of the putative debt.
6. The documents reflecting the policies and procedures in connection with the use of rent ledgers and/or breakdowns such as the Rent Ledger used in the Lawsuit against Plaintiff.
7. The documents that were the basis of the demand for $23,940.39 in the Lawsuit, including but not limited to account notes, court documents, and screenshots of any program used to generate the Lawsuit.
8. Documents reflecting the policies and procedures in connection with the settlement of putative rental arrears, including the policies and procedures in connection with the authorization of the LT Settlement.
9. Any insurance policies and declaration sheets, and renewals, that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to your insurance carrier.
10. The correspondence regarding insurance coverage for the claims brought in this suit, including the application for coverage and response from the carrier, if any.
11. The documents you refer to in your initial disclosures.
12. If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.
13. Every document that you intend to use or introduce into evidence at the trial of this case.
14. Documents upon which you base your affirmative defenses, including bona fide error.

15. Correspondence and other documents, including emails and texts, with any person regarding the putative debt, the Lawsuit, and/or the LT Settlement.

16. Documents the Landlord Defendants received upon their purchase and/or at the start of their management of the building in which Plaintiff lives, including any rent rolls, leases, or Section 8 documents, excepting any documents already filed with the court in the Lawsuit.

17. Documents showing receipt of payments the Landlord Defendants received from Plaintiff from August 1, 2021 through the present.

18. Any contracts governing the relationship between Renaissance Equity Holdings LLC D and other Flatbush Gardens entities, including but not limited to Clipper Realty and the other Renaissance Equity Holdings LLCs.

Electronic records of the Process Server Defendants' logbooks for the Relevant Time Period. This request, when directed at Defendant Hussein, is not limited to logbooks associated with A & F Process Service, Inc. d/b/a Allied Process Service. This request, when directed at Defendant A & F Process Service, Inc., is not limited to records of Hashem Hussein's service of process but includes other process servers employed or contracted by the company.

## INTERROGATORIES

1. Identify all persons who have knowledge of relevant facts, identify the issues upon which you believe they have knowledge.

2. Identify the name and address of every witness you expect to call at the trial of this case.

3. Identify all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.

4. Identify the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements.

5. If documents responsive to Plaintiff discovery demands are in the possession of a third party, identify that third party and the documents you believe in their possession.

6. For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

7. If your document production uses abbreviations, codes, or identifies persons only by firm name or initials, please identify the meaning of each abbreviation or code, and "identify" each such person.

8. For Landlord Defendants and Attorney Defendants: Why did you file suit against Plaintiffs for putative rental arrears following the execution of the LT Settlement?

9. For Landlord Defendants and Attorney Defendants: Why did you prolong the Lawsuit after Plaintiffs informed you of the LT Settlement?

10. For Landlord Defendants: Separately identify the owner and property management company of the unit and building in which Plaintiffs resided prior to the LT Settlement.

11. For Landlord Defendants: Identify any and all persons and entities who act on your behalf to collect rental arrears, including but not limited to sending collection notices and forwarding accounts to law firms for collection litigation.

12. For Landlord Defendants: Identify any other corporate entities involved in your ownership and management of the Flatbush Gardens complex.

13. For Landlord Defendants: Provide an accounting of what you claim is owed by Plaintiffs, from the filing of the 2020 LT suit bearing the index number LT-307764-20/KI to the present.

14. For Attorney Defendants: Identify any and all representatives, employees, agents, entities, and persons acting on behalf of the Landlord Defendants with whom you communicated in connection with the Lawsuit.

15. For Attorney Defendants: What documents did you have substantiating Landlord Defendants' claims at the time you filed the Lawsuit?

16. For Process Server Defendants: Identify any and all software vendors you use for your electronic logbooks and GPS tracking.

**REQUESTS FOR ADMISSION**

Admit or deny the following.

1. You are a debt collector as defined in the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.

2. The putative debt you sought to collect in the Lawsuit was an alleged obligation incurred primarily for family, personal, or household purposes.

3. For Attorney Defendants and Landlord Defendants: You regularly file actions in Landlord Tenant Court seeking to collect from consumer tenants, alleged past due rent.

4. You use the mails in connection with Your business.

5. For Attorney Defendants and Landlord Defendants: You regularly use ledgers the same or substantially similar to the Rent Ledger.

6. For Attorney Defendants and Landlord Defendants: The LT Settlement waived any and all rental arrears in exchange for Plaintiffs' surrendering the premises.

7. The LT Settlement was so-ordered by Housing Court Judge Malikah Sherman on October 21, 2022.

8. You sought to collect rental arrears through the Lawsuit after the execution of the LT Settlement.