UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LOUIS GACHELIN and DEBORAH ABRAMS,

        Plaintiffs                                 Case No. 25-cv-03127-PKC-LKE

        -against-

KAVULICH & ASSOCIATES, P.C.,
GARY KAVULICH,
RENAISSANCE EQUITY HOLDINGS LLC D,
HASHEM HUSSAIN, , and A & F PROCESS
SERVICE, INC. d/b/a ALLIED PROCESS SERVICE

        Defendants
-------------------------------------------------------------------X

### DEFENDANT RENAISSSANCE EQUITY HOLDINGS LLC D'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Defendant Renaissance Equity Holdings LLC D ("Defendant") by its undersigned counsel, for its objections and responses to Plaintiffs' First Set of Requests for the Production of Documents ("Notice to Produce"), responds as follows:

### PRELIMINARY STATEMENT

By this response and its production of documents, Defendant does not intend to waive, and expressly reserves, its attorney-client, work product and other applicable privileges. Any disclosure of privileged information is inadvertent and should not be construed as a waiver, express or implied, of any privilege. Defendant also reserves the right to amend, correct, or supplement these objections and responses,

These responses and objections, and production of documents, are made without waiving, and expressly reserving, the right:

    1.    to amend or supplement the responses and objections and production at any time; and

2. to object on any grounds whatsoever to the use in evidence or any other use of these responses and objections and documents produced in this or any other proceeding by these parties or any other parties or non-parties.

## GENERAL OBJECTIONS

1. Defendant objects to each Request to the extent it seeks documents protected by the attorney–client privilege, work-product doctrine, or any other applicable privilege.

2. Defendant objects to each Request as overbroad, unduly burdensome, vague, ambiguous, and lacking reasonable particularity.

3. Defendant objects to each Request to the extent it is not proportional to the needs of the case.

4. Defendant objects to each Request to the extent it demands production of confidential, proprietary, or private information.

5. Defendant objects to each Request that seeks documents not within its possession, custody, or control.

6. Defendant objects to each Request that seeks publicly available documents or information equally accessible to Plaintiffs.

7. Defendant objects to producing electronically stored information ("ESI") that is not reasonably accessible due to undue burden or cost.

8. Defendant objects to each Request seeks information outside the relevant time period or scope of the pleadings.

9. Defendant objects to each Request that seeks the production of documents which will not lead to the discovery of admissible evidence and which are not relevant to or material and necessary for the prosecution or defense of this action.

10. Defendant objects to each Request to that demands the production of documents without the entry of a protective order governing the treatment of confidential information. Defendant will not produce documents absent the entry of a protective order governing the disclosure of confidential information.

11. Defendant incorporates these General Objections into each specific response below, as if fully set forth therein.

## **SPECIFIC OBJECTIONS AND RESPONSES**

Defendant asserts each of the General Objections set forth above to each specific request made in the Notice to Produce. In addition to these General Objections, Defendant will also state specific objections to each specific request made in the Notice to Produce, where appropriate. By setting forth specific objections, Defendant does not intend to limit, restrict, or waive the General Objections set forth above. Each is expressly incorporated in the Specific Objections. To the extent that Defendant responds to the Notice to Produce and requests to which they object, such responses are not intended to waive Defendants' objections. Finally, the fact that Defendant responds by stating that it is producing documents responsive to a particular request made in the Notice to Produce <u>is not an admission or representation by Defendant that it has such responsive documents or has produced them</u>, but simply means that Defendant and its counsel will conduct a reasonable search for such documents, and, if they exist, will make them available for inspection and copying.

Each paragraph number below corresponds to the specific request number of the request made in the Notice to Produce.

**Request No. 1: Documents regarding Plaintiff, the putative debt, or attempts to collect the putative debt.**

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, disproportionate, and lacking in reasonable particularity. Defendant further objects to the terms "documents regarding plaintiff," "the putative debt," and "attempts to collect the debt" as being vague and ambiguous. This request also seeks information that is irrelevant insofar as it seeks information that is not relevant to the issues in this case, seeks privileged and confidential information, and imposes undue costs. The likely benefit of this discovery is outweighed by its burden or expense considering the amount in controversy and the importance of the issues.

