UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LOUIS GACHELIN and DEBORAH ABRAMS,

        Plaintiffs                             Case No. 25-cv-03127-PKC-LKE

    -against-

KAVULICH & ASSOCIATES, P.C.,
GARY KAVULICH,
RENAISSANCE EQUITY HOLDINGS LLC D,
HASHEM HUSSAIN, , and A & F PROCESS
SERVICE, INC. d/b/a ALLIED PROCESS SERVICE

        Defendants
-------------------------------------------------------------------X

## DEFENDANT RENASSIANCE EQUITY HOLDINGS LLC D'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant Renaissance Equity Holdings LLC D ("Defendant"), by its counsel, responds to Plaintiff's First Set of Interrogatories (the "Interrogatories") as follows:

### PRELIMINARY STATEMENT

By this response, Defendant does not intend to waive, and expressly reserves, its attorney-client, work product and other applicable privileges. Any disclosure of privileged information is inadvertent and should not be construed as a waiver, express or implied, of any privilege.

These responses and objections are made without waiving, and expressly reserving, the right: (1) to amend or supplement the responses and objections at any time; and (2) to object on any grounds whatsoever to the use in evidence or any other use of these responses and objections and documents produced in this or any other proceeding by these parties or any other parties or non-parties.

## **GENERAL OBJECTIONS**

Each of Defendants' responses to the interrogatories are subject to the following General Objections:

1.  Defendant objects to the interrogatories to the extent that they purport to require the disclosure of documents and information beyond the scope of discovery permissible under applicable law. Defendant reserves all objections to relevance or materiality. Defendant's response, and any identification or production of documents indicated in the responses, shall neither waive nor prejudice any objections asserted herein or hereafter, including but not limited to objections as to the admissibility of any document or category of documents at trial.

2.  Defendant objects to the interrogatories to the extent that they purport to require the production of documents, if any, prepared in anticipation of litigation, subject to a claim of attorney-client or other privilege, or protected from discovery under the work product doctrine.

3.  Defendant's answers are based upon information known or believed by Defendant at the time of answering the interrogatories. Defendant reserves the right to supplement or correct these responses if it learns of new information applicable thereto through discovery or otherwise.

4.  Defendant objects to the interrogatories on the ground and to the extent that they are vague, overly broad, unduly burdensome and oppressive, call for information without reasonable particularization or specificity, or are otherwise vague and ambiguous.

5.  Defendant objects to the interrogatories on the ground and to the extent that they may be construed to call for information not material or necessary to the prosecution of defense of this litigation, or not reasonably calculated to lead to the discovery of relevant, material or admissible evidence.

6. Defendant objects to the interrogatories on the ground and to the extent that they may be construed to call for answers that embody, contain or relate to confidential information of defendant, including trade secrets and other confidential or proprietary business and commercial information.

7. Defendant objects to the interrogatories, as hereinafter more particularly asserted, on the ground and to the extent that the information sought is in the possession, custody or control of plaintiffs or some other party to this action or entity over which defendant has no control.

8. Defendant objects to the interrogatories in that plaintiff's "Instructions" exceed the requirements of, conflict with or seek to impose a greater duty on defendant than is required by the Federal Rules of Civil Procedure and/or other applicable rules or law.

9. Defendant objects to the interrogatories on the grounds that they are improper "contention" interrogatories in that they call for factual bases, opinions, conclusions of fact or law and argumentative in nature.

10. Defendant objects to the interrogatories on that grounds that they call for duplicative material and/or information which are obtainable from some other source, namely, plaintiff, which would be more convenient, less burdensome and expensive on the litigants.

## INTERROGATORIES

1. Identify all persons who have knowledge of relevant facts, identify the issues upon which you believe they have knowledge.

**RESPONSE**: Subject to Defendants' continuing investigation, the following people have knowledge or relevant facts pertaining to the claims asserted against Defendants: 1) Plaintiff Louis Gatchelin and Deborah Abrahams, knowledge about the claims at issue in this proceeding;

3

2) Anthony Mondrone, President, Allied Process Service, knowledge about the process serving alleged in the Complaint; 3) Hashem Hussein, co-defendant process server, knowledge about the process serving alleged in the Complaint; 4) Defendant Gary Kavulich, of Kavulich & Associates, P.C., knowledge about the claims at issue in the proceeding; (5) Benjamin Epstein, Esq. Law Office of Benjamin Epstein, Esq., counsel for Renaissance in housing court action, knowledge about the Stipulation and the claims at issue in the proceeding; (6) Isabella Shim, employee of Renaissance and its affiliates, knowledge about the practices and procedures about collections, and facts pertaining to the claims at issue in the proceeding; (7) Elena Mountogianakis, former employee of Renaissance and its affiliates, knowledge about claims at issue in the proceeding.

2. Identify the name and address of every witness you expect to call at the trial of this case.

**RESPONSE**: Defendant has not yet identified who it intends to call as a witness in the trial of this matter.

3. Identify all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.

**RESPONSE**: Kunal Yadav, Esq., in house-counsel for Renaissance, and Allen Schwartz, Esq. outside counsel for Renaissance.

4. Identify the existence, custodian, location and general Description of relevant documents, including pertinent insurance agreements.

**RESPONSE**: Renaissance has access to Plaintiffs' tenant billing and payment records, its communications with its attorneys, Benjamin Epstein and Kavulich & Associates, P.C., regarding the lawsuits with Plaintiffs, and an insurance agreement for the premises that may be pertinent, along with a denial of coverage letter.

5. If documents responsive to Plaintiffs' discovery demands are in the possession of a third party, identify that third party and the documents you believe in their possession.

**RESPONSE**: Defendants' communications with its counsel, Benjamin Epstein and Kavulich & Associates, P.C., regarding the lawsuits with Plaintiffs, are also in the possession of the said counselors, and the insurance agreement for the premises that may be pertinent, are also in the possession of the insurance company.

6. For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

**RESPONSE**: Defendant is unaware of any missing or lost documents, but will notify all parties if such a document becomes known to the defendant.

7. If your document production uses abbreviations, codes, or identifies persons only by firm name or initials, please identify the meaning of each abbreviation or code, and "identify" each such person.

**RESPONSE**: If Defendant uses abbreviations, codes, or identifies persons only by firm name or initials, Defendant will identify the meaning each abbreviation or code and identify each such person.

8. For Landlord Defendants and Attorney Defendants: Why did you file suit against Plaintiffs for putative rental arrears following the execution of the LT Settlement?

**RESPONSE**: Defendant objects to this interrogatory on the grounds that answering it will require the divulgence of privileged attorney client communications.

9. For Landlord Defendants and Attorney Defendants: Why did you prolong the Lawsuit after Plaintiffs informed you of the LT Settlement?

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous insofar as it asserts that Defendant prolonged the Lawsuit. Defendant further objects on the grounds that answering it will require the divulgence of privileged attorney client communications.

10. For Landlord Defendants: Separately identify the owner and property management company of the unit and building in which Plaintiffs resided prior to the LT Settlement.

**RESPONSE**: Defendant is the sole owner of the unit and building in which Plaintiffs resided prior to the LT Settlement. The building and unit is self-managed by Defendant.

11. For Landlord Defendants: Identify any and all persons and entities who act on your behalf to collect rental arrears, including but not limited to sending collection notices and forwarding accounts to law firms for collection litigation.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is overbroad and unduly burdensome, is not time limited, and is irrelevant to the issues in this proceeding. Defendant further objects on the grounds that it is seeks information that is not calculated to lead to evidence.

12. For Landlord Defendants: Identify any other corporate entities involved in your ownership and management of the Flatbush Gardens complex.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is seeks information that is not calculated to lead to admissible evidence. Nor does it define the term "involved," which could encompass numerous entities and business providing services and having no relevance to this lawsuit, Further, the interrogatory is vague insofar as it does not define the term

6

"Flatbush Gardens complex."

13. For Landlord Defendants: Provide an accounting of what you claim is owed by Plaintiffs, from the filing of the 2020 LT suit bearing the index number LT-307764-20/KI to the present.

**RESPONSE**: Plaintiff objects to this interrogatory because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard interrogatory requests. Defendant further objects because the interrogatory seeks irrelevant information and because 2020 LT suit itself provides the amount sought in unpaid rent and use and occupancy.

14. For Attorney Defendants: Identify any and all representatives, employees, agents, entities, and persons acting on behalf of the Landlord Defendants with whom you communicated in connection with the Lawsuit.

**RESPONSE**: N/A

15. For Attorney Defendants: What documents did you have substantiating Landlord Defendants' claims at the time you filed the Lawsuit?

**RESPONSE**: N/A

16. For Process Server Defendants: Identify any and all software vendors you use for your electronic logbooks and GPS tracking.

**RESPONSE**: N/A

Dated: November 5, 2025        SCHWARTZ LAW PLLC
       New York, New York

                               /s/_____
                               Allen Schwartz
                               150 Broadway, Suite 701
                               New York, NY 10038
                               Tel:  (347) 460-5379

7

allen@allenschwartzlaw.com
*Attorneys for Renaissance Equity Holdings LLC D*

8

9

## **VERIFICATION**

I, Isabella Shim, hereby affirm and declare under penalty of perjury pursuant to 28 USC 1746: I am an employee and agent of Defendant. I have read the annexed response to Plaintiffs' First Set of Interrogatories, and the contents herein are true to my knowledge, except those matters which are stated to be upon information and belief , and as to those matters I believe them to be true, based upon the books and records of the company.

Executed: November 5, 2025

*Isabella Shim*
_____
Isabella Shim