

Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, NY 10038
(347) 682-5075
allen@allenschwartzlaw.com

February 5, 2026

**VIA ECF**
Honorable Lara K. Eshkenazi
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Gachelin et al v. Kavulich & Associates, P.C. et al*, 1:25-cv-03127-PKC-LKE

Dear Judge Eshkenazi:

On behalf of Renaissance Equity Holdings, LLC D, Clipper Equity LLC, Clipper Realty Inc., Clipper Realty L.P., and Renaissance Equity Holdings LLC (the "Landlord Defendants"), I write briefly, subject to the Court's permission as requested in the letter motion to which this letter is appended, to briefly reply to Plaintiffs' opposition filed early this morning.

## I.    The Landlord Defendants Have Sufficiently Met and Conferred

Plaintiffs do not dispute that they have provided no document discovery whatsoever in this proceeding. They also do not address their discovery responses, which are replete with numerous missing responses, misnumbered responses, unsigned and unsworn interrogatories, and no computation or evidence of damages. Instead, they rest on their claim that the undersigned did not sufficiently attempt to meet and confer.

The contention that the Landlord Defendants have not sufficiently met or conferred prior to filing their motion to compel is without merit. Not only did Plaintiffs fail to comply with their Rule 26 obligations—providing no calculation of damages and no supporting documents—but they continued to do so even after Renaissance made requests for that information, and even after Plaintiff's counsel assured the undersigned at an approximately 2 hour long telephone call held on November 25, 2025 that such information would be forthcoming, and at another call on November 26, 2025. Even Plaintiffs' counsel concedes that telephone calls were held in connection with these inadequate initial disclosures. Moreover, days later, to ensure that there could be no doubt that Plaintiffs must provide such information, Renaissance served discovery demands that almost exclusively sought information relating to damages, including the very information that Plaintiffs are obligated to provide under Rule 26 on their own initiative. Counsel's refusal to provide this discovery is longstanding and by his own admission we have talked telephonically on multiple occasions about his deficient discovery.

Counsel claims that the undersigned should have known he was going away when he sent an email on January 21, 2026 again requesting to meet and confer. As Plaintiff's counsel stated in his letter-motion to the Court on January 26, 2026, Plaintiff's' counsel only informed the parties of his travels on January 26, 2026 just before he filed a motion for an extension of time to respond with the Court. ECF No. 62. Moreover, before he left or upon his return counsel could have responded that he was prepared to meet and confer. Instead, he did nothing. Counsel now attaches an email from February 2, 2025, the day after I filed this motion, in which he demanded that I withdraw this motion and tells me that he was prepared to meet and confer on Thursday or Friday of this week. ECF No. 67-1. Counsel omits from the opposition my response in which I told him I was prepared to meet and confer anytime but explained why the Landlord Defendants would not withdraw the motion:

> Ahmad:
>
> As you know, the Landlord Defendants are seeking a stay of discovery as their principal request for relief, and the motion filed on Sunday seeks to compel discovery in the alternative. The discovery the Landlord Defendants are seeking is almost entirely, if not entirely, information that Plaintiffs were required to give as part of their initial disclosures relating to damages. We have already conferred telephonically after Plaintiffs' inadequate disclosures, and we have tried to confer telephonically with you since we served our demands. We do not believe we are required to do more than we did.
>
> Of course, the Landlord Defendants would like to resolve this without court intervention, and I can talk today, tomorrow, or whenever you are available (without waiver, it goes without saying, to the pending request for a stay of discovery). The Landlord Defendants do not agree to withdraw the motion, but if we are able to resolve these issues, then the Landlord Defendants would of course withdraw the motion, or any portion of the motion that we can resolve.

*See* **Exhibit 1**.

Had Plaintiff's counsel's request been something more than an email sent to manufacture an exhibit for his opposition papers, he would have responded to this email and agreed to meet and confer whenever he was available this week—I made it abundantly clear that I would make myself available *anytime* he was available this week. Unsurprisingly, I received no response at all to this email.

## II. The Landlord Defendants Have Not Wavered About their Entitlement to Plaintiffs' Medical Records

Renaissance made it clear at the very first hearing in front of the Court that Renaissance believed that it is entitled to Plaintiffs' medical records and all other documents bearing on Plaintiff's emotional distress claim (which would include documents showing financial condition), and has never wavered in that position to Plaintiff's counsel. "If a plaintiff seeks damages for alleged emotional or psychological injuries [and alleges medical conditions and/or

medical injury], the defendant's case ought not be limited by the plaintiff's decision not to introduce available medical or psychological testimony that bears directly on the truth of the claim." *Rodriguez v Chelus, Herdzik, Speyer, & Monte, P.C.*, 15-CV-00244-LJV-JJM, 2017 WL 840399, at *1 (W.D.N.Y. Mar. 3, 2017) (quoting *McKinney v. Delaware County Memorial Hospital*, 2009 WL 750181, *5 (E.D. Pa. 2009)). Reviewing the content of Plaintiffs' allegations, these allegations cross the line such that it would be manifestly unfair to allow Plaintiffs to "deprive defendant of the opportunity to explore the basis for those claims." *Id.* The Landlord Defendants have been consistent that they are entitled to this information, and even if this had not been discussed repeatedly with Plaintiff's counsel (as it has), any further discussion would be futile as Plaintiffs have consistently stated from the very first appearance before the Court that they will not voluntarily give this information or the requisite medical authorizations.

Sincerely,
/s/ Allen Schwartz, Esq.