

Allen Schwartz, Esq.
150 Broadway, Suite 701
New York, NY 10038
(347) 682-5075
allen@allenschwartzlaw.com

**VIA ECF**  February 17, 2026

Honorable Lara K. Eshkenazi
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re:  *Gachelin et al v. Kavulich & Associates, P.C. et al*, 1:25-cv-03127-PKC-LKE

Dear Judge Eshkenazi:

  This firm represents Clipper Equity LLC, Clipper Realty Inc., Clipper Realty L.P., and Renaissance Equity Holdings LLC ("Movants"). Movants respectfully move pursuant to Fed. R. Civ. P. 36(a)(4) to extend the time to respond to Plaintiffs' Requests for Admission (the "RFAs"), and pursuant to Fed. R. Civ. P. 36(b) to withdraw any deemed admissions.

  Over the holiday weekend, on December 26, 2025, Plaintiffs emailed a single PDF of discovery demands. ECF No. 68-5. Unbeknownst to the Movants, the very last page of this compilation were RFAs without any caption. In a filing with the Court on February 5, 2026 seeking to compel discovery, Plaintiffs stated that they would not accept any response to the RFAs, thus necessitating this further motion practice. ECF No. 68. This was the first time Movants learned Plaintiffs had sent the RFAs. Thirty days from the December 26, 2025 email was January 25, 2026. On February 12, 2026, Movants served their objections and responses to the RFAs on Plaintiffs and now move to withdraw any deemed admissions and to extend their time to respond.[1]

  Until February 5, 2026, Movants were unaware that RFAs had even been served. No separately captioned document denominated "Requests for Admissions" was served on Movants, and the requests were contained on last page of a document that itself was served during the

---

[1] After serving the response on February 12, 2026, Movants did not attempt to meet and confer regarding the RFAs because Plaintiffs stated in their February 5, 2026 motion that they will not accept the response, and "efforts at informal compromise would have been clearly futile." *Prescient Partners, L.P. v Fieldcrest Cannon, Inc.*, 96 CIV. 7590(DAB)JCF, 1998 WL 67672, at *3 (S.D.N.Y. Feb. 18, 1998); *see also Gibbons v Smith*, 01 CIV. 1224 (LAP), 2010 WL 582354, at *2 (S.D.N.Y. Feb. 11, 2010) ("[C]ourts have recognized that the meet-and-confer requirement is not a prerequisite to addressing the merits of a discovery motion and that it may be excused where the meet-and-confer would be futile.").

holiday weekend. Whether intentionally or not, the RFAs were placed inside a larger document in a manner conducive to being missed; and indeed, there were. The Landlord Defendants respectfully submit that they have good cause for the delay in responding, which was neither willful nor intentional.

Moreover, "permitting withdrawal and amendment of the deemed admissions would 'promote the presentation of the merits of the action,'" because "the deemed admissions go to the 'ultimate issues' in this litigation . . ." *Riv. Light V, L.P. v Lin & J Intern., Inc.*, 299 FRD 61, 64 (S.D.N.Y. 2014); *Rivera v Fin. Asset Mgt. Sys., Inc.*, 17-CV-1295 (WFK), 2020 WL 5791175, at *6 (E.D.N.Y. Sept. 25, 2020) (in case involving Plaintiff's counsel, stating that Court would accept late responses because doing so would promote the presentation of the merits).[2] And there is no prejudice to Plaintiffs from withdrawal of the deemed admissions because any delay in responding to the RFAs, and seeking this relief, was extremely brief. *Rodriguez v NNR Glob. Logistics USA Inc.*, CV141766JFBAKT, 2017 WL 11510163, at *3 (E.D.N.Y. Mar. 31, 2017) (granting motion even where "there was a 17-month delay between Plaintiff's service of the RFAs and the discussion between counsel for both sides that there had not been a response to those RFAs."); *Williams v Blvd. Lines, Inc.*, 10 CIV. 2924 DF, 2013 WL 1180389, at *7 (S.D.N.Y. Mar. 12, 2013 (granting motion to withdraw deemed admissions at summary judgement because doing so "even at this late date, would promote the presentation of the case on its merits and would not prejudice Plaintiff."); *Day v Milling*, 3:95 CV 1704 JGM, 2000 WL 435462, at *2 (D Conn. Feb. 22, 2000) (citing numerous cases allowing withdrawal where party acted promptly).

Sincerely,

/s/ Allen Schwartz, Esq.

---

[2] And even with deemed admissions, courts do not allow deemed admissions that reflect legal conclusions. *Coach, Inc. v Horizon Trading USA Inc.*, 908 F Supp 2d 426, 432 (S.D.N.Y. 2012).