UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Louis Gachelin and Deborah Abrahams,
Plaintiffs,
v.
Kavulich & Associates, P.C., et al.,
Defendants.
Case No. 1:25-cv-3127-PKC-LKE

**DEFENDANT HASHEM HUSSEIN'S MOTION FOR PROTECTIVE ORDER

PURSUANT TO FED. R. CIV. P. 26(c)**

Defendant Hashem Hussein, appearing pro se, respectfully moves this Court for a Protective Order under Federal Rule of Civil Procedure 26(c) regarding Plaintiffs' Notice of Deposition dated March 4, 2026, which schedules Defendant's deposition for March 25, 2026 at 12:00 PM via Zoom.

I. RELIEF REQUESTED

Defendant respectfully requests that the Court order one of the following:

1. Require Plaintiffs to proceed under Rule 31 (depositions by written questions) instead of oral examination.
2. Limit the deposition to matters directly relevant to Defendant's alleged role as a process server in the underlying state-court action.
3. Limit the duration of any oral deposition to a reasonable period (e.g., two hours).
4. Prohibit questioning on topics outside Defendant's limited involvement, including matters relating to rent ledgers, landlord-tenant settlements, property management, or communications among other Defendants.

II. LEGAL STANDARD

Under Fed. R. Civ. P. 26(c), the Court may issue a protective order to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Relief may include limiting the scope of discovery, prescribing a different method of discovery, or limiting the duration of a deposition. Courts in this Circuit routinely grant protective orders where a party's role is narrow

and broad questioning would impose undue burden.

## III. GROUNDS FOR PROTECTIVE ORDER

### A. Defendant's Role in This Case Is Extremely Limited

Defendant is named solely in connection with alleged process service in the underlying state-court matter. He had no involvement in rent accounting, landlord-tenant settlements, property management decisions, debt collection practices, or any conduct of the Attorney Defendants or Landlord Defendants. Broad questioning on unrelated topics would impose undue burden and is not proportional to the needs of the case.

### B. Defendant Has No Legal Experience, No Assistance, and Faces a Severe Imbalance of Resources

Defendant is a pro se litigant with no legal training, no legal assistance, and no support in navigating complex federal discovery procedures.
In contrast, Plaintiffs are represented by a team of multiple attorneys from several law firms, creating a significant imbalance of resources.
This disparity places Defendant at substantial risk of being overwhelmed, confused, or unfairly pressured during an unrestricted oral deposition.

### C. Defendant Attempted in Good Faith to Avoid Motion Practice, but Plaintiffs Refused

On March 13, 2026, Defendant emailed Plaintiffs' counsel requesting that the deposition proceed under Rule 31 (written questions) or, alternatively, that the scope and duration be reasonably limited.
Plaintiffs declined this request.
Their refusal demonstrates that Defendant attempted to resolve the issue without court intervention, satisfying Rule 26(c)(1)'s good-faith requirement.

### D. Defendant Received Some Documents and Notice, but Not Enough to Support Broad Questioning

Defendant acknowledges receiving certain documents and advance notice of the deposition. However, Plaintiffs have not produced all materials necessary to support wide-ranging questioning on issues outside Defendant's limited role. Proceeding without reasonable limits would be unfair and burdensome.

**E. A Limited Deposition or Written Questions Would Protect Defendant Without Prejudicing Plaintiffs**

Limiting the deposition to:

• service attempts,
• documents Defendant personally handled,
• communications Defendant personally made, and
• facts within Defendant's actual knowledge,

would allow Plaintiffs to obtain all relevant information without unnecessary burden. Alternatively, written questions under Rule 31 would ensure clarity, fairness, and proportionality while still providing Plaintiffs with sworn testimony.

**IV. GOOD-FAITH CERTIFICATION**

Pursuant to Rule 26(c)(1), Defendant certifies that he attempted in good faith to resolve this issue with Plaintiffs' counsel. On March 13, 2026, Defendant emailed Plaintiffs' counsel requesting that the deposition proceed under Rule 31 or be reasonably limited. Plaintiffs declined this request.

**V. CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion for Protective Order and:

• require Plaintiffs to proceed by written questions under Rule 31, or
• limit the scope and duration of any oral deposition, and
• grant any further relief the Court deems just and proper.

March 16, 2026
/s/ Hashem Hussein
Defendant, Pro Se
27 Frank Ave
Buffalo, NY 14210
Email: hhussein1455@gmail.com