# AHMAD KESHAVARZ
## *Attorney at Law*

---

16 COURT STREET, #2600
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

June 30, 2026

**VIA ECF**

Honorable Lara K. Eshkenazi
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>      Re:    **Notice of settlement of Plaintiffs with Landlord Defendants**
>      ***Gachelin et al v. Kavulich & Associates, P.C. et al*, 1:25-cv-03127-PKC-LKE**

Dear Judge Eshkenazi:

The undersigned represents Plaintiffs in this action against Defendants Kavulich & Associates, P.C., a debt collection law firm, and its principal Gary Kavulich ("the Kavulich Defendants"); Renaissance Equity Holdings LLC D, a landlord which retained, directly or through a servicer, the Kavulich Defendants to collect rental arrears against consumers including the Plaintiffs for a debt that previously settled in Landlord Tenant Court, and the related entities Clipper Equity LLC, Clipper Realty Inc., Clipper Realty L.P., and Renaissance Equity Holdings LLC (together with Renaissance Equity Holdings LLC D, "the Landlord Defendants"); A & F Process Service Inc. d/b/a Allied Process Service ("Allied"), a process serving company which Plaintiffs allege submitted a false affidavit of service against Plaintiffs on behalf of the Kavulich Defendants and the Landlord Defendants; and Hashem Hussein, a licensed process server who executed the affidavit of service.

After months of email offers and counter-offers, on Jun 29, 2026 at 12:56 PM the Landlord Defendants and Plaintiffs settled on the following material terms.

1. The Landlord Defendants will pay $175,000.
2. Plaintiffs release their claims against Landlord Defendants with a carve out for other Defendants from the settlement, so the settlement does not release the claims against the other Defendants,
3. No language such as anti-disparagement or anti-defamation.
4. The Landlord Defendants and Plaintiff agree to vacate the cross-discovery orders between our clients if we settle?

*See* Exhibit A (email chain reflecting most recent offer of Plaintiffs at June 19, 2026 at 9:55 PM and June 29 2026 email at 12:56 settling case at $175,000); *see also* Exhibit B (3/9/2026 2:21 PM complete non-cash settlement terms offered by Plaintiffs); and Exh A, pp. 2, 3 (emails on June 24, 2026 vacating orders on cross-discovery motions).

Even if the email of Landlord Defendants of Jun 19, 2026, at 7:14 PM, were to be considered -- despite Plaintiff's *subsequent* co-counter offer being controlling as to non-cash material terms -- this does not change the material terms of the agreement. The material terms

Last saved: 6/30/2026 8:15 AM

1

listed by the Landlord Defendants being the amount of the settlement inclusive of costs and attorney's fees, and without releasing any claims against the other defendants.  Of course, like any settlement, Landlord Defendants would want formal language to be circulated and signed (e.g. releasing related entities), but to require a signature is procedural technical, non-material term.  The suggestion that the Plaintiffs and the Landlord Defendants have not settled on the material terms is inaccurate and, in any event can be addressed after the undersigned returns from vacation. There was no need for a court filing by the Landlord Defendants requiring Plaintiffs to file a response. A simple request for a 30 day discovery extension would not have needed a written response.

## VACATION NOTICE

I have been out of the country since June 24 on a family vacation, as counsel for the Landlord Defendants well is aware. The time here is 6 hours ahead. I will not be back until July 6  at the earliest, and perhaps as late as July 10. I would respectfully request the opposing counsels to not to file items until I return, and would respectfully request the court not to set hearings during the interim.

In addition to having settled with the Landlord Defendants, Plaintiff has separately settled with A & F Process Service Inc. d/b/a Allied Process Service and will be filing an agreed dismissal order. Plaintiffs have been in settlement discussions with Kavulich.

I consent to a 30-day discovery extension.


Sincerely,
/s/
Ahmad Keshavarz

Last saved: 6/30/2026 8:15 AM                                       2