**From:** Allen Schwartz <allen@allenschwartzlaw.com>
**Sent:** Monday, June 29, 2026 12:56 PM
**To:** Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com>
**Subject:** Re: Gachelin - settlement demand

That would be 175k, the midpoint between the current demand and the current offer.


Allen Schwartz, Esq.
Schwartz Law PLLC
150 Broadway, Suite 701
New York, NY 10038
Tel: 347-460-5379
Cell: 773-808-8972
Email: Allen@allenschwartzlaw.com



On Mon, Jun 29, 2026 at 12:54 PM Ahmad Keshavarz
<ahmad@newyorkconsumerattorney.com> wrote:
Can you confirm that number please?
**Ahmad Keshavarz**


On Jun 29, 2026, at 6:53 PM, Allen Schwartz <allen@allenschwartzlaw.com> wrote:

Ahmad, hope your vacation is going nicely. My client is amenable to wrapping this up at the number we discussed.


Allen Schwartz, Esq.
Schwartz Law PLLC
150 Broadway, Suite 701
New York, NY 10038
Tel: 347-460-5379
Cell: 773-808-8972
Email: Allen@allenschwartzlaw.com



On Fri, Jun 26, 2026 at 11:16 AM Ahmad Keshavarz
<ahmad@newyorkconsumerattorney.com> wrote:
Sounds good

**Ahmad Keshavarz**


On Jun 26, 2026, at 5:05 PM, Allen Schwartz <allen@allenschwartzlaw.com> wrote:

It's looking good, hope to be able to get it done today.


Allen Schwartz, Esq.
Schwartz Law PLLC
150 Broadway, Suite 701
New York, NY 10038
Tel: 347-460-5379
Cell: 773-808-8972
Email: Allen@allenschwartzlaw.com



On Fri, Jun 26, 2026 at 8:13 AM Ahmad Keshavarz
<ahmad@newyorkconsumerattorney.com> wrote:
Greetings from Croatia! Checking in as to how we are doing on this.  Please LMK.  Thanks.

**Ahmad Keshavarz**


On Jun 24, 2026, at 4:30 PM, Allen Schwartz <allen@allenschwartzlaw.com> wrote:

That would make sense to me. Are you able to talk today? I'm having an endoscopy done this morning at NYU but I can talk in the later afternoon or in the evening, if you are available.


Allen Schwartz, Esq.
Schwartz Law PLLC
150 Broadway, Suite 701
New York, NY 10038
Tel: 347-460-5379
Cell: 773-808-8972
Email: Allen@allenschwartzlaw.com



On Wed, Jun 24, 2026 at 10:15 AM Ahmad Keshavarz
<ahmad@newyorkconsumerattorney.com> wrote:

Ok, lmk.   I assume we will agree to vacate the cross discovery orders between our clients if we settle?

**Ahmad Keshavarz**


On Jun 23, 2026, at 11:18 PM, Allen Schwartz <allen@allenschwartzlaw.com> wrote:

I wasn't able to reach my client over the past couple of days, but hope to be able tomorrow.  I will email you as soon as I do. Hopefully you will be able to check email while you're away.


Allen Schwartz, Esq.
Schwartz Law PLLC
150 Broadway, Suite 701
New York, NY 10038
Tel: 347-460-5379
Cell: 773-808-8972
Email: Allen@allenschwartzlaw.com



On Mon, Jun 22, 2026 at 8:30 AM Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com> wrote:
I am heading out of the country on Wednesday and not back until July 6. If there is an acceptance or a counter I would request it be tendered by Tuesday night.


**From:** Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com>
**Sent:** Friday, June 19, 2026 9:55 PM
**To:** Allen Schwartz <allen@allenschwartzlaw.com>
**Subject:** Re: Gachelin - settlement demand

Allen,
Plaintiff demand is $190,000 subject to the non-cash terms of our previously circulated settlement agreement.
 You had already agreed to the non-cash terms I listed in prior emails (reposted below).

We do not need confidentiality

1.     no language such as anti-disparagement/defamation
2.     nor confidentiality that lasts beyond the final resolution of this case with all parties,
3.     a carve out of the other defendants from the settlement, so the settlement does not

3

release the claims against the other defendants.
 This offer is open to 5:00 PM, June 22, 2026
**Ahmad Keshavarz**

On Jun 19, 2026, at 7:14 PM, Allen Schwartz <allen@allenschwartzlaw.com> wrote:

Ahmad:
Pursuant to Federal Rule of Evidence 408, my clients have authorized me to extend a settlement offer to Plaintiffs in the amount of $160,000.00, inclusive of costs and attorney's fees, and without releasing any claims against the other defendants.
This offer is expressly conditioned upon the parties' execution of a mutually agreed-upon written settlement agreement. No binding agreement shall exist unless and until all material terms are agreed upon and memorialized in a written settlement agreement executed by the parties. Any purported acceptance or agreement in principle shall not create a binding settlement or agreement to agree unless and until the parties agree to and execute a fully written settlement agreement.
 If Plaintiffs wish to proceed, please confirm in writing so that we may begin preparing a mutually agreeable settlement agreement for your review.
This offer will remain open until June 26, 2026, at 11:59 p.m. Eastern Time, after which it will be deemed withdrawn.

Allen Schwartz, Esq.
Schwartz Law PLLC
150 Broadway, Suite 701
New York, NY 10038
Tel: 347-460-5379
Cell: 773-808-8972
Email: Allen@allenschwartzlaw.com

On Thu, Jun 18, 2026 at 7:15 PM Allen Schwartz <allen@allenschwartzlaw.com> wrote:
I will get back to you on this tomorrow.

Allen Schwartz, Esq.
Schwartz Law PLLC
150 Broadway, Suite 701
New York, NY 10038
Tel: 347-460-5379
Cell: 773-808-8972
Email: Allen@allenschwartzlaw.com

On Thu, Jun 18, 2026 at 5:02 PM Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com> wrote:
Following up on this again.

**Ahmad Keshavarz**

On Jun 16, 2026, at 12:31 PM, Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com> wrote:

Allen,

Where are we on this?

**The Law Office of Ahmad Keshavarz**
16 Court St., Suite 2600, Brooklyn, NY 11241-1026
Cell: (347) 308-4859    Fax: (877) 496-7809
Website: www.NewYorkConsumerAttorney.com   Email:
ahmad@NewYorkConsumerAttorney.com

**From:** Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com>
**Sent:** Wednesday, June 10, 2026 9:51 AM
**To:** Allen Schwartz <allen@allenschwartzlaw.com>
**Subject:** RE: Gachelin - settlement demand

Allen,
Plaintiff demand is $205,000 subject to the non-cash terms of our previously circulated settlement agreement.
 You had already agreed to the non-cash terms I listed in prior emails (reposted below).
 1.    no language such as anti-disparagement/defamation
 2.    nor confidentiality that lasts beyond the final resolution of this case with all parties,
 3.    a carve out of the other defendants from the settlement, so the settlement does not release the claims against the other defendants.
 This offer is open to 5:00 PM tomorrow, June 11, 2026
Ahmad

**The Law Office of Ahmad Keshavarz**
16 Court St., Suite 2600, Brooklyn, NY 11241-1026
Cell: (347) 308-4859    Fax: (877) 496-7809
Website: www.NewYorkConsumerAttorney.com   Email:
ahmad@NewYorkConsumerAttorney.com

**From:** Allen Schwartz <allen@allenschwartzlaw.com>
**Sent:** Tuesday, June 9, 2026 4:50 PM
**To:** Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com>
**Cc:** Kevin Gartland <kevin@newyorkconsumerattorney.com>
**Subject:** Re: Gachelin - settlement demand

Ahmad:

Pursuant to Federal Rule of Evidence 408, my clients have authorized me to extend a settlement offer to Plaintiffs in the amount of $155,000.00, inclusive of costs and attorney's fees, and without releasing any claims against the other defendants.

This offer is expressly conditioned upon the parties' execution of a mutually agreed-upon written settlement agreement. No binding agreement shall exist unless and until all material terms are agreed upon and memorialized in a written settlement agreement executed by the parties. Any purported acceptance or agreement in principle shall not create a binding settlement or agreement to agree unless and until the parties agree to and execute a fully written settlement agreement.

If Plaintiffs wish to proceed, please confirm in writing so that we may begin preparing a mutually agreeable settlement agreement for your review.

This offer will remain open until June 16, 2026, at 11:59 p.m. Eastern Time, after which it will be deemed withdrawn.

Allen Schwartz, Esq.
Schwartz Law PLLC
150 Broadway, Suite 701
New York, NY 10038
Tel: 347-460-5379
Cell: 773-808-8972
Email: Allen@allenschwartzlaw.com

Hi Allen,

Just checking where we are on this.

Thanks.

**From:** Ahmad Keshavarz
**Sent:** Wednesday, May 27, 2026 6:54 PM
**To:** Allen Schwartz
**Cc:** Kevin Gartland

**Subject:** RE: Gachelin - settlement demand

Allen,

Plaintiff demand is $210,000 subject to the non-cash terms of our previously circulated settlement agreement.

You had already agreed to the non-cash terms I listed in prior emails (reposted below).

1.  no language such as anti-disparagement/defamation
2.  nor confidentiality that lasts beyond the final resolution of this case with all parties,
3.  a carve out of the other defendants from the settlement, so the settlement does not release the claims against the other defendants.

**The Law Office of Ahmad Keshavarz**

16 Court St., Suite 2600, Brooklyn, NY 11241-1026

Cell: (347) 308-4859    Fax: (877) 496-7809

Website: www.NewYorkConsumerAttorney.com    Email: ahmad@NewYorkConsumerAttorney.com

**From:** Allen Schwartz [mailto:allen@allenschwartzlaw.com]
**Sent:** Wednesday, May 27, 2026 5:08 PM
**To:** Ahmad Keshavarz
**Cc:** Kevin Gartland
**Subject:** Re: Gachelin - settlement demand

Ahmad:

Pursuant to Federal Rule of Evidence 408, my clients have authorized me to extend a settlement offer to Plaintiffs in the amount of $147,500.00, inclusive of costs and attorney's fees, and without releasing any claims against the other defendants.

This offer is expressly conditioned upon the parties' execution of a mutually agreed-upon written settlement agreement. No binding agreement shall exist unless and until all material terms are agreed upon and memorialized in a written settlement agreement executed by the parties. Any purported acceptance or agreement in principle shall not create a binding settlement or agreement to agree unless and until the parties agree to and execute a fully written settlement agreement.

If Plaintiffs wish to proceed, please confirm in writing so that we may begin preparing a mutually agreeable settlement agreement for your review.

This offer will remain open until June 3,, 2026, at 11:59 p.m. Eastern Time, after which it will be deemed withdrawn.

Allen Schwartz, Esq.

On Fri, May 15, 2026 at 7:46 PM Allen Schwartz <allen@allenschwartzlaw.com> wrote:
**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER AND Fed.R.Evid. 408.**
Ahmad:
Pursuant to Federal Rule of Evidence 408, my clients have authorized me to extend a settlement offer to Plaintiffs in the amount of $140,000.00, inclusive of costs and attorney's fees, and without releasing any claims against the other defendants.
This offer is expressly conditioned upon the parties' execution of a mutually agreed-upon written settlement agreement. No binding agreement shall exist unless and until all material terms are agreed upon and memorialized in a written settlement agreement executed by the parties. Any purported acceptance or agreement in principle shall not create a binding settlement or agreement to agree unless and until the parties agree to and execute a fully written settlement agreement.
 If Plaintiffs wish to proceed, please confirm in writing so that we may begin preparing a mutually agreeable settlement agreement for your review.
This offer will remain open until Friday, May 22,, 2026, at 11:59 p.m. Eastern Time, after which it will be deemed withdrawn.


Allen Schwartz, Esq.
Schwartz Law PLLC
150 Broadway, Suite 701
New York, NY 10038
Tel: 347-460-5379
Cell: 773-808-8972
Email: Allen@allenschwartzlaw.com



On Thu, May 14, 2026 at 10:09 PM Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com> wrote:
Allen,

I believe tomorrow is the deadline for an acceptance or counteroffer.
**Ahmad Keshavarz**

On May 8, 2026, at 11:27 AM, Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com> wrote:

Allen,

280,000 subject to the non-cash terms of our previously circulated settlement agreement.

You had already agreed to the non-cash terms I listed in prior emails (reposted below).

1.    no language such as anti-disparagement/defamation

2.    nor confidentiality that lasts beyond the final resolution of this case with all parties,

3.    a carve out of the other defendants from the settlement, so the settlement does not release the claims against the other defendants.



FDCPA Attorneys: Protecting consumers from deceptive and unfair debt collection

**The Law Office of Ahmad Keshavarz**
16 Court St., Suite 2600, Brooklyn, NY 11241-1026
Cell: (347) 308-4859    Fax: (877) 496-7809
Website: www.NewYorkConsumerAttorney.com    Email:
ahmad@NewYorkConsumerAttorney.com


**From:** Allen Schwartz <allen@allenschwartzlaw.com>
**Sent:** Wednesday, May 6, 2026 7:12 PM
**To:** Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com>
**Cc:** Kevin Gartland <kevin@newyorkconsumerattorney.com>
**Subject:** Re: Gachelin - settlement demand

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER AND Fed.R.Evid. 408.**
Ahmad:
Pursuant to Federal Rule of Evidence 408, my clients have authorized me to extend a settlement offer to Plaintiffs in the amount of $135,000.00, inclusive of costs and attorney's fees, and without releasing any claims against the other defendants.
This offer is expressly conditioned upon the parties' execution of a mutually agreed-upon written settlement agreement. No binding agreement shall exist unless and until all material terms are agreed upon and memorialized in a written settlement agreement executed by the parties. Any purported acceptance or agreement in principle shall not create a binding settlement or agreement to agree unless and until the parties agree to and execute a fully written settlement agreement.
 If Plaintiffs wish to proceed, please confirm in writing so that we may begin preparing a mutually agreeable settlement agreement for your review.
This offer will remain open until Wednesday, May 13,, 2026, at 11:59 p.m. Eastern Time,

9

after which it will be deemed withdrawn.

Allen Schwartz, Esq.
Schwartz Law PLLC
150 Broadway, Suite 701
New York, NY 10038
Tel: 347-460-5379
Cell: 773-808-8972
Email: Allen@allenschwartzlaw.com


On Wed, May 6, 2026 at 8:51 AM Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com> wrote:
Hi Allen,

Hope you are well.

I believe under the terms of our agreement filed with the court that the deadline for your clients to either accept or serve a counter offer to our most recent demand was yesterday, no?

When will your clients be responding?

Thanks.
**Ahmad Keshavarz**

On Apr 28, 2026, at 7:24 AM, Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com> wrote:

Allen,

295,000 subject to the non-cash terms of our previously circulated settlement agreement.

You had already agreed to the non-cash terms I listed in prior emails (reposted below).


1.    no language such as anti-disparagement/defamation
2.    nor confidentiality that lasts beyond the final resolution of this case with all parties,
3.    a carve out of the other defendants from the settlement, so the settlement does not release the claims against the other defendants.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER AND Fed.R.Evid. 408.
Ahmad:

Pursuant to Federal Rule of Evidence 408, my clients have authorized me to extend a settlement offer to Plaintiffs in the amount of $120,000.00, inclusive of costs and attorney's fees, and without releasing any claims against the other defendants.
This offer is expressly conditioned upon the parties' execution of a mutually agreed-upon written settlement agreement. No binding agreement shall exist unless and until all material terms are agreed upon and memorialized in a written settlement agreement executed by the parties. Any purported acceptance or agreement in principle shall not create a binding settlement or agreement to agree unless and until the parties agree to and execute a fully written settlement agreement.
 If Plaintiffs wish to proceed, please confirm in writing so that we may begin preparing a mutually agreeable settlement agreement for your review.
This offer will remain open until Monday, April 27, 2026, at 11:59 p.m. Eastern Time, after which it will be deemed withdrawn.

 **Ahmad Keshavarz**

On Apr 14, 2026, at 11:08 AM, Allen Schwartz <[allen@allenschwartzlaw.com](mailto:allen@allenschwartzlaw.com)> wrote:

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER AND Fed.R.Evid. 408.**

Dear Ahmad,

I saw I missed your call and will call you back shortly.

First, I want to clarify, as I said then, that our telephone conversation last week was expressly informal. The figure I referenced — $150,000 — represented the maximum range I believed I might be able to get my clients to consider, not a recommendation to my client of any amount.

Second, after conferring with my clients after the holidays, they are not prepared to increase their current offer of $100,000. They believe that doing so would be futile given the current gap between their offer and your clients' demand. In their view, that gap of over $200,000.00 is too large to bridge without (a) a mediation or settlement conference, or (b) the participation and contribution of the other defendants, who may have additional resources to bring to the table.

Please let me know how your clients wish to proceed.

Thanks,

Allen
Allen Schwartz, Esq.
Schwartz Law PLLC