**SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS LOUIS GACHELIN and DEBORAH ABRAHAMS AND DEFENDANTS RENAISSANCE EQUITY HOLDINGS LLC D, RENAISSANCE EQUITY HOLDINGS LLC, CLIPPER EQUITY LLC, CLIPPER REALTY L.P., and CLIPPER REALTY, INC.**

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE is entered between LOUIS GACHELIN and DEBORAH ABRAHAMS ("Plaintiffs") and RENAISSANCE EQUITY HOLDINGS LLC D, RENAISSANCE EQUITY HOLDINGS LLC, CLIPPER REALTY L.P., CLIPPER EQUITY LLC, and CLIPPER REALTY, INC. (collectively "Settling Defendants"). Plaintiff and Settling Defendants are collectively the "Settling Parties".

1. Settling Defendants shall pay or cause to be paid _____ by wire transfer (the "Settlement Check") made payable to "Ahmad Keshavarz IOLA Trust Account." Settling Defendants will be provided a W-9 of Ahmad Keshavarz within 7 days of the Effective Date. Settling Defendants shall wire the Settlement Check to Plaintiff's counsel within twenty-one days of its receipt of this agreement signed by Plaintiff. Time is of the essence.

2. Plaintiff and Settling Defendants shall sign and exchange the Agreed Dismissal Order attached to this Settlement, no later than one week after clearance of the Settlement Check, and any party may then file the same. The Agreed Dismissal Order will specifically dismiss all claims against the Settling Defendants with prejudice.

3. Subject to the exclusion in ¶ 4 below, the Settling Parties hereby release and discharge each other from any and all obligations, liabilities, damages, claims, causes of action, losses, damages, costs, sanctions, expenses and attorneys' fees of every kind and nature, in law or in equity, which the Settling Parties ever had, or now has, for, on account of, or by any reason of any action, transaction, occurrence, omissions, relationship, matter, cause or thing to the extent that they relate to the lawsuit entitled *Gachelin et al. v. Kavulich & Associates, P.C., et al.* Case No. 1:25-cv-03127-PKC-LKE, venued in the United States District Court for the Eastern District of New York, (the "Lawsuit") from the beginning of time to the date of the release.

4. Notwithstanding any other part of this agreement, this release specifically excludes any claims Plaintiff has or may have against the "Non-Settling Defendants" in this case.[1] Notwithstanding any other provision of this settlement, nothing in this agreement or in the attached Dismissal is intended to release or offset, and shall not release or offset, Plaintiff's claims against the Non-Settling Defendant(s) in this action.

5. The Settling Parties hereby release and discharge each other his/her/their/its past, present and future shareholders, partners, associates, counsel, agents, servants, employees, heirs, executors, administrators, successors, assigns, past and present divisions, affiliates, subsidiaries, parent companies, officers, directors, members, managers, representatives, insurers, reinsurers, attorneys, and predecessors-in-interest, in both their individual and representative capacities, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing from any and all obligations, liabilities, damages, claims, causes of action, losses, damages, costs, sanctions, expenses and attorneys' fees of every kind and nature, in law or in

---

[1] The term **"Non-Settling Defendants"** means Kavulich & Associates, P.C., and Gary Kavulich; A & F Process Service, Inc.; and Hashem Hussein, as well as their respective insurers, partners, employees, shareholders, officers, directors, predecessors, successors, principals, affiliates, subsidiaries, parent companies.

Last saved: 3/9/2026 2:21 PM                                    1

equity, which the Settling Parties ever had, or now has, for, on account of, or by any reason of any action, transaction, occurrence, omissions, relationship, matter, cause or thing, from the beginning of time to the date of the release.

6. This Settlement may be executed in counterparts and each such counterpart, together with the others, shall constitute one and the same instrument. The Settlement Agreement may be executed by digital, electronic or e-sign signature and shall be deemed to be original signatures for all purposes.

7. The Settling Parties agree that the court in which this action is pending shall have continued jurisdiction to enforce the terms of this settlement. This Settlement and all rights and obligations arising hereunder shall be construed in accordance with, and governed by the laws of, the State of New York as if entirely performed therein and without regard to any conflict-of-laws rules or principles.

8. This Settlement shall not be deemed an admission of any wrongdoing by any of the Settling Parties.

9. These are all of the terms of the settlement.

**AGREED:**


_____
**LOUIS GACHELIN**                                    **Date: _____**
**Plaintiff**

**AGREED:**


_____
**DEBORAH ABRAHAMS**                          **Date: _____**
**Plaintiff**


**AGREED:**
**RENAISSANCE EQUITY HOLDINGS LLC D**

**By: _____**        **Date: _____**

**Printed name: _____**

**Title: _____**


**AGREED:**
**RENAISSANCE EQUITY HOLDINGS LLC**

**By: _____**        **Date: _____**

**Printed name:** _____

**Title:** _____

**AGREED:**
**CLIPPER EQUITY, LLC**

**By:** _____          **Date:** _____

**Printed name:** _____

**Title:** _____

**AGREED:**
**CLIPPER REALTY, L.P.**

**By:** _____          **Date:** _____

**Printed name:** _____

**Title:** _____

**AGREED:**
**CLIPPER REALTY, INC.**

**By:** _____          **Date:** _____

**Printed name:** _____

**Title:** _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

LOUIS GACHELIN and DEBORAH ABRAHAMS,

Case No.: 1:25-03127-PKC-LKE

Plaintiffs,

-against-

KAVULICH & ASSOCIATES, P.C., GARY
KAVULICH, RENAISSANCE EQUITY
HOLDINGS LLC D, RENAISSANCE EQUITY
HOLDINGS LLC, CLIPPER REALTY INC.,
CLIPPER EQUITY LLC, CLIPPER REALTY
L.P., A & F PROCESS SERVICE d/b/a ALLIED
PROCESS SERVICE, INC., and
HASHEM HUSSEIN,

Defendants.

-------------------------------------------------------------------X

**AGREED ORDER OF DISMISSAL AS TO LANDLORD DEFENDANTS ONLY**

Plaintiffs, LOUIS GACHELIN and DEBORAH ABRAHAMS, hereby voluntarily

dismiss this action against Defendants RENAISSANCE EQUITY HOLDINGS LLC D,

RENAISSANCE EQUITY HOLDINGS LLC, CLIPPER EQUITY LLC, CLIPPER REALTY L.P.,

and CLIPPER REALTY, INC. with prejudice, and without costs, disbursements, or attorney's

fees to either party as against the other pursuant to Fed.R.Civ.P. Rule 41(a)(1)(A)(ii).

An executed faxed or scanned copy of this Agreed Order shall be deemed as a signed

original.

**SO ORDERED this _____ day of _____, 2026.**

_____
**Hon. Pamela K. Chen**
**District Judge**

AGREED BY:

Plaintiffs LOUIS GACHELIN and DEBORAH ABRAHAMS

By: _____
        Ahmad Keshavarz
        The Law Office of Ahmad Keshavarz


Defendants RENAISSANCE EQUITY HOLDINGS LLC D, RENAISSANCE EQUITY HOLDINGS LLC, CLIPPER EQUITY LLC, CLIPPER REALTY L.P., and CLIPPER REALTY, INC.

By: _____
        Allen Schwartz
        Schwartz Law PLLC