# AHMAD KESHAVARZ
## *Attorney at Law*

---

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

August 12, 2026

**VIA ECF**
The Honorable Lara K. Eshkenazi, Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:**   **Joint status report from all Parties regarding discovery and settlement.**
>
> *Gachelin et al. v. Kavulich & Associates, P.C. et al.,* Case 1:25-cv-03127-PKC-LKE

Dear Judge Eshkenazi:

The undersigned represents Plaintiffs Louis Gachelin and Deborah Abrahams in the above-entitled action. Defendants are the debt collection law firm Kavulich & Associates, P.C. and the firm's principal, Gary Kavulich (collectively "Attorney Defendants"); Hashem Hussein, an individual process server and A & F Process Service, Inc. d/b/a Allied Process Service ("Allied"), a process servicing agency (collectively "Process Server Defendants"); as well Plaintiff's former landlord, property management agency, and related entities (collectively the "Landlord Defendants").

I write on behalf of all remaining Parties to provide a status update.

Plaintiff settled his claims against Allied and on July 13 the Court signed a joint stipulation of dismissal pursuant to a settlement.

The Landlord Defendants join in this letter to the extent it informs the Court that the Landlord Defendants and Plaintiffs have executed and exchanged a settlement agreement that by its terms requires a settlement payment by the Landlord Defendants to Plaintiffs within 21 days of receipt of the executed agreement by the Landlord Defendants and the filing of a stipulation of dismissal soon thereafter by Plaintiffs.

Separately, in a shocking turn of events, the undersigned recently learned there are insurance policies that appear to cover the claims of the Plaintiffs against Allied and specially against even an "independent agent" of Allied. Plaintiff's settlement agreement with Allied expressly carved out any claims against Mr. Hussein, the individual process server. The policies were disclosed in a parallel case with similar fact patterns *Watkins v. Malen & Associates, P.C. et al*, 1:25-cv-04295-EK-LKE. While the creditor and law firm are different than the case at bar, the Complaint alleges nearly identical facts as to Allied and Hussien.   In Watkins, the attorney defendant Malen & Associates turned over insurance policies that would appear to cover the claims against Allied and Hussein for Ms. Watkins. The policies would also appear to cover the claims of Mr. & Mrs. Gachelin in the case at bar. In the case at bar Allied produced in discovery a single insurance policy and a letter from the carrier denying coverage. Allied did not disclose

1

the existence of any other insurance policies.  Plaintiffs would never have settled their claims against Allied at the price point they did had Allied disclosed in discovery the insurance information produced by their attorney co-confident in Watkins.

Plaintiff's settlement discussions as to the remaining defendants, process server Hussein and the Attorney Defendants are now frozen until there is a determination of insurance policy coverage of Mr. & Mrs. Gachelin's claims in the case at bar. Co-counsel in Watkins has recently issues subpoenas the carriers for a full discovery of policy coverage, and the undersigned will soon do so in the case at bar and make a demand for coverage.

Should policies not cover the claims and the carriers disclaim coverage settlement discussions would be in a radically different position then if the carrier steps in to cover the claims against Mr. Hussein.

Plaintiffs will be issuing third party subpoenas to potential insurers to help flesh out the facts. However, Plaintiffs see no reason to incur attorney's fees or expenses until the insurance issue is resolved. If there is in fact no coverage, the remaining parties will likely settle their claims relatively quickly. The undersigned has already had settlement discussions with the Attorney Defendants.

Therefore Plaintiff requests the Court adjourn all upcoming deadlines *sine die* and have the remaining parties to submit a joint status letter in 90 days, which is November 10. Should the carrier deny coverage and there is no serious basis to challenge the denial, the remaining parties will likely settle their claims in short order. If the carrier does cover Plaintiff's claims against Mr. Hussein and defense counsel for Mr. Hussein appears, all counsel will promptly propose a new scheduling order.

The Parties thank the Court for its consideration.

Sincerely,
/s/
Ahmad Keshavarz

cc: All Counsel via ECF

2