# AHMAD KESHAVARZ
*Attorney at Law*

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809


August 18, 2026

**VIA ECF**
The Honorable Lara K. Eshkenazi, Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Motion for extension of time, specifically, adjourn all upcoming deadlines sine die and have the parties to submit a joint status letter in 90 days, or, in the alternative to extend by 30 days the deadline to complete fact discovery.**

*Gachelin et al. v. Kavulich & Associates, P.C. et al.,* Case 1:25-cv-03127-PKC-LKE

Dear Judge Eshkenazi:

The undersigned represents Plaintiffs Louis Gachelin and Deborah Abrahams in the above-entitled action. Defendants are the debt collection law firm Kavulich & Associates, P.C. and the firm's principal, Gary Kavulich (collectively "Attorney Defendants"); Hashem Hussein, an individual process server and A & F Process Service, Inc. d/b/a Allied Process Service ("Allied"), a process servicing agency (collectively "Process Server Defendants"); as well Plaintiffs' former landlord, property management agency, and related entities (collectively the "Landlord Defendants").

Plaintiffs file this Motion for extension of time, specifically, adjourn all upcoming deadlines *sine die* and have the Parties to submit a joint status letter in 90 days, or, in the alternative to extend by 30 days the deadline to complete fact discovery.

The Parties filed a joint status report [Dkt. No. 88] requesting the following relief (with the exception of the Landlord Defendants who did not take a position on the issue):

> Therefore Plaintiff requests the Court adjourn all upcoming deadlines *sine die* and have the parties to submit a joint status letter in 90 days, which is November 10. Should the carrier deny coverage and there is no serious basis to challenge the denial, the remaining parties will likely settle their claims in short order. If the carrier does cover Plaintiff's claims against Mr. Hussein and defense counsel for Mr. Hussein appears, all counsel will promptly propose a new scheduling order.

The Joint Status report is incorporated by reference.

Arthur Sanders who represented Allied – who is no longer a party to this suit -- filed a letter [Dkt. No. 89] objecting to the characterization of the evidence of insurance coverage as to Allied (although the issue was coverage as to Hussein). Given the representations of Mr.

Sanders, the Court denied the request as to the discovery extension contained in the Joint Status Report.

Plaintiffs filed what they styled as a Status Report of Plaintiffs [Dkt. No. 90], incorporated by reference in its' entirety, providing additional information and argument as to the issue of insurance coverage:

> I have subpoenas outstanding in Watkins and will issue them in this case as well. At least one of the carriers has forwarded the claim in Watkins to an adjuster. It may be, at the end of the day, that there is no policy in effect during the time of the occurrence and that is simply a coincidence that Allied purchased a policy shortly after being sued. It may be there was no prior policy in effect to cover the claims as to Hussein covering the claims in the complaint. But I have enough evidence to need to explore the issue further.
>
> Mr. Sanders only knows what his client informs him about insurance coverage. I have known Mr. Sanders for more than 15 years, have litigated more than a dozen cases with him on the other side. He is one of the best and most forthright attorneys I have dealt with. But Mr. Sanders only knows what his client tells him and, since there is a method to independently and definitely determine insurance coverage it would seems reasonable – and indeed important in protecting the rights of Plaintiffs – for the Court to reconsider granting the relief Plaintiff

The Status Letter requested a reconsideration of the order denying the request of the Joint Letter given the clarification, or, in the alternative, a 30-day extension for fact discovery:

> I am leaving for the airport for a family vacation within the hour, and, if the relief requested in the last status report is not reconsidered, then I respectfully request a 30-day discovery cut off extension. I had held back from pressing discovery because it appeared the case was close to settling with all parties. However, upon learning about the insurance issue and the possible scope of the policies the case is in a dramatically different settlement posture until a definitive answer to coverage is determined.

Today I received an email from Chambers indicating the relief requested must be filed by way of filing as a letter for extension of discovery deadline, which this letter serves to do.

I have emailed the Parties regarding the relief requested in this application. However, given that Kavulich and Hussein agreed to the relief requested in Dkt. No. 88 (and Landlord Defendants took no position) and given that the alternative relief requested is less than the relief requested in Dkt. No. 90, there is no reason to think there would be an objection to this application. Allied is no longer a Party and has no standing to take a position either way.

Plaintiffs thank the Court for its consideration.

Sincerely,
/s/
Ahmad Keshavarz

cc: All Counsel via ECF