Subject to and without waiving these objections, Defendant will undertake a reasonable search and produce non-privileged, responsive documents, if any, that are within its possession, custody, or control, to the extent they are directly responsive to the allegations in the pleadings.

**Request No. 2: The recordings of telephone calls with Plaintiff or any person regarding Plaintiff, the putative, or attempts to collect the putative debt.**

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, disproportionate, and lacking in reasonable particularity. Defendant also objects to the terms "regarding plaintiff," or "the putative" as vague and ambiguous. Defendant further objects that the request seeks information that is irrelevant to the issues in this case, seeks privileged and confidential information, and imposes undue costs. The likely benefit of this discovery is outweighed by its burden or expense considering the amount in controversy and the importance of the issues.

Subject to and without waiving these objections, Defendant will undertake a reasonable search and produce non-privileged, responsive documents, if any, that are within its possession, custody, or control, to the extent they are directly responsive to the allegations in the pleadings.

**Request No. 3.: Your account notes, screen shots, and any other documentation regarding Plaintiff, the putative debt, or attempts to collect the putative debt.**

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, disproportionate, and lacking in reasonable particularity. Defendant further objects to the term "regarding plaintiff" as vague and ambiguous. Defendant further objects that the request seeks information that is irrelevant to the issues in this case, seeks privileged and confidential information, and imposes undue costs. The likely benefit of this discovery is outweighed by its burden or expense considering the amount in controversy and the importance of the issues.

Subject to and without waiving these objections, Defendant will undertake a reasonable search and produce non-privileged, responsive documents, if any, that are within its possession, custody, or control, to the extent they are directly responsive to the allegations in the pleadings.

**Request No. 4.: Documents sufficient to demonstrate the identity of every person who was involved in attempts to collect the debt.**

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, disproportionate, and lacking in reasonable particularity. The scope of the request is utterly overbroad, and vague and ambiguous, as the term "involved" could refer to a nearly limitless number of people, including court personnel. Defendant further objects that the request seeks information that is irrelevant to the issues in this case, seeks privileged and confidential information, and imposes undue costs. The likely benefit of this discovery is

5

outweighed by its burden or expense considering the amount in controversy and the importance of the issues.

Subject to and without waiving these objections, Defendant will undertake a reasonable search and produce non-privileged, responsive documents, if any, that are within its possession, custody, or control, to the extent they are directly responsive to the allegations in the pleadings.

**Request No. 5.: Any contracts or agreements that govern the collection of the putative debt.**

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, and disproportionate, and lacking in reasonable particularity. Defendant objects to this request as vague and ambiguous insofar as the "govern" in the context of this request is unclear. Defendant further objects that the request seeks information that is irrelevant to the issues in this case, seeks privileged and confidential information, and imposes undue costs that renders the request disproportionate to the needs of the case and unduly burdensome.

Subject to and without waiving these objections, Defendant will undertake a reasonable search and produce non-privileged, responsive documents, if any, that are within its possession, custody, or control, to the extent they are directly responsive to the allegations in the pleadings.

**Request No. 6. The documents reflecting the policies and procedures in connection with the use of rent ledgers and/or breakdowns such as the Rent Ledger used in the Lawsuit against Plaintiff.**

RESPONSE: Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, disproportionate, and lacking in reasonable particularity. Defendant objects insofar as the term "reflect" in this request as vague, ambiguous, and overbroad, as theoretically all documents relating to any debt collection might "reflect" policies and procedures, whether formal and informal, rending this request grossly overbroad and unduly burdensome. Defendant

6

further objects that the request seeks information that is irrelevant to the issues in this case, seeks privileged and confidential information, and imposes undue costs. The likely benefit of this discovery is outweighed by its burden or expense considering the amount in controversy and the importance of the issues.

Subject to and without waiving these objections, Defendant will undertake a reasonable search and produce non-privileged, responsive documents, if any, that are within its possession, custody, or control, to the extent they are directly responsive to the allegations in the pleadings.

**Request No. 7. The documents that were the basis of the demand for $23,940.39 in the Lawsuit, including but not limited to account notes, court documents, and screenshots of any program used to generate the Lawsuit.**

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, disproportionate, and lacking in reasonable particularity. Defendant objects to this request as vague and ambiguous insofar as the term "program used to generate the Lawsuit" is indecipherable. Defendant objects to the demand that it take screenshots of whatever is meant by "program used to generate the Lawsuit." Defendant also objects to the demand to provide public documents that either are already in Plaintiff's possession or available to Plaintiff as "court documents." Defendant further objects that the request seeks information that is irrelevant, seeks privileged and confidential information, and imposes undue costs. The likely benefit of this discovery is outweighed by its burden or expense considering the amount in controversy and the importance of the issues.

Subject to and without waiving these objections, Defendant will undertake a reasonable search and produce non-privileged, responsive documents, if any, that are within its possession, custody, or control, to the extent they are directly responsive to the allegations in the pleadings.

7

**Request No. 8.: Documents reflecting the policies and procedures in connection with the settlement of putative rental arrears, including the policies and procedures in connection with the authorization of the LT Settlement.**

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, disproportionate to the needs of this case, and seeks 'any and all' documents without reasonable particularity. Further, Defendant objects to this request insofar "policies and procedures in connection with the settlement of putative rental arrears," would require the production of every settlement document that Defendant has ever entered with any tenant. Plaintiff further objects on the grounds that this request seeks confidential tenant information. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, disproportionate, and lacking in reasonable particularity. Defendant further objects that the request seeks information that is irrelevant, seeks privileged and confidential information, and imposes undue costs. The likely benefit of this discovery is outweighed by its burden or expense considering the amount in controversy and the importance of the issues.

Subject to and without waiving these objections, Defendant will undertake a reasonable search and produce non-privileged, responsive documents, if any, that are within its possession, custody, or control, to the extent they are directly responsive to the allegations in the pleadings.

**Request No. 9.: Any insurance policies and declaration sheets, and renewals, that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to your insurance carrier.**

**RESPONSE:** Defendant will undertake a reasonable search and produce non-privileged, responsive documents, if any, that are within its possession, custody, or control, to the extent they are directly responsive to the allegations in the pleadings.

**Request No. 10.: The correspondence regarding insurance coverage for the claims brought in this suit, including the application for coverage and response from the carrier, if any.**

**RESPONSE:** Defendant objects to this request on the grounds that "correspondence regarding insurance coverage" seeks privileged and confidential communications. Defendant further objects that the request seeks irrelevant information. Subject to and without waiving these objections, Defendant will undertake a reasonable search and produce non-privileged, responsive documents, if any, that are within its possession, custody, or control, to the extent they are directly responsive to the allegations in the pleadings.

**Request No. 11.:** The documents you refer to in your initial disclosures.

**RESPONSE:** Defendant objects to the extent this request seeks privileged and confidential information or documents that are already in Plaintiff's possession. Subject to and without waiving this objection, Defendant will undertake a reasonable search and produce non-privileged, responsive documents, if any, that are within its possession, custody, or control, to the extent they are directly responsive to the allegations in the pleadings.

**Request No. 12.: If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.**

**RESPONSE:** Defendant will provide any manual to the extent any documents produced require it and such manual is in Defendants' possession custody or control.

**Request No. 13.: Every document that you intend to use or introduce into evidence at the trial of this case.**

**RESPONSE:** Defendant objects to this request on the grounds that this request is premature as Defendant does not yet know what documents it will introduce at trial.

Subject to and without waiving these objections, Defendant will undertake a reasonable search and produce non-privileged, responsive documents, if any, that are within its possession, custody, or control, to the extent they are directly responsive to the allegations in the pleadings.

**Request No. 14.: Documents upon which you base your affirmative defenses, including bona fide error.**

**RESPONSE:** Defendant objects to this request on the grounds that this request is premature as Defendant has not yet interposed any affirmative defenses by way of answer.

Subject to and without waiving these objections, Defendant will undertake a reasonable search and produce non-privileged, responsive documents, if any, that are within its possession, custody, or control, to the extent they are directly responsive to the allegations in the pleadings.

**Request No. 15.: Correspondence and other documents, including emails and texts, with any person regarding the putative debt, the Lawsuit, and/or the LT Settlement.**

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, disproportionate to the needs of this case, and lacking in reasonable particularity. Defendant objects insofar as this request seeks communications "with any person" as overbroad and unduly burdensome. Defendant further objects that the request seeks information that is irrelevant to the issues in this case, seeks privileged and confidential information, and imposes undue costs. The likely benefit of this discovery is outweighed by its burden or expense considering the amount in controversy and the importance of the issues.

Subject to and without waiving these objections, Defendant will undertake a reasonable search and produce non-privileged, responsive documents, if any, that are within its possession, custody, or control, to the extent they are directly responsive to the allegations in the pleadings.

**Request No. 16.: Documents the Landlord Defendants received upon their purchase and/or at the start of their management of the building in which Plaintiff lives, including any rent rolls, leases, or Section 8 documents, excepting any documents already filed with the court in the Lawsuit.**

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, disproportionate, and lacking in reasonable particularity. Defendant further objects that the request seeks information that is irrelevant, seeks privileged and confidential information, confidential information, and imposes undue costs. This request seeks information that has no relevance to the matters at issue in this litigation. The likely benefit of this discovery is also outweighed by its burden or expense considering the amount in controversy and the importance of the issues. Defendant additionally objects to the extent the time frame of this request is not limited to, or related to, the period of the dispute or the issues in dispute.

Subject to and without waiving these objections, Defendant will undertake a reasonable search and produce non-privileged, responsive documents, if any, that are within its possession, custody, or control, to the extent they are directly responsive to the allegations in the pleadings.

**Request No. 17.: Documents showing receipt of payments the Landlord Defendants received from Plaintiff from August 1, 2021 through the present.**

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, disproportionate to the needs of this case, and lacking in reasonable particularity. Defendant further objects that the request seeks information that is irrelevant, seeks privileged and confidential information, and imposes undue costs. The likely benefit of this discovery is outweighed by its burden or expense considering the amount in controversy and the importance of the issues. Defendant additionally objects to the extent the time frame of this request is not limited to the period of the dispute.

Subject to and without waiving these objections, Defendant will undertake a reasonable search and produce non-privileged, responsive documents, if any, that are within its possession, custody, or control, to the extent they are directly responsive to the allegations in the pleadings.

**Request No. 18.: Any contracts governing the relationship between Renaissance Equity Holdings LLC D and other Flatbush Gardens entities, including but not limited to Clipper Realty and the other Renaissance Equity Holdings LLCs.**

**RESPONSE:** Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, vague, disproportionate, and lacking in reasonable particularity. Defendant objects on the grounds that the term "Flatbush Gardens entities" is vague and ambiguous. Defendant further objects that its contracts with these entities is irrelevant to the issues in this case, seeks privileged and confidential information, and imposes undue costs. The likely benefit of this discovery is outweighed by its burden or expense considering the amount in controversy and the importance of the issues.

Subject to and without waiving these objections, Defendant will undertake a reasonable search and produce non-privileged, responsive documents, if any, that are within its possession, custody, or control, to the extent they are directly responsive to the allegations in the pleadings.

**PLEASE BE ADVISED** that Defendant reserves the right to supplement and/or amend the responses up to and through the trial. The information provided represents the most current information available.

Dated: New York, New York
November 5, 2025

              **SCHWARTZ LAW PLLC**

              By: /s/ Allen Schwartz
              Allen Schwartz, Esq.
              150 Broadway, Suite 701
              New York, NY 10038
              allen@allenschwartzlaw.com

              *Counsel for Defendant